UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LIVINGSOCIAL MARKETING AND SALES PRACTICES LITIGATION | ) ) ) | Misc. Action No. 1:11-mc-0472 (ESH) MDL No. 2254 |
| This Document Relates To: | ) ) ) | |
| ALL CASES | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
AND STRIKE PORTIONS OF PLAINTIFFS' CONSOLIDATED
CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

<b>Page</b>

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS ......................................................................................3

III.    PROCEDURAL HISTORY.....................................................................................5

IV.     APPLICABLE LEGAL STANDARDS ..................................................................7

    A.      Motion to Dismiss for Failure to State a Claim ........................................7

    B.      Motion to Strike ........................................................................................8

    C.      Motion for More Definite Statement .........................................................9

V.      ARGUMENT ..........................................................................................................9

    A.      Plaintiffs Have Article III Standing to Bring Their Claims......................9

        1.      The CARD Act and the Various State Gift Certificate Laws Confer Standing on Plaintiffs.........................................10

        2.      Plaintiffs Have Suffered Economic Losses and Therefore Have Standing to Bring Their Claims .................................13

        3.      To Demonstrate Standing, Plaintiffs Are Not Required to Plead What They Did with Their Gift Certificates After Purchase ...................13

    B.      Plaintiffs Sufficiently Allege Damages Caused by Defendants ...........................16

    C.      Defendants Improperly Move to Strike the Class Definition ...............................17

    D.      Plaintiffs Have Properly Pled Their Breach of Contract and Unjust Enrichment Claims.........................................................................................19

        1.      Plaintiffs Have Properly Pled Their Breach of Contract Claim................19

        2.      Plaintiffs Have Properly Pled Their Unjust Enrichment Claim................21

    E.      Defendants' Challenge to the Standing of the Named Plaintiffs to Assert Claims Under Various State Gift Certificate Laws Is Improper and Premature ................................................................................................22

    F.      Plaintiffs Have Adequately Stated Claims Under the CARD Act and the CCPA ......................................................................................................25

VI.     CONCLUSION......................................................................................................27

# TABLE OF AUTHORITIES

**Page**

## CASES

*A.N.S.W.E.R. Coalition v. Kempthorne,*
    493 F. Supp. 2d 34 (D.D.C. 2007)............................................................................9

*Alfi v. Nordstrom, Inc.,*
    No. 09-cv-1249-BEN (CAB), 2010 WL 5093434
    (S.D. Cal. Dec. 8, 2010)................................................................................14, 15

*Am. Exp. Travel Related Servs. Co., Inc. v. Sidamon-Eristoff,*
    755 F. Supp. 2d 556 (D.N.J. 2010)....................................................................11, 14

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997).......................................................................................22

*Aref v. Holder,*
    774 F. Supp. 2d 147 (D.D.C. 2011)......................................................................10

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937 (2009).................................................................1, 7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................7

*Blessing v. Sirius XM Radio,*
    756 F. Supp. 2d 445 (S.D.N.Y. 2010)...................................................................22

*Blessing v. Sirius XM Radio,*
    756 F. Supp. 2d 452 (S.D.N.Y. 2010)...................................................................24

*Brown v. Broadcasting Bd. of Governors,*
    662 F. Supp. 2d 41 (D.D.C. 2009).......................................................................8

*Cholakyan v. Mercedes-Benz,*
    No. 10-05944 MMM (JCx), 2011 WL 2682975
    (C.D. Cal. June 30, 2011) ...........................................................................17, 23

*Cobell v. Norton,*
    377 F. Supp. 2d 4 (D.D.C. 2005).........................................................................8

*Dandino v. Tieri,*
    878 F. Supp. 129 (N.D. Ill. 1994).......................................................................14

*Elk Grove Unified School Dist. v. Newdow,*
    542 U.S. 1 (2004)...........................................................................................9

**Page**

*Epos Tech. v. Pegasus Techs.*,
   636 F. Supp. 2d 57 (D.D.C. 2009) ..................................................................9, 20, 22

*Fraternal Order of Police Library of Congress Labor Comm. v. Library of Congress*,
   692 F. Supp. 2d 9 (D.D.C. 2010) ................................................................................9

*FTC v. Cantkier*,
   767 F. Supp. 2d 147 (D.D.C. 2011) ......................................................................8, 19

*In re Actimmune Mktg. Litig.*,
   614 F. Supp. 2d 1037 (N.D. Cal. 2009) ....................................................................23

*In re Buspirone Patent & Antitrust Litig.*,
   185 F. Supp. 2d 363 (S.D.N.Y. 2002)........................................................................23

*In re Cardizem CD Antitrust Litig.*,
   332 F.3d 896 (6th Cir. 2002) ....................................................................................16

*In re Grand Theft Auto Video Game Consumer Litig.*,
   No. 06 MD 1739 (SWK) (MHD), 2006 WL 3039993
   (S.D.N.Y. Oct. 25, 2006) ..........................................................................................23

*In Re Hypodermic Prods. Antitrust Litig.*
   Master No. 05-1602 (JLL/CCC), 2007 WL 1959225
   (D.N.J. June 29, 2007) ..............................................................................................23

*In re Initial Pub. Offering Sec. Litig.*,
   241 F. Supp. 2d 281 (S.D.N.Y. 2003)........................................................................16

*In re Monumental Life Ins. Co.*,
   365 F.3d 408 (5th Cir. 2004) ....................................................................................24

*In re Regions Bank ATM Fee Notice Litig.*,
   No. 2:11-MD-2202-KS-MTP, 2011 WL 4036691
   (S.D. Miss. Sept. 12, 2011)........................................................................................11

*In re United Mine Workers of Am. Emp. Benefit Plans Litig.*,
   854 F. Supp. 914 (D.D.C. 1994) ................................................................................8

*Jia Di Feng v. Lim*,
   786 F. Supp. 2d 96 (D.D.C. 2011) ............................................................................19

*Kazemi v. Payless Inc.*,
   No. C 09-5142 MHP, 2010 WL 963225
   (N.D. Cal. Mar. 16, 2010)..........................................................................................18

**Page**

*Kissling v. Ohio Ca. Ins. Co.*,
    No. 5:10-22-JMH, 2010 WL 1978862
    (E.D. Ky. May 14, 2010) .................................................................................................24

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)........................................................................................................9

*McIntosh v. Gilley*,
    753 F. Supp. 2d 46 (D.D.C. 2010) ...............................................................................21

*McWilliams Ballard, Inc. v. Level 2 Dev.*,
    697 F. Supp. 2d 101 (D.D.C. 2010)..............................................................................21

*Middlebrooks v. St. Colettam*,
    No. 09-1281 (ESH), 2009 WL 3163061
    (D.D.C. Sept. 30, 2009) ............................................................................................8, 17

*Mountain States Legal Found. v. Glickman*,
    92 F.3d 1228 (D.C. Cir. 1996).....................................................................................10

*Myers v. MedQuist, Inc.*,
    No. 05-4608 (JBS), 2006 WL 3751210
    (D.N.J. Dec. 20, 2006) ............................................................................................17, 23

*Ortiz v. Fireboard Corp.*,
    527 U.S. 815 (1999)......................................................................................................22

*Pearson v. Chung*,
    961 A.2d 1067 (D.C. 2008) ..........................................................................................26

*Performance Contracting, Inc. v. Rapid Response Constr., Inc.*,
    267 F.R.D. 422 (D.D.C. 2010)...............................................................................7, 8, 13

*PJM Interconnection LLC v. Gorton*,
    No. 08-216-JJF, 2009 WL 840548
    (D. Del. Mar. 30, 2009)..................................................................................................14

*Powers-Bunce v. D.C.*,
    479 F. Supp. 2d 146 (D.D.C. 2007) ................................................................................6

*Reed v. Salazar*,
    744 F. Supp. 2d 98 (D.D.C. 2010), *cert. dismissed*, No. 10-5392,
    U.S. App. LEXIS 3178 (D.C. Cir. Jan. 27, 2011)..........................................10, 12, 25

669234_1

**Page**

*Russell-Murray Hospice, Inc. v. Sebelius,*
    724 F. Supp. 2d 43 (D.D.C. 2010) ...................................................................10

*Salsitz v. Peltz,*
    210 F.R.D. 95 (S.D.N.Y. 2002) ......................................................................23

*Sanders v. Apple Inc.,*
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ..............................................................8

*Schuler v. United States,*
    617 F.2d 605 (D.C. Cir. 1979) .........................................................................8

*Shaw v. Marriott Int'l, Inc.,*
    605 F.3d 1039 (D.C. Cir. 2010) ................................................................10, 13

*Sheet Metal Workers Nat. Health Fund v. Amgen Inc.,*
    No. 07-5295 (SRC), 2008 WL 3833577
    (D.N.J. Aug. 13, 2008) ...................................................................................23

*Shelton v. Restaurant.com Inc.,*
    No. 10-cv-0824 (JAP), 2010 WL 2384923
    (D.N.J. June 15, 2010) ..............................................................................15, 16

*Smith v. Gutter Covers of Md. & Va.,*
    No. 04-01974 HHK, 2005 WL 3276280
    (D.D.C. Aug. 4, 2005) ....................................................................................26

*Stearns v. Select Comfort Retail Corp.,*
    No. 08-2746 JF, 2008 WL 4542967
    (N.D. Cal. Oct. 1, 2008) .................................................................................24

*Towers Tenant Assn. v. Towers Ltd,*
    636 F. Supp. 2d 57 (D.D.C. 2009) ....................................................................9

*United States v. Honeywell Int'l, Inc.,*
    No. 08-961 (RWR), 2011 WL 2672624
    (D.D.C. July 8, 2011) .....................................................................................19

*Warth v. Seldin,*
    422 U.S. 490 (1975) .......................................................................................10

*Wein v. Kaiser Stuhl Wine Distribs. Party Ltd.,*
    647 F.2d 200 (D.C. Cir. 1981) .......................................................................17

669234_1

Page

*WiAV Solutions v. Motorola, Inc.*, .......................................................................................9, 12
    631 F.3d 1257 (C.A. Fed. 2010)

*Wright v. Herman*,
    230 F.R.D. 1 (D.D.C. 2005)...........................................................................................7

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §1693*l*-1 .........................................................................................................................11
    §1693*l*-1(a)(2)(D)(iii) ...................................................................................................15
    §1693*l*-1(c)(2)(A) ....................................................................................................11, 16
    §1693m(a) .......................................................................................................................11
    §1693m(a)(1) ..................................................................................................................16

Federal Rules of Civil Procedure
    Rule 8 ....................................................................................................7, 13, 14, 20, 21
    Rule 8(d)(3).......................................................................................................................7
    Rule 12(b)(6) ..................................................................................................................6, 8
    Rule 12(e)..........................................................................................................................9
    Rule 12(f)..........................................................................................................................8
    Rule 23 ......................................................................................................................22, 25

California Civil Code
    §1749.5(d)(1) ...................................................................................................................15

## SECONDARY AUTHORITIES

7AA Charles Alan Wright, et al.,
    *Federal Practice and Procedure* (3d 2005)
    §1785.3............................................................................................................................18, 23

669234_1

Plaintiffs Melissa Forshey ("Forshey"), Sarah Gosling ("Gosling"), Mandy Miller ("Miller"), Kimberly Pullman ("Pullman"), Dawn Abbott ("Abbott"), Barrie Arliss ("Arliss"), Cara Lauer ("Lauer") and Amy Schultz ("Schultz") (collectively "plaintiffs") hereby submit their opposition to defendants Hungry Machine, Inc., d/b/a LivingSocial.com ("LivingSocial") and Jack's Canoes and Kayaks, LLC's, d/b/a Jack's Boathouse ("Jack's Boathouse") (collectively "defendants") motion to dismiss and strike portions of the Consolidated Amended Class Action Complaint (the "Complaint").

## I.      INTRODUCTION

The Complaint alleges, with specific factual detail, defendants' ongoing scheme to market, sell and issue LivingSocial gift certificates with restrictive expiration terms that are illegal under both federal and state law.  The well-pleaded allegations in the Complaint, which must be accepted as true, plausibly demonstrate defendants' unlawful conduct and plaintiffs' entitlement to relief from such conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted).

Defendants fail to undermine the detailed factual allegations of the Complaint.  Instead, under the guise of their motion to dismiss, motion to strike and motion for a more definite statement, defendants improperly attempt to argue the underlying merits of the lawsuit and prematurely raise class certification issues that cannot be resolved at the initial pleading stage.  As discussed below, all of defendants' arguments are meritless and have been rejected by the courts.

First, defendants' claim that plaintiffs have failed to allege Article III standing is a gross distortion of both the facts and the law.  The Complaint clearly alleges standing because: (i) plaintiffs have alleged statutory claims under both the federal Credit Card Accountability Responsibility and Disclosure Act of 2009 ("CARD Act") and various state gift certificate statutes, granting them the right to pursue judicial relief against defendants; and (ii) plaintiffs have alleged

- 1 -

demonstrable economic losses as a result of defendants' imposition of deceptive and illegal expiration terms. *See* §V.A., *infra*.

Second, defendants incorrectly argue that plaintiffs have failed to allege damages caused by defendants' misconduct. Due to defendants' systematic placement of illegal expiration dates and other misleading terms and conditions on LivingSocial gift certificates, most of the plaintiffs were unable to realize the full value of their gift certificates, *i.e.*, the products and services they already purchased. Certainly, these plaintiffs are entitled to recover their out-of-pocket losses. In addition, the Complaint alleges that all plaintiffs may recover statutory penalties for defendants' violations of the CARD Act – without a showing of actual damages. *See* §V.B., *infra*.

Third, defendants' attempt to strike the class definitions because they encompass both redeemed and unredeemed gift certificates is premature and improper. As a preliminary matter, challenges to the class allegations should not be resolved at this initial stage, but rather at the class certification stage after the parties have had the opportunity to conduct discovery. In any event, defendants' assertion that the class definitions are "overbroad" is patently incorrect, because under the consumer-friendly CARD Act, plaintiffs may seek relief against defendants for their use of illegal expiration terms – regardless of any attempt to redeem the gift certificates. *See* §V.C., *infra*.

Fourth, defendants mischaracterize plaintiffs' breach of contract and unjust enrichment claims. The Complaint provides the requisite factual detail to support these claims, and there is no need for a more definite statement. *See* §V.D., *infra*.

Fifth, defendants mistakenly argue that the named plaintiffs lack "standing" to assert class claims under various gift certificate statutes for states where they do not reside. Courts routinely deny pre-class certification challenges to the standing of named plaintiffs asserting statutory claims outside of their state residences. It is well established that when a named plaintiff possesses individual standing to bring suit, the court should defer consideration of state law-based class claims

669234_1

until after the resolution of class certification. Accordingly, the only standing inquiry that should be addressed at this initial stage is whether the named plaintiffs have Article III standing to sue defendants (which they clearly do) – not whether they have standing to bring statutory claims on behalf of absent class members. *See* §V.E., *infra*.

Sixth, and finally, plaintiffs have properly alleged violations of the CARD Act and the District of Columbia Consumer Protection Act ("CCPA"), contrary to defendants' assertion. Plaintiffs' CARD Act claim is undoubtedly valid, as plaintiffs have alleged defendants' sale and issuance of gift certificates with deceptive and illegal expiration terms after the effective date of the Act. Plaintiffs' CCPA claim is also valid, regardless of the validity of their CARD Act claim. The Complaint alleges that, in addition to their imposition of illegal expiration terms, defendants engaged in other deceptive and misleading business practices relating to their sale of LivingSocial gift certificates, which violate the CCPA. *See* §V.F., *infra*.

As discussed below, the Complaint contains ample and detailed facts which state claims that are plausible on their face. Therefore, defendants' motion should be denied in its entirety.

## II.   STATEMENT OF FACTS

The gravamen of this case is that LivingSocial and retail partners like Jack's Boathouse marketed and sold gift certificates with illegal expiration periods to millions of consumers nationwide. Complaint, ¶1.

Since at least 2009, LivingSocial has partnered with thousands of retail businesses nationwide, purportedly offering consumers "Daily Deal" discounts on a variety of products and services. *Id.*, ¶2. Each day, LivingSocial sends out "Daily Deal" emails to its massive subscription base (comprised of tens of millions of consumers nationwide), highlighting and promoting the products and services of its retail partners. *Id.*, ¶26. Consumers may purchase gift certificates for

these products and services directly from LivingSocial, which then can be redeemed directly with the retail business for a limited period of time. *Id.*, ¶¶29-30.

The problem with LivingSocial's business model is that LivingSocial places onerous restrictions on when its gift certificates can be redeemed, as the gift certificates are subject to short expiration periods – typically ranging from several weeks to a year. *Id.*, ¶6. LivingSocial's very limited expiration terms are specifically prohibited under the federal CARD Act, as well as a host of state gift certificate laws. *Id.*, ¶¶5, 126-165.

Plaintiffs in this case were victims of LivingSocial's deceptive and illegal business conduct. Each plaintiff received "Daily Deal" emails from LivingSocial and subsequently purchased gift certificates that LivingSocial claimed could be redeemed for the advertised product or service. *Id.*, ¶¶40-116. The gift certificates sold to plaintiffs, like all other gift certificates sold by LivingSocial, contained restrictive expiration dates, prohibited under both federal and state laws, as well other onerous and deceptive terms buried in fine-print. *Id.*, ¶5. All of the plaintiffs, except Arliss, were unable to use and redeem their LivingSocial gift certificates before the illegally-imposed expiration date and therefore suffered out-of-pocket losses as a result of defendants' unlawful conduct.[1] *Id.*, ¶¶8, 133, 191.

As a result of these wrongful acts, plaintiffs, on behalf of themselves and others similarly situated, bring this putative class action against defendants for violations of the Electronic Funds Transfer Act ("EFTA") and the CARD Act, various state gift certificate laws, and CCPA as well as assert common law claims for breach of contract, quasi-contract, restitution, unjust enrichment, and declaratory and injunctive relief. *Id.*, ¶¶9, 126-197.

---

[1]     Plaintiff Arliss was able to use and redeem his LivingSocial gift certificate before the posted expiration date. *Id.*, ¶104. However, as discussed below, Arliss is still entitled to recover statutory damages under the CARD Act, as the gift certificate he purchased contained illegal and deceptive expiration terms, which constitutes a *per se* violation of the Act. *See* §V.A.1., *infra*.

III.    PROCEDURAL HISTORY

Initially, six separate class action lawsuits were filed against LivingSocial in various federal jurisdictions around the country.  Plaintiffs in these actions were Dawn Abbott, Barrie Arliss and Cara Lauer (W.D. Wash., filed Feb. 14, 2011); Mandy Miller (S.D. Fla., filed Mar. 11, 2011); Melissa Forshey (D.D.C., filed Apr. 19, 2011); Kimberly Pullman (S.D. Cal., filed Apr. 21, 2011); Sarah Gosling (N.D. Cal., filed Apr. 28, 2011); and Amy Schultz (D. Minn., filed Apr. 29, 2011).  *See* Joint Proposed Scheduling Order and Case Management Plan (Dkt. No. 5) at 1-2.  These complaints asserted claims under the federal CARD Act, various state gift certificate statutes, and other consumer protection claims.  The actions were consolidated and transferred to the District of Columbia on August 22 and September 7, 2011.  *See* Transfer Order and Conditional Transfer Order (Dkt. Nos. 1 and 3).

Before the filing of the Complaint, the parties appeared at the initial status conference before this Court on October 20, 2011.  In their motion, defendants argue that counsel for plaintiffs agreed at the status conference to strictly confine their case going forward to only those purchasers with unredeemed and expired LivingSocial gift certificates.  Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss and Strike Portions of Plaintiffs' Consolidated Class Action Complaint ("Defs' Motion") (Dkt. No. 12) at 4.  That is simply not true.  Counsel for plaintiffs in fact informed the Court that they intended to assert claims on behalf of all the consumers who purchased a LivingSocial daily deal.  Transcript at 6.[2]  Counsel for plaintiffs further explained that, while the "thrust" of the case was based on "unredeemed expired gift certificates," they would also be asserting other claims in the consolidated complaint, including claims based on "abusive

---

[2]    October 20, 2011 Transcript of the Initial Scheduling and Case Management Conference ("Transcript"), portions of which were filed under seal per the Court's Order dated November 23, 2011 (Dkt. No. 14).

factors" that had been alleged in the previously-filed complaints. *Id.* at 35-36. Plaintiffs' counsel certainly did not agree to restrict the class action to only those purchasers who were unable to redeem their gift certificates before expiration, and the Court acknowledged that plaintiffs were not so bound. *Id.* at 38 ("I think we're debating – until he [counsel for plaintiff] gets the complaint, I'm not binding him. He won't bind himself, and you [defendants' counsel] can't make him."). Nor did plaintiffs' counsel agree to limit discovery to only issues concerning unredeemed, expired LivingSocial gift certificates. *Id.* at 37.

The Complaint is consistent with counsel's representations to the Court. The Complaint asserts claims on behalf of all consumers who purchased LivingSocial gift certificates with unlawful expiration terms. *Id.* at 6; Complaint, ¶21. The putative class members therefore include: (i) purchasers who were unable to redeem their LivingSocial gift certificates before expiration; (ii) purchasers who have redeemed their gift certificates; (iii) purchasers who have yet to redeem their gift certificates before expiration. Complaint, ¶21. As alleged in the Complaint and discussed below, class members who were unable to redeem their gift certificates before expiration suffered economic losses and are therefore entitled to recover actual damages under the CARD Act and various state gift certificate laws. *See* §V.A.1., *infra*. Moreover, because the imposition of prohibited expiration terms on gift certificates is a *per se* violation under the CARD Act and other gift certificate statutes, Class members who have redeemed, or conceivably will redeem their gift certificates, also may recover statutory damages. *Id.* Accordingly, plaintiffs' assertion of classes encompassing all purchasers of LivingSocial gift certificates is appropriate and supported by the law.[3]

---

[3]    Even if the Court finds some inconsistencies or discrepancies with the allegations in the Complaint, such a finding provides no basis for dismissal. It is well established that inconsistent allegations do not mandate dismissal of the complaint under Rule 12(b)(6). *Powers-Bunce v. D.C.*,

## IV.     APPLICABLE LEGAL STANDARDS

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction and the failure to state a claim, move to strike certain class allegations, and move for a more definite statement.  Defendants have failed to satisfy their burden as to each of these arguments.

### A.     Motion to Dismiss for Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure only requires that the complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" in order to "'give the defendant fair notice of what the claim is . . . and the grounds upon which it rests.'" *Performance Contracting, Inc. v. Rapid Response Constr., Inc.*, 267 F.R.D. 422, 424 (D.D.C. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[4]  The complaint need not contain "'detailed factual allegations'" to withstand a motion to dismiss; rather the complaint need only allege sufficient facts that, if accepted as true, "'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft*, 556 U.S. 662, 129 S. Ct. at 1949).  A well-pleaded complaint must therefore be allowed to proceed even if the court considers ultimate proof of the underlying allegations to be improbable and the chance of recovery to be "very remote and unlikely."  *Twombly*, 550 U.S. at 556.

---

479 F. Supp. 2d 146, 163-64 (D.D.C. 2007).  Indeed, plaintiffs are free to plead inconsistent facts in support of alternate theories of recovery.  *See* Fed. R. Civ. P. 8(d)(3) (allowing a party to plead inconsistent facts in support of alternative theories of recovery); *Wright v. Herman*, 230 F.R.D. 1, 9-10 (D.D.C. 2005) ("Ultimately, at this stage of the case, the plaintiff should be allowed to assert alternative theories of recovery under the liberal pleading policy embraced by the Federal Rules of Civil Procedure, and her complaint should not be dismissed because such theories are inconsistent with one another.").

[4]     Citations have been omitted, emphasis added, unless noted otherwise.

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *Performance Contracting*, 267 F.R.D. at 424 (citing *In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994)); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged.").

### B. Motion to Strike

A motion to strike can be brought only to strike a redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As this Court has itself recognized, motions to strike under Rule 12(f) are generally "disfavored." *Middlebrooks v. St. Colettam*, No. 09-1281 (ESH), 2009 WL 3163061, at *1 (D.D.C. Sept. 30, 2009); *see also Brown v. Broadcasting Bd. of Governors*, 662 F. Supp. 2d 41, 47 (D.D.C. 2009) ("striking pleadings is an extreme and disfavored remedy"). Courts view motions to strike with such disfavor that they are typically granted only when the portions sought to be stricken are prejudicial or scandalous. *FTC v. Cantkier*, 767 F. Supp. 2d 147, 160 (D.D.C. 2011). Indeed, for such a motion to succeed, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Courts in this district have characterized motions to strike as "'time wasters.'" *See Cobell v. Norton*, 377 F. Supp. 2d 4, 8 (D.D.C. 2005). As in the determination of a Rule 12(b)(6) motion, "'the court must draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike.'" *Middlebrooks*, 2009 WL 3163061, at *1.

### C.    Motion for a More Definite Statement

Finally, motions for a more definite statement pursuant to Fed. R. Civ. 12(e), like motions to strike, are "'typically disfavored by the courts.'" *Epos Tech. v. Pegasus Techs.*, 636 F. Supp. 2d 57, 63 (D.D.C. 2009).   Such motions should only be granted "'where a plaintiff's complaint is "unintelligib[le]," not where a complaint suffers for "lack of detail."'" *Id.* (alteration in original). Motions for a more definite statement should be denied "if the information sought by the motion is obtainable through discovery." *Id.* (citing *Towers Tenant Assn. v. Towers Ltd*, 636 F. Supp. 2d 57, 63 (D.D.C. 2009) (denying motion for a more definite statement because details such as "'dates, times, names and places'" are "'the central object of discovery, and need not be pleaded'")).

## V.    ARGUMENT

### A.    Plaintiffs Have Article III Standing to Bring Their Claims

Ignoring the well-pleaded allegations of the Complaint, defendants claim that plaintiffs have failed to allege "injury-in-fact" to satisfy Article III's standing requirement.   Defendants are wholly mistaken; the Complaint clearly alleges Article III standing by virtue of the statutory claims asserted by plaintiffs and the economic injury they suffered as a result of defendants' misconduct.

To establish standing, a plaintiff must "'show that the conduct of which [it] complains has caused it to suffer an injury in fact that a favorable judgment will redress.'" *WiAV Solutions v. Motorola*, Inc., 631 F.3d 1257, 1264 (C.A. Fed. 2010) (quoting *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004)) (alteration in original); *see also A.N.S.W.E.R. Coalition v. Kempthorne*, 493 F. Supp. 2d 34, 42 (D.D.C. 2007).   At the pleading stage, general factual allegations of injury resulting from the defendant's conduct will suffice, because the court must "'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Fraternal Order of Police Library of Congress Labor Comm. v. Library of Congress*, 692 F. Supp. 2d 9, 14 (D.D.C. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

- 9 -

Like any other challenge raised during the motion to dismiss stage, the court must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party in considering an Article III challenge.  *Aref v. Holder*, 774 F. Supp. 2d 147, 158 (D.D.C. 2011).

Importantly, it is not necessary to allege that every single plaintiff has standing to assert every claim.  If, for each claim, "'standing can be shown for at least one plaintiff, [the court] need not consider the standing of the other plaintiffs to raise that claim.'"  *Reed v. Salazar*, 744 F. Supp. 2d 98, 111 (D.D.C. 2010), *cert. dismissed*, No. 10-5392, U.S. App. LEXIS 3178 (D.C. Cir. Jan. 27, 2011) (quoting *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1232 (D.C. Cir. 1996)).

Standing is readily satisfied here because: (i) plaintiffs allege statutory claims under the federal CARD Act and various state gift certificate statutes, conferring the right to pursue judicial relief against defendants; and (ii) plaintiffs plead legally cognizable injuries as a result of defendants' misconduct.

### 1.    The CARD Act and the Various State Gift Certificate Laws Confer Standing on Plaintiffs

It is well established that less tangible forms of injury, such as the deprivation of an individual right conferred by statute, may be sufficiently particularized and concrete to demonstrate injury-in-fact.  *Russell-Murray Hospice, Inc. v. Sebelius*, 724 F. Supp. 2d 43, 53 (D.D.C. 2010); *see also Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1042 (D.C. Cir. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975)) ("'[t]he actual or threatened injury required by Article III may exist solely by virtue of "statutes creating legal rights, the invasion of which creates standing"'").  Standing in cases alleging a statutory violation depends on "whether the . . . statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."  *Warth*, 422 U.S. at 500.

Plaintiffs allege violations of the federal CARD Act and therefore have the requisite standing to bring this action.  *See, e.g.*, Complaint, ¶¶126-134.  Under the CARD Act, consumers have the

- 10 -

right to purchase gift certificates without any expiration date, unless such expiration date is at least five years from the date of issuance and conspicuously stated. *Id.*, ¶127; 15 U.S.C. §1693*l*-1(c)(2)(A). The CARD Act was enacted in response to concerns that issuers of gift certificates were taking advantage of consumers by imposing restrictive expiration terms on gift certificates. *Am. Exp. Travel Related Servs. Co., Inc. v. Sidamon-Eristoff*, 755 F. Supp. 2d 556, 588 (D.N.J. 2010) (citing S.414, CARD Act, S. Rep. 111-16 (May 4, 2009)). Congress explicitly recognized that the imposition of expiration dates of less than five years from the date of issuance is an "unfair or deceptive" practice for which consumers may seek redress. *Id.*

As a clear indication that Congress intended to create a private right of action for consumers to pursue gift certificate claims, the EFTA, as amended by the CARD Act, provides consumers the right to seek a "civil penalties" against defendants who sell gift certificates with prohibited expiration periods. *See In re Regions Bank ATM Fee Notice Litig.*, No. 2:11-MD-2202-KS-MTP, 2011 WL 4036691, at *4 (S.D. Miss. Sept. 12, 2011). In fact, under the EFTA, consumers may seek both actual and statutory damages for violations of the gift certificate provisions. 15 U.S.C. §1693m(a); *see also Regions Bank*, 2011 WL 4036691, at *3 (court finds standing where plaintiffs alleged statutory violations under the EFTA). Notably, nothing in the CARD Act or the EFTA requires a consumer seeking relief to demonstrate whether there was an attempt to redeem the gift certificate before the expiration period. *See generally* 15 U.S.C. §1693*l*-1. The mere fact that the seller imposed prohibited expiration terms on the gift certificate is in itself a violation of the statute. 15 U.S.C. §1693m(a) ("any person who fails to comply with any provision of this subchapter with respect to any consumer . . . is liable to such consumer"); *see also Am. Exp. Travel*, 755 F. Supp. 2d at 25 (citing legislative history of the CARD Act).

Plaintiffs' CARD Act claim readily satisfies Article III's standing requirement. Plaintiffs allege that defendants violated the CARD Act by marketing, selling and issuing "LivingSocial" gift

certificates with expiration periods far shorter than the minimum five years mandated by the Act. Complaint, ¶6.  Plaintiffs claim that they each purchased LivingSocial gift certificates with illegal expiration terms and seek monetary relief as allowed under the CARD Act as redress.  *Id.*, ¶¶8, 134. These allegations plausibly assert Article III standing under the CARD Act.[5]

In addition to their CARD Act claim, plaintiffs allege defendants' violation of numerous state gift certificate laws that similarly prohibit the sale and issuance of gift certificates with limited expiration periods.  *Id.*, ¶¶135-165.  A number of these statutes flat-out prohibit placing any expiration dates on gift certificates, while other statutes provide a minimum expiration period from one year to seven years from the date of issuance.  *Id.*  For example, California's, Florida's, Minnesota's and Washington State's respective gift certificate statutes all prohibit the imposition of any expiration dates on gift certificates.  *Id.*, ¶¶139, 141, 151, 164.  Plaintiffs Gosling (CA), Pullman (CA), Miller (FLA), Abbott (WA), Arliss (WA), Lauer (WA), and Schultz (MN) were residents of these states and purchased their LivingSocial gift certificates there, so they certainly have standing to bring these claims.

Plaintiffs have amply alleged a "legally protected interest in dispute," in this case, the right to purchase gift certificates without expiration periods prohibited under the CARD Act and various gift certificate statutes and, therefore, have standing to proceed with this lawsuit.  *See, e.g.*, *WiAV Solutions*, 631 F.3d at 1264.

---

[5]      Defendants' assertion that certain plaintiffs may have purchased LivingSocial gift certificates before the effective date of the CARD Act has no bearing on the standing analysis.  As noted, Article III standing needs to be alleged for only a ***single*** plaintiff for the action to proceed.  *Reed*, 744 F. Supp. 2d at 111.  Plaintiffs Miller, Pullman, Arliss and Schultz purchased their LivingSocial gift certificates after the effective date of the CARD Act, and therefore have standing.  Complaint, ¶¶81-83, 87-89, 99-101, 111-113.  In any event, those plaintiffs who may have purchased gift certificates before the effective date of the CARD Act still have standing to assert their claims under various state gift certificate laws, the CCPA, and the breach of contract and unjust enrichment claims.

2.      **Plaintiffs Have Suffered Economic Losses and Therefore Have Standing to Bring Their Claims**

In addition to standing conferred by statute, plaintiffs have standing because they allege economic losses suffered as a result of defendants' misconduct.  *See Shaw*, 605 F.3d at 1042 (economic loss constitutes distinct and palpable injury for purpose of standing).  Lured by LivingSocial's promise of discounted "Daily Deals," plaintiffs purchased gift certificates that LivingSocial claimed could be redeemed for the advertised goods and services.  Complaint, ¶¶4, 8.  All of these gift certificates contained limited expiration dates, prohibited under both federal and state laws, as well as other deceptive and misleading terms buried in fine-print.  *Id.*, ¶¶8, 34-35.  All plaintiffs, except Arliss, were unable to use and redeem their LivingSocial gift certificates before the illegally-imposed expiration periods and, therefore, suffered out-of-pocket losses.  *Shaw*, 605 F.3d at 1042.  Standing by virtue of economic injury is plausibly alleged.

3.      **To Demonstrate Standing, Plaintiffs Are Not Required to Plead What They Did with Their Gift Certificates After Purchase**

Defendants argue that the standing allegations are insufficient because plaintiffs do not explain why they were unable to redeem their LivingSocial gift certificates before expiration.  Defs' Motion at 11.  However, contrary to defendants' assertion, there is no requirement that plaintiffs exhaustively allege the details of their "own conduct with respect to the vouchers they purchased." *Id.*

Indeed, under the general pleading standards of Rule 8, plaintiffs need not allege their conduct ***post-purchase*** – particularly their efforts to redeem their gift certificates.  *Performance Contracting*, 267 F.R.D. at 424.  Neither the CARD Act, nor any of the gift certificate statutes identified in the Complaint require consumers to explain why they did or did not try to use their gift certificates before expiration.  Such a requirement would be entirely inconsistent with the statutory consumer protection afforded under the CARD Act, which provides that the imposition of expiration

- 13 -

periods of less than five years from the date of issuance on gift certificates constitutes a *per se* unfair and deceptive business practice subject to civil penalties.  *See Am. Exp. Travel*, 755 F. Supp. 2d at 588 (citing CARD Act legislative history).  Plaintiffs have clearly satisfied Rule 8 by alleging that: (i) they received "Daily Deal" offers from LivingSocial; (ii) they subsequently purchased gift certificates from LivingSocial, which carried limited expiration dates prohibited under both federal and state laws; and (iii) they were unable to redeem the gift certificates before expiration.  Complaint, ¶¶40-116.  That is plainly sufficient to confer standing.

At most, what the plaintiffs did or did not do with their gift certificates after purchase involves a merits-based inquiry that goes to the mitigation of damages, which is irrelevant at this preliminary stage.  The extent to which a plaintiff might be able to mitigate damages is a "factual question inappropriate for disposition in a Motion to Dismiss."  *PJM Interconnection LLC v. Gorton*, No. 08-216-JJF, 2009 WL 840548, at *2 (D. Del. Mar. 30, 2009); *Dandino v. Tieri*, 878 F. Supp. 129, 131 (N.D. Ill. 1994) ("failure to mitigate does not by itself render his otherwise properly pled claim inadequate").

The two cases cited by defendants offer no support for their claim that plaintiffs must allege in detail their efforts to redeem their gift certificates.  As a threshold issue, neither case involved claims brought under the CARD Act.  More importantly, both cases are factually distinguishable and have no application in this instance.

In *Alfi v. Nordstrom, Inc.*, No. 09-cv-1249-BEN (CAB), 2010 WL 5093434 (S.D. Cal. Dec. 8, 2010), the court dismissed the plaintiff's action for declaratory relief under California's gift certificate statute because he did not actually pay for the Nordstrom "Notes" he received from Nordstrom.  However, the Notes at issue in *Alfi* were not truly gift certificates, but rather free "gifts" provided by Nordstrom as part of its loyalty rewards program.  *Id.* at *1.  The CARD Act and state gift certificate laws such as California's statute specifically exclude such promotional gifts or awards

- 14 -

from the definition of gift certificates.   15 U.S.C. §1693*l*-1(a)(2)(D)(iii); Cal. Civ. Code §1749.5(d)(1).  Because the plaintiff in *Alfi* failed to "describe the face value of any Notes he holds," the court easily found that the plaintiff had failed to allege injury-in-fact.  2010 WL 5093434, at *5.

In stark contrast to *Alfi*, plaintiffs here allege the purchase of gift certificates from LivingSocial that they actually paid money for and that had a discrete cash value.  *See generally* Complaint, ¶¶46-116.  The gift certificates purchased by plaintiffs were clearly not the type of gifts provided as part of a loyalty or rewards program as in *Alfi*.  2010 WL 5093434, at *1.  *Alfi* therefore has no bearing on this case.

Similarly, *Shelton v. Restaurant.com Inc.*, No. 10-cv-0824 (JAP), 2010 WL 2384923 (D.N.J. June 15, 2010), lends no support to defendants' argument.  In *Shelton* – a case that precedes the enactment of the CARD Act – the plaintiffs brought a class action against Restaurant.com, claiming that the defendant's gift certificates violated New Jersey's Gift Certificate Act and Consumer Fraud Act.  *Id.* at *5.  The plaintiffs in *Shelton* vaguely alleged that the gift certificates purchased from Restaurant.com were "less valuable" because they had one-year expiration dates, instead of the two-year expiration dates allowed under New Jersey law.  *Id.* at *3.  The district court concluded that, under a requirement specific to the New Jersey Gift Certificate Act, the plaintiffs had failed to sufficiently allege an "ascertainable loss," noting that plaintiffs had not even alleged that their gift certificates had expired.  *Id.* at *4.

Notably, *Shelton* did not address Article III standing, but rather the "ascertainable loss" requirement under New Jersey law.  For purposes of standing in this case, plaintiffs here need not allege an ascertainable loss.  Rather, plaintiffs have demonstrated standing by virtue of asserting statutory claims under the CARD Act allowing them to seek judicial recovery and alleging injury-in-fact as a result of their purchases of LivingSocial gift certificates.  *See* §V.A., *supra*.  Moreover, unlike in *Shelton*, plaintiffs have clearly alleged that their gift certificates have expired and that they

- 15 -

suffered economic losses (*i.e.*, the money paid to defendants) because they were unable to use the gift certificates before expiration. *Compare* Complaint, ¶¶8, 133, 165, 191, *with Shelton*, 2010 WL 2384923, at *4 ("the pleadings are devoid of any facts which quantify or measure what loss was suffered"). *Shelton* is therefore inapposite.

### B.    Plaintiffs Sufficiently Allege Damages Caused by Defendants

In addition to challenging plaintiffs' Article III standing, defendants argue that plaintiffs have failed to allege damages suffered as a result of defendants' conduct. Once again, defendants mischaracterize the allegations in the Complaint and are wrong on the law. *See In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 351 (S.D.N.Y. 2003) (inability to prove damages is not an appropriate question to resolve at the motion to dismiss stage); *see also In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 915 (6th Cir. 2002) (refusing to evaluate at the motion to dismiss stage whether plaintiffs' injury flowed from certain conduct).

As a preliminary matter, plaintiffs need not demonstrate that they suffered any out-of-pocket damages to sustain their CARD Act claims. As noted, the CARD Act prohibits the placement of expiration periods on gift certificates of less than five years from the date of issuance. 15 U.S.C. §1693*l*-1(c)(2)(A); *see* §V.A.1., *supra*. Consumers may therefore seek statutory damages for violations of the CARD Act – without a showing of actual damages. *See* 15 U.S.C. §1693m(a)(1). Here, plaintiffs have alleged that defendants marketed and sold LivingSocial gift certificates with expiration dates much shorter than the five-year periods allowed under the CARD Act. Complaint, ¶6. Plaintiffs have clearly alleged *per se* violations of the CARD Act and therefore are entitled to recover statutory damages. *See, e.g.*, *id.*, ¶¶126-134. No additional "damage" allegations are needed.

Nevertheless, in addition to pleading their entitlement to statutory damages, plaintiffs allege actual damages caused by defendants. Indeed, the Complaint avers that most of the plaintiffs suffered quantifiable economic losses caused by defendants' wrongful conduct to support their breach of

contract, unjust enrichment, CARD Act and CCPA claims.  These plaintiffs purchased one or more LivingSocial gift certificates from defendants, which they were unable to redeem before the posted expiration date.  *See id.*, ¶¶45, 51, 57, 63, 69, 74, 80, 86, 92, 98, 104, 110, 116.  These plaintiffs further allege that due to defendants' imposition of illegal expiration dates and other deceptive and unfair terms and conditions, they could not realize the value of their gift certificates.  *See id.*, ¶133 ("As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiffs and members of the Classes were deprived of the use of their money that was charged, collected and retained by Defendants through the sale of gift certificates with illegal expiration dates.").[6]  Therefore, the Complaint plausibly alleges that these plaintiffs suffered economic damages caused by LivingSocial's systematic placement of illegal and deceptive expiration terms on its gift certificates.

###    C.    Defendants Improperly Move to Strike the Class Definition

Defendants prematurely move to strike the class definitions as "overbroad."  *See* Defs' Motion at 14.  As this Court has recognized, motions to strike should be rarely granted.  *Middlebrooks*, 2009 WL 3163061, at *1.  And, motions to strike ***class allegations*** are even more disfavored at the pleading stage because class issues should be resolved at the class certification stage after discovery has been conducted.  *Stabilisierungsfonds für Wein v. Kaiser Stuhl Wine Distribs. Party Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981); *Cholakyan v. Mercedes-Benz*, No. 10-05944 MMM (JCx), 2011 WL 2682975 (C.D. Cal. June 30, 2011); *Myers v. MedQuist, Inc.*, No. 05-4608 (JBS), 2006 WL 3751210, at *4 (D.N.J. Dec. 20, 2006) (declining to strike class allegations

---

[6]    *See also id.*, ¶175 ("As a direct and proximate result of such wrongful activity, plaintiffs and Class members have suffered and will continue to suffer substantial damages, and Defendants have been and will be unjustly enriched by their wrongful conduct."); *id.*, ¶187 ("Defendants' contractual breaches have caused Plaintiffs and members of the Classes economic and other damages."); *id.*, ¶191 ("Plaintiffs and members of the Classes were deprived of the use of their money that was charged and collected by Defendants through the sale of LivingSocial gift certificates with expiration dates.").

because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); *see also* 7AA Charles Alan Wright, et al., *Federal Practice and Procedure* §1785.3 (3d 2005) ("Wright & Miller") (noting that the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery).

In any event, plaintiffs here have: (i) sufficiently pled the necessary elements of a class action; (ii) proposed an adequate class definition; and (iii) sufficiently pled that the action meets the requirements to maintain a class action.  Complaint, ¶¶119-125.  These class action allegations are more than adequate at the pleading stage.  *See Kazemi v. Payless Inc.*, No. C 09-5142 MHP, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010) (court found that defendants' challenge to class definition at the pleading state was "better suited to an opposition for class certification").

Defendants' claim that the class definitions should be stricken because they include persons who have not been harmed and cannot assert breach of contract or unjust enrichment claims is nonsensical.  Defs' Motion at 14.  The Complaint asserts two well-defined Classes, a Federal CARD Act Class and a State Gift Certificate Laws Class, as follows:

> **The Federal CARD Act Class**:
>
> All persons in the United States who purchased or otherwise acquired a gift certificate (*i.e.*, "voucher") issued by LivingSocial, on or after August 22, 2010, with an expiration date of less than five years from the date of purchase.
>
> **The State Gift Certificate Laws Class**:
>
> All persons in the United States who purchased or otherwise acquired a gift certificate (*i.e.*, "voucher") issued by LivingSocial with an expiration date that is earlier than the expiration period provided under applicable state gift certificate laws.

Complaint, ¶120.

These Classes include purchasers of LivingSocial gift certificates who were unable to redeem the gift certificates before the expiration periods, as well as those purchasers who have already

- 18 -

redeemed the gift certificates, or conceivably could redeem them in the future. As noted, the CARD Act and the various state gift certificate laws asserted in the Complaint prohibit the sale and issuance of gift certificates with limited expiration periods – ***whether or not redeemed*** – so the Classes, as asserted in the Complaint, are neither vague nor overbroad. *See* §§V.A.1. and V.B. And, because the Classes certainly include purchasers who did not redeem their LivingSocial gift certificates before expiration (therefore incurring out-of-pocket losses), the Classes encompass class members asserting breach of contract and unjust enrichment claims.

Defendants' motion to strike is unfounded. The motion clearly does not involve a "prejudicial" or "scandalous" matter and therefore should be denied. *See* §IV.B.; *see FTC*, 767 F. Supp. at 160.

### D.    Plaintiffs Have Properly Pled Their Breach of Contract and Unjust Enrichment Claims

Defendants further argue that plaintiffs have not pled sufficient facts regarding their breach of contract and unjust enrichment claims and that they must provide a more definite statement regarding these claims. For the reasons set forth below, plaintiffs have more than adequately pled both their breach of contract and unjust enrichment claims.

#### 1.    Plaintiffs Have Properly Pled Their Breach of Contract Claim

To adequately plead a breach of contract claim, a plaintiff must allege facts showing: (i) a valid contract between the parties; (ii) an obligation or duty arising out of the contract; (iii) a breach of that duty; and (iv) damages caused by the breach. *Jia Di Feng v. Lim*, 786 F. Supp. 2d 96, 104 (D.D.C. 2011). The determination of whether a defendant "actually performed its contract in full," however, "is inappropriate for resolution at the motion to dismiss stage." *United States v. Honeywell Int'l, Inc.*, No. 08-961 (RWR), 2011 WL 2672624, at *9 (D.D.C. July 8, 2011).

In this case, plaintiffs entered into agreements with defendants to purchase LivingSocial gift certificates. Specifically, the terms of the agreement were that plaintiffs would purchase

669234_1

LivingSocial gift certificates directly from the LivingSocial website using credit cards or debit cards. Complaint, ¶29.  They then received an email from LivingSocial with a link to the gift certificate, which could then be downloaded, printed, and redeemed with LivingSocial's retail partners.  *Id.*, ¶¶29-30.

Plaintiffs upheld their end of the agreement when they paid for LivingSocial gift certificates using credit cards and debit cards.  *Id.*, ¶8.  The Complaint details how each plaintiff purchased at least one gift certificate for a specified amount from LivingSocial to be redeemed with a particular retailer.  *Id.*, ¶¶40-116.  LivingSocial breached the agreement, however, by providing gift certificates that contained unlawful and deceptive expiration dates, which in some cases were only a few months from the date of purchase.  *Id.*, ¶31.  As a result of this practice, most of the plaintiffs were unable to use the gift certificates and obtain the product or service they paid for before the expiration date.  *Id.*, ¶8.

Accordingly, defendants' assertion that the Complaint is "hopelessly vague" is without merit. Defs' Motion at 15.  The Complaint plausibly alleges with sufficient detail the existence of agreements between plaintiffs and defendants; the breach of such agreements by defendants through the imposition of deceptive and illegal expiration terms; and the deprivation of the benefits for which plaintiffs contracted and paid as a result of defendants' imposition of illegal expiration terms. Complaint, ¶¶5, 8, 133, 165, 180, 183-187.  Defendants therefore have not demonstrated that the allegations in the Complaint are so "unintelligible" as to warrant a more definite statement.  *See* §IV.C.; *see also Epos Tech.*, 636 F. Supp. 2d at 63.  Because these allegations are more than sufficient to satisfy Rule 8 pleading requirements, to the extent defendants seek additional information concerning plaintiffs' breach of contract claim, they will have the opportunity to take discovery at the appropriate time to obtain such information.  *Id.*

### 2.      Plaintiffs Have Properly Pled Their Unjust Enrichment Claim

Defendants also incorrectly argue that plaintiffs have not alleged their claim for unjust enrichment with enough specificity.  To the contrary, plaintiffs have more than adequately alleged an unjust enrichment claim under Rule 8's liberal pleading standards.  To assert an unjust enrichment claim, a plaintiff must allege that: (i) the plaintiff conferred a benefit on defendant; (ii) the defendant retained the benefit conferred; and (iii) under the circumstances, the retention of the benefit is unjust. *McIntosh v. Gilley*, 753 F. Supp. 2d 46, 60 (D.D.C. 2010).

In this case, the Complaint details how defendants have been unjustly enriched at the expense of plaintiffs by selling and issuing LivingSocial gift certificates that were subject to expiration dates prohibited under both federal and state laws.  Complaint, ¶¶189-193.  Plaintiffs and members of the Classes purchased gift certificates with credit and debit cards in good faith believing that the purchase would entitle them to receive a gift certificate which could then be used with a particular retailer.  *Id.*, ¶¶8, 189-193.  Defendants' gift certificates imposed illegal expiration dates and, as a result, plaintiffs were deprived of the ability to use the gift certificates for the products and services they paid for.  *Id.*, ¶¶5, 191.  Defendants therefore reaped a substantial, undeserved windfall because they kept the money that plaintiffs and many other consumers paid, even though the products and services that were offered went unclaimed.

As a result of this scheme, defendants have unfairly profited at the expense of plaintiffs and members of the Classes, under circumstances in which it would be unjust for defendants to be permitted to retain the benefit.  *See McIntosh*, 753 F. Supp. 2d at 60.  Plaintiffs and members of the Class are entitled to disgorgement of all profits resulting from such overpayment and the establishment of a constructive trust from which plaintiffs and the members of the Classes may seek restitution.  *Id.* at 64; *McWilliams Ballard, Inc. v. Level 2 Dev.*, 697 F. Supp. 2d 101, 110 (D.D.C. 2010).

Plaintiffs' unjust enrichment claim is sufficiently detailed and well-pled.  Again, defendants

fail to establish the need for a more definite statement as to this claim.  *See* §IV.C.; *Epos Tech.*, 636

F. Supp. 2d at 63.

**E.**     **Defendants' Challenge to the Standing of the Named Plaintiffs to Assert Claims Under Various State Gift Certificate Laws Is Improper and Premature**

Defendants further argue that the named plaintiffs cannot assert claims under various state

gift certificate laws for the states in which they do not reside.  Defs' Motion at 17.  This argument is

both incorrect and premature.  As discussed below, courts routinely deny ***pre-class certification***

challenges to the standing of named plaintiffs asserting statutory claims outside of their state of

residence.   At this preliminary stage, the only standing inquiry that this Court need address is

whether the named plaintiffs have Article III standing to sue defendants (which they clearly do, *see*

§V.A., *supra*) – not whether they have standing to bring statutory claims on behalf of absent class

members.

The Supreme Court has held that challenges to the standing of the named plaintiffs to bring

class claims should be deferred until ***after*** class certification is addressed.  *See Ortiz v. Fireboard*

*Corp.*, 527 U.S. 815, 816 (1999) ("While an Article III court ordinarily must be sure of its own

jurisdiction before getting to the merits, a Rule 23 question should be treated first because class

certification issues are ***'logically antecedent'*** to Article III concerns . . . ."); *see also Amchem Prods.,*

*Inc. v. Windsor*, 521 U.S. 591, 612 (1997).  Simply stated, the Supreme Court reasoned that the issue

of class certification should be resolved first before the issue of class standing, because class

standing would not be an issue but for the class allegations.  *Id.*

The lower courts have consistently reached the same conclusion that when the named

plaintiff possesses individual standing to bring suit, the court should defer consideration of state law-

based class claims until after the resolution of class certification.  *See, e.g.*, *Blessing v. Sirius XM*

*Radio*, 756 F. Supp. 2d 445, 452 (S.D.N.Y. 2010) (denying motion to dismiss for lack of standing, holding that "[t]he class certification process will address whether named plaintiffs' injuries are sufficiently similar to those of the proposed class to justify a nationwide class action, and the answer to that question will determine whether there are plaintiffs with standing to bring claims under the laws of states in which no currently-named plaintiff resides"); *In re Grand Theft Auto Video Game Consumer Litig.*, No. 06 MD 1739 (SWK) (MHD), 2006 WL 3039993, at *2 (S.D.N.Y. Oct. 25, 2006) (same); *Salsitz v. Peltz*, 210 F.R.D. 95, 97 (S.D.N.Y. 2002) (same); *Sheet Metal Workers Nat. Health Fund v. Amgen Inc.*, No. 07-5295 (SRC), 2008 WL 3833577, at *9 (D.N.J. Aug. 13, 2008) (same); *In Re Hypodermic Prods. Antitrust Litig.*, Master No. 05-1602 (JLL/CCC), 2007 WL 1959225, at *15 (D.N.J. June 29, 2007) (same); *In re Buspirone Patent & Antitrust Litig.*, 185 F. Supp. 2d 363, 377 (S.D.N.Y. 2002); *In re Actimmune Mktg. Litig.*, 614 F. Supp. 2d 1037 (N.D. Cal. 2009).

Defendants openly acknowledge that they are prematurely raising class certification issues at the motion to dismiss stage.  Their assertion that purported "variances" among the state gift certificate laws raise a challenge to class certification is precisely that – a challenge that should appropriately be resolved at the class certification stage. Defs' Motion at 18-19.  As noted, efforts to strike class allegations at the pleading stage are strongly disfavored by courts because class issues should only be reviewed after discovery has been conducted.  *Cholakyan v. Mercedes-Benz*, No. 10-05944 MMM (JCx), 2011 WL 2682975 (C.D. Cal. June 30, 2011); *Myers v. MedQuist, Inc.*, No. 05-4608 (JBS), 2006 WL 3751210, at *4 (D.N.J. Dec. 20, 2006) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); *see also* Wright & Miller, *supra*, §1785.3 (noting that the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery).  Accordingly, the class issues raised by defendants, such as what

- 23 -

constitutes a gift certificate under the various state gift certificate laws, should only be addressed after the pleading stage and after the parties have had the opportunity to take discovery.[7]

The named plaintiffs are not attempting to piggy-back on the claims of absent Class members. Defendants' conduct is the same with respect to the named plaintiffs as it is for absent Class members, with the only distinction being their states of residence. The rationale for including the state specific claims is clear: it preserves the claims of absent Class members that plaintiffs anticipate eventually joining through class certification. *See Blessing v. Sirius XM Radio*, 756 F. Supp. 2d 452 (S.D.N.Y. 2010).

If discovery demonstrates that a state-by-state approach to certification would be untenable, plaintiffs are free to seek, or the court may certify, a narrower class. *See In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) (finding that the court must look to the certification motion for an adequate description of the proposed class and that holding plaintiffs to the class definition in the complaint would ignore the "ongoing refinement and give-and-take inherent . . . in the formation of a workable class definition"). Again, that determination is inappropriate at this preliminary stage of the proceedings and should be deferred until the class certification stage.

---

[7]    Defendants' reliance on *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2008 WL 4542967 (N.D. Cal. Oct. 1, 2008), and *Kissling v. Ohio Ca. Ins. Co.*, No. 5:10-22-JMH, 2010 WL 1978862 (E.D. Ky. May 14, 2010), in support of their challenge to the state law class allegations is misplaced. Defs' Motion at 18, 20. *Stearns* did not involve any statutory claims, let alone claims under parallel state statutes. 2008 WL 4542967, at *1. Because the plaintiff in *Stearns* only alleged nationwide class claims under California common law, including breach of warranty, concealment, misrepresentation and negligent misrepresentation, *Stearns* is entirely distinguishable and has no application here. *Id.  Kissling*, which involved a class action brought under a Kentucky insurance statute, is likewise distinguishable. 2010 WL 1978862, at *1. In *Kissling*, the court explained that the "putative class's[] very nature would require extensive, individualized factual inquiries" regarding whether plaintiffs provided notice to defendant of losses covered by defendant's insurance policy, whether defendant failed to attempt to settle plaintiffs' claims and whether defendant failed to pay statutorily required interest on the ultimate settlement amounts. *Id*. at *1-*3. No such "mini-trials" are required in this case as the Classes, as asserted in the Complaint, squarely define who the Class members are – without the need for any further factual inquiry.

Nor is this a case where the existence of class members from each state is rationally in doubt. The potential class in this action is – by any measure – quite large.   During the initial status conference when counsel for defendants was asked how many LivingSocial gift certificates were sold, counsel responded that he was comfortable representing that it was "over ten million."   *See* Transcript at 15.   LivingSocial operates in nearly 200 geographic markets, so it stands to reason (and discovery will undoubtedly confirm) that LivingSocial gift certificates have been purchased by residents of every – or nearly every – state in the country.   As the Court noted during the initial status conference, numerosity is not an issue in this case.   *See id.* at 18.   It would defeat the purpose of Rule 23 to resolve – prior to class certification, let alone at the pleading stage – issues that are most logically resolved through the class certification process.   Likewise, to the extent that the proposed class is not certified, defendants' arguments will be mooted and the resources of the Court will not be wasted performing an unnecessary analysis.

**F.      Plaintiffs Have Adequately Stated Claims Under the CARD Act and the CCPA**

Plaintiffs' claims under the CARD Act and the CCPA are well-pled.   Mandy Miller, Kimberly Pullman, Barrie Arliss and Amy Schultz each purchased vouchers after the CARD Act's effective date.   *See* Complaint, ¶¶81-83, 87-89, 99-101, 111-113.   As a result, their CARD Act claims are viable and should be sustained.[8]

Contrary to defendants' assertions, plaintiffs' claims under the CCPA are not exclusively premised on defendants' violations of the CARD Act.   Plaintiffs allege that, in addition to the imposition of illegal expiration terms, defendants engaged in other deceptive and misleading

---

[8]      As noted, plaintiffs need not demonstrate that they ***all*** have standing to assert a particular claim; rather, only a single plaintiff needs to demonstrate standing.   *See* §V.A.; *Reed*, 744 F. Supp. 2d at 111.

business practices relating to their sale and issuance of LivingSocial gift certificates, including forcing consumers to redeem their gift certificates in the course of a single transaction and not providing for the exchange of any unused portion of the gift certificates for cash value.  Complaint ¶¶34, 174.  These practices are particularly unfair because they prohibit consumers from realizing the full value of the products and services that consumers have already paid in full for through their purchase of the gift certificates.  *Id.*

Plaintiffs have also alleged that LivingSocial's practice of inserting decidedly inconspicuous disclaimers on gift certificates, which state that expiration terms apply only to the "promotional" portion of the voucher and not to the "paid" portion (so that the consumer would be able to recoup the amount they paid for the voucher notwithstanding applicable expiration dates) has a tendency to mislead the public in violation of the CCPA.  *See id.*, ¶¶38, 184.  The "disclaimer is buried at the bottom of certain LivingSocial gift certificates in tiny, barely legible font that is readily overlooked by consumers." *Id.*, ¶38.  Also, "in prior versions of the gift certificate, the disclaimer is only found on the gift certificate itself, which must be downloaded and printed by the consumer [so that] consumers who do not download and print their gift certificates will never have access to, nor knowledge of, the disclaimer" *Id.*  Thus, defendants' conduct thus would mislead a reasonable consumer.  *Pearson v. Chung*, 961 A.2d 1067, 1075 (D.C. 2008) ("claim of an unfair trade practice [under the CCPA] is properly considered in terms of how the practice would be viewed and understood by a reasonable consumer").  Defendants' contention that dismissal of the CARD Act claims would necessitate dismissal of their CCPA claims is, accordingly, incorrect.  *See Smith v. Gutter Covers of Md. & Va.*, No. 04-01974 HHK, 2005 WL 3276280 (D.D.C. Aug. 4, 2005) (motion to dismiss CCPA claim denied where plaintiff alleged that defendant failed to inform the plaintiff of her rights to rescind contract to clean gutters and downspouts as required by FCC rule).  Plaintiffs have stated valid, independent claims under the CCPA.

- 26 -

## VI.  CONCLUSION

For each of the foregoing reasons, the Court should summarily deny defendants' motion to dismiss, motion to strike and motion for a more definite statement.

Respectfully submitted,

DATED:  December 9, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
RACHEL L. JENSEN
THOMAS R. MERRICK
PHONG L. TRAN

s/ John J. Stoia, Jr.
JOHN J. STOIA, JR.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

DATED:  December 9, 2011

CUNEO GILBERT & LADUCA, LLP
CHARLES J. LADUCA (DC Bar 476134)
WILLIAM H. ANDERSON (DC Bar 502380)

s/ Charles J. LaDuca
CHARLES J. LADUCA

507 C Street, NE
Washington, DC  20002
Telephone:  202/789-3960
202/789-1813 (fax)

WITES & KAPETAN PA
MARK A. WITES
JONATHAN STEPHEN BURNS
4400 N Federal Highway
Lighthouse Point, FL  33064
Telephone:  954/570-8183
954/354-0205 (fax)

CARNEY GILLESPIE ISITT PLLP
CHRISTOPHER ROBERT CARNEY
100 W. Harrison Street, Suite N440
Seattle, WA  98119
Telephone:  206/445-0220

- 27 -

MYLES A. SCHNEIDER & ASSOCIATES,
  LTD.
MYLES A. SCHNEIDER
710 Dodge Avenue, NW, Suite A
Elk River, MN  55330
Telephone:  763/315-1100
877/294-4254 (fax)

BONNETT FAIRBOURN FRIEDMAN
  & BALINT
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2901 North Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602-798-5825 (fax)

AUDET & PARTNERS, LLP
MICHAEL A. McSHANE
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  415/568-2555
415/576-1776 (fax)

HALUNEN & ASSOCIATES
CLAYTON D. HALUNEN
1650 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  612/605-4098
612/605-4099 (fax)

BOLEN ROBINSON & ELLIS, LLP
CHRISTOPHER M. ELLIS
202 S. Franklin, 2nd Floor
Decatur, IL  62523
Telephone:  217/429-4296
217/329-0034 (fax)

LEVIN, FISHBEIN, SEDRAN & BERMAN
CHARLES E. SCHAFFER
510 Walnut Street, Suite 500
Philadelphia, PA  19106-3697
Telephone:  215/592-1500
215/592-4663 (fax)

Attorneys for Plaintiffs

- 28 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 9, 2011.

s/ John J. Stoia, Jr.
JOHN J. STOIA, JR.

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:   johns@rgrdlaw.com

# Mailing Information for a Case 1:11-mc-00472-ESH-AK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William H. Anderson**
  wanderson@cuneolaw.com

- **Jonathan Stephen Burns**
  jburns@wklawyers.com

- **Jay S. Carlson**
  JayCarlson.legal@gmail.com

- **Christopher Robert Carney**
  christopher.carney@cgi-law.com

- **Michelle C. Doolin**
  mdoolin@cooley.com,bambrose@cooley.com

- **Christopher B Durbin**
  cdurbin@cooley.com

- **Christopher M. Ellis**
  cellis@brelaw.com

- **Shaun Van Eyk**
  shaun@vaneyk-moore.com

- **Sean P. Gillespie**
  sean.gillespie@cgi-law.com

- **Craig Alan Guthery**
  cguthery@cooley.com

- **Kenan Lee Isitt**
  kenan.isitt@cgi-law.com

- **Rachel L. Jensen**
  rachelj@rgrdlaw.com

- **Michael Joseph Klisch**
  mklisch@cooley.com,bnelson@cooley.com

- **Charles J. LaDuca**
  charlesl@cuneolaw.com

- **Thomas Robert Merrick**

tmerrick@rgrdlaw.com

- **Michael G. Rhodes**
  mrhodes@cooley.com,rlopez@cooley.com,pmoyes@cooley.com

- **Myles A. Schneider**
  myles@maschneider.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Patricia N Syverson**
  psyverson@bffb.com

- **Michael Ross Tein**
  tein@lewistein.com

- **Darcie Tilly**
  dtilly@cooley.com

- **Phong L. Tran**
  ptran@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)