**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE LIVINGSOCIAL MARKETING AND SALES PRACTICE LITIGATION | Misc. Action No. 11-0472 (ESH) MDL Docket No. 2254 |
| This Document Relates To: ALL CASES | |

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs Melissa Forshey, Sarah Gosling, Mandy Miller, Kimberly Pullman, Dawn Abbott, Barrie Arliss, Cara Lauer, and Amy Schultz ("Plaintiffs"), and Defendants LivingSocial, Inc. and Jack's Canoes and Kayaks, LLC d/b/a Jack's Boathouse ("Defendants") (collectively, the "Parties") are parties to the above-referenced Misc. Action No. 11-0472 (ESH) ("the Action");

WHEREAS discovery in the Action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of Plaintiffs, Defendants, or non-parties, which constitute or contain trade secrets or other confidential proprietary or commercial information;

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the Parties or non-parties;

WHEREAS the Parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of the Action and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the Parties have established good cause for entry of this Protective Order;

THEREFORE, for good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or non-parties, or filed with the Court, in the Action shall be provided subject to the following conditions:

1.      **Scope:**  This Protective Order shall apply to all documents and portions thereof, things, or any other form of evidence or information subject to discovery or that can be protected under FED. R. CIV. P. 26(c) in the Action that are owned, possessed, or controlled by a Party or a non-party, provided that such non-parties receive and agree to be bound by the terms of this Order, ("Producing Party") and that contain the Producing Party's trade secrets or other confidential proprietary or commercial information and all information derived therefrom ("Protected Material"), including, without limitation, documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other discovery materials that are provided to or received by a Party or non-party in the Action ("Receiving Party"), whether produced informally or in response to formal methods of discovery.

2.      **Obligations:**  It shall be the duty of the Producing Party to give notice of the Protected Material designated to be covered by this Protective Order in the manner set forth in Paragraph 5 below.  The duty of the Receiving Party or parties and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice.  Subject to the provisions of this Order, Protected Material shall be designated by the Producing Party with one of the following designations:

      a.      "CONFIDENTIAL"; or

      b.      "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

The attorneys of record shall exercise all reasonable care to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Protected Material.

3.     **CONFIDENTIAL Designation:**   A Producing Party may designate Protected Material as "CONFIDENTIAL" if such material constitutes or discloses or relates to processes, operations, research, technical or developmental information, confidential or sensitive personal information, production, marketing, sales, financial, or other proprietary data or information of commercial value.

4.     **HIGHLY CONFIDENTIAL Designation:**   A Producing Party may designate Protected Material as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if such material constitutes or contains, in whole or in part, information which (a) the Producing Party reasonably believes will harm its competitive position if the information becomes known to a party other than the Producing Party; (b) relates to future product or service offerings; or (c) includes or incorporates sensitive financial or customer information, including, but not limited to, sales, revenue, or voucher redemption information, or the identification of actual or potential customers or retail partners, the disclosure of which the Producing Party believes will harm its competitive position if it becomes known to a party other than the Producing Party.

5.     **Good-Faith Designations:**   Each party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (a) to impose burden or delay on an opposing party, or (b) for tactical or other advantage in litigation.

6.     **Designating Written Materials:** Each page of any material the Producing Party wishes to designate as Protected Material must be labeled with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," as appropriate, at the time the material, or a copy thereof, is provided to the Receiving Party.  In the case of material contained in or on media other than paper (*e.g.*, natively produced documents), the Producing Party shall

affix such a label to the production media, appropriately title the file name, or otherwise use its best efforts to identify the material as Protected Material.

7.      **Inadvertent Failure to Designate:**  The failure by a Producing Party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the information that was inadvertently disclosed beyond those persons authorized to review such information pursuant to Paragraphs 12–14, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation.  No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

8.      **Designating Deposition Testimony:**  Counsel for the Producing Party may identify certain portions of a deposition transcript and/or exhibits as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY either by (a) so stating on the record during the deposition, or (b) providing written notice to counsel for the Receiving Party within 14 days from the day the Producing Party received the final deposition transcript from the court reporter.  Deposition exhibits previously designated as containing Protected Material do not need to be re-designated to retain their protection under this Protective Order.

a.      At any deposition session, when counsel for a Producing Party deems that the answer to a question will result in the disclosure of Protected Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated in accordance with a designation under

Paragraph 2 of this Protective Order.  Counsel for the Producing Party whose Protected Material is involved may also request that all persons other than the witness and individuals who may have access to such Protected Material under the appropriate designation in Paragraph 2 of this Order, leave the deposition room during the confidential portion of the deposition.

> **b.**    Deposition transcripts containing Protected Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS [*insert appropriate designation under Paragraph 2 of this Order*] THAT IS SUBJECT TO A PROTECTIVE ORDER."  Deponents may review their own transcript in its entirety, including any portions of the transcript designated pursuant to Paragraph 2 of this Order, to ensure that it is accurate and complete.  In all other instances, only those individuals authorized under Paragraphs 12–14 will be provided with access to any portions of deposition transcripts or exhibits designated pursuant to Paragraph 2 of this Order.   Notwithstanding the foregoing, no deponent (other than individuals who may have access to the same material under this Order) may *retain* or *copy* any portion of the transcript of the deposition that contains the designated material without permission of the Producing Party.

9.    Provided that they are made aware of this Protective Order, any court reporters who transcribe testimony in this action at a deposition shall treat all Protected Material as confidential and will not disclose Protected Materials except as provided under this Order.

10.    **"Protected Material" Defined:**  Protected Material designated under Paragraph 2 of this Protective Order shall include, without limitation:  (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any

other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with Paragraph 8 above.   To the extent feasible, interrogatory answers and responses to requests for admission shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

11.     **Permissible Uses of Protected Material Generally:**   Each Party and all other persons bound by the terms of this Protective Order shall use any material designated as Protected Material by a Producing Party other than itself only for the purpose of this Action (including any appeal), and not for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.   No person subject to this Protective Order may disclose, in public or private, any designated Protected Material designated by a party or non-party other than itself, except as provided for in this Protective Order or as further ordered by the Court.   However, nothing herein shall affect the right of the Producing Party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.   Further, nothing contained herein shall preclude a Producing Entity from voluntarily waiving any provision in this Order with respect to any designated Protected Material without further order of the Court.

12.     **Permissible Disclosures of CONFIDENTIAL Material:**   Only the following persons shall have access to or retain material designated as "CONFIDENTIAL" pursuant to Paragraph 2 of this Protective Order:

**a.**     the Court and its official personnel involved in this Action, including, but not limited to, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

**b.**     the Parties in this action and their respective employees, officers, directors, and executives;

**c.**     Outside Counsel for the Parties in this action. For the purposes of this Protective Order, "Outside Counsel" means attorneys for the law firms retained by the Parties, including partners, associates, staff attorneys, paralegals, secretaries, paralegal assistants and employees of such attorneys in connection with work on this Action;

**d.**     Outside litigation support personnel retained by Outside Counsel to assist in the preparation and/or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

**e.**     Any person who was an author of the Protected Material, who was involved in the preparation of such material, who received or reviewed such material for purposes other than this Action, or who has been alleged to have received or reviewed such material for purposes other than this Action;

**f.**     Provided that the procedure described in Paragraph 13 below is followed, outside experts and consultants retained by the Receiving Party's Outside Counsel to assist in this litigation (as well as the experts' or consultants' staff whose duties and responsibilities require access to such materials), who are not past or present full-time employees of the Receiving Party or of an affiliate of the Receiving Party or any other Party; and

**g.**     Any other person agreed to in writing by the Parties.

STIPULATED PROTECTIVE ORDER

7.

**13.**    **Disclosure to Experts or Consultants:**  Counsel for a Receiving Party may not disclose material designated as Protected Material to *any* outside expert, whether or not such expert has been designated to provide testimony pursuant to FED. R. CIV. P. 26(a)(2), until such expert has executed the Confidentiality Undertaking (in the form attached hereto as Exhibit A).

   **a.**    With respect to any experts designated by a Receiving Party to provide testimony pursuant to FED. R. CIV. P. 26(a)(2), counsel for such Receiving Party shall, at the time such expert is disclosed, provide a copy of the expert's signed Confidentiality Undertaking and current *curriculum vitae*.

   **b.**    The Producing Party shall have five business days after receiving the notification described above to object in writing to the disclosure.  If the parties are unable to resolve the objection after conferring in good faith pursuant to FED. R. CIV. P. 26(c), the dispute shall be resolved in accordance with FED. R. CIV. P.  37.  A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection.

   **c.**    Before counsel for a Receiving Party may disclose material designated as Protected Material to *non-testifying* experts and consultants, counsel shall obtain from such non-testifying experts or consultants an executed copy of the Confidentiality Undertaking (in the form attached hereto as Exhibit A), but does not have to provide a copy of the executed Confidentiality Undertaking to counsel for the Producing Party.

**14.**    **Permissible Disclosures of HIGHLY CONFIDENTIAL Material:**  Only the following persons shall have access to or retain material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY":

   **a.**    persons listed in Paragraph 12(a), (c), (d), (e), and (g) above;

**b.**     the Parties in this action, as set forth in Paragraph 12(b), may have access to HIGHLY CONFIDENTIAL material after advance notice is provided to the Producing Party and the Producing Party agrees to such disclosure;

**c.**     provided that the procedure described in Paragraph 13 above is followed, persons listed in paragraph 12(f) above; and;

**d.**     persons whom the Producing Party agrees in writing or on the record at a deposition may be shown "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material.

15.    **Third-Party Discovery:**  Third-party discovery in this proceeding may involve disclosure of Protected Material, which if designated in conformity with the provisions of this Protective Order, shall be subject to the provisions herein and provide the non-party with all of the rights and obligations set forth herein.

16.    **Client Consultation:**  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Action and, in the course thereof, relying generally on examination of designated Protected Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the specific contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

17.    **Motion to Disclose Protected Material:**  In the event that a Party desires to provide access to specific material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" hereunder to any person or category of persons not included in Paragraphs 12 and 14 hereof, that party shall identify the specific material at issue, meet and confer with the other party about the same, and, if necessary, move

this Court for an order that such person or category of persons may be given access to such documents. The party asserting confidentiality shall have the burden of establishing the confidentiality of any documents challenged in a motion to disclose. In the event that the motion is granted, such person or category of persons may have access to such documents on whatever conditions or terms the Court shall require.

18. **De-designation of Protected Material:** The Parties agree to work together in good faith to resolve disputes over whether material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" are within the scope of materials to be protected from disclosure by this Protective Order. For purposes of the Action or any other action, no Party concedes that any Protected Material designated by any other person does in fact contain or reflect trade secrets or other confidential proprietary or commercial information. A party shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge. If a Receiving Party seeks removal of protection for particular items designated as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

a. The Receiving Party seeking such removal shall give counsel of record for the Producing Party notice thereof, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The Producing Party shall have 10 business days after receiving that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing. Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

**b.** If the Parties, or the Party and non-party, cannot reach agreement concerning the matter, the dispute shall be resolved in accordance with FED. R. CIV. P. 37. The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties or the Party and non-party. In addition to service on the opposing party, a copy of any such motion shall be served on any non-party who is the Producing Entity with respect to the materials at issue and such non-party Producing Entity shall have standing to oppose such motion before the Court.

19. **Filing Protected Material Under Seal:** Either Party may request that the Court permit filing of any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to Paragraph 2 above under seal and that such Protected Material be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper that contains, summarizes, or reflects any such designated material shall request that the material be filed under seal pursuant to Local Civil Rule 5.1(j). If filed under seal, such material shall remain sealed while in the office of the Clerk so long as the material retains its status as Protected Material and/or until further order of the Court. Where possible, only portions of the filings designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or supporting papers so designated shall be filed under seal. In such cases, the filing party should also file a redacted version of the filing and supporting papers.

20. **Subpoena by Other Courts or Agencies:** If another court or an administrative agency subpoenas or orders production of any designated Protected Material that a party has obtained in this Action under the terms of this Protective Order, such party shall promptly notify the Producing Entity or other person who designated the documents as such of the pendency of

such subpoena or order within five days of receiving said subpoena or order. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials. Nothing in this Order restricts or limits a party's ability to comply with a lawful subpoena or order of a court or administrative agency; nor does this Order relieve a party of its obligation to comply with such a subpoena or order.

21.     **Modification and Non-Waiver:** Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order (either by motion or agreement of the Parties hereto, subject to Court approval), from objecting or seeking further limitations on discovery that it believes to be otherwise improper, or from seeking further or different orders from the Court. In addition, by stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

22.     **Withholding Privileged Information:** The protection afforded by this Protective Order shall in no way affect a party's or non-party's right to withhold documents as (a) privileged under the attorney-client or other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under FED. R. CIV. P. 26.

23.     **Inadvertently Disclosed Privileged Information:** In accordance with FED. R. EVID. 502(d), this Order governs the inadvertent production of information or documents subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the production or disclosure of which would be inconsistent with an intent to preserve such privilege or immunity ("Privileged Information").

**a.** In accordance with FED. R. EVID. 502(b), if a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work product protection ("Inadvertently Disclosed Privileged Information"), such disclosure will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Privileged Information and its subject matter.

**b.** In accordance with FED. R. EVID. 502(b) and FED. R. CIV. P. 26(b)(5)(B), if a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Privileged Information, the Receiving Party will, within five business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information and certify that all such Inadvertently Disclosed Privileged Information has been returned or destroyed.

24. **Use of Protected Material at Trial:** This Protective Order governs the confidentiality of designated Protected Material before and after trial. Nothing contained in this Order shall restrict or limit any Party's right to present designated Protected Material to the jury or the Court during a trial in this Action. Confidentiality concerns at trial must be separately raised with the Court at the appropriate time.

25. **Publicly Available Material:** The restrictions set forth in this Protective Order shall not apply to documents, things, or information that the Parties agree, or that the Court rules: (a) have become public knowledge in a manner *other than* through a violation of this Order; or (b) have been independently obtained by the non-designating party, as evidenced by written documentation.

26. **Non-Termination:** The provisions of this Protective Order shall not terminate at the conclusion of this Action.

    **a.**    Except for materials covered by this Protective Order that have been filed or otherwise are in the Court's possession, within 30 days after final conclusion of all aspects of this Action (including any appeal), unless otherwise agreed to in writing by counsel for the Producing Party, material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and all copies of same shall be returned to the party or person that designated such documents or shall be destroyed from all reasonably accessible locations. All counsel of record shall make certification of compliance herewith, and shall deliver the same to counsel for the party who produced the documents not more than 45 days after final termination of this Action (including any appeal).

    **b.**    Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, transcripts, exhibits, legal memoranda, correspondence, and attorney, expert, and consultant work product, even if such materials contain Protected Material. Further, the parties' outside counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

27.    **Remedies:** The provisions of this Protective Order shall remain in effect after the conclusion of this Action to provide the Court with jurisdiction to enforce its terms. Each person to whom disclosure of any designated Protected Material is made agrees to subject himself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**a.** In the event anyone shall violate, or threaten to violate, any term of this Order, the Parties hereto agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. Because of the confidential and proprietary nature of the information contemplated to be covered by this Protective Order, legal remedies alone may be inadequate. Therefore, injunctive relief may be an appropriate remedy to prevent any person from using or disclosing confidential information in violation of this Protective Order. The Parties and Third Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

**b.** In the event that a dispute regarding a threatened or actual violation of this Protective Order cannot be resolved after a good faith meeting and conference between the Parties, after which the non-breaching party files a motion or action seeking equitable or legal remedies for a violation of this Protective Order, the Parties agree that the Court may exercise its discretion to award the prevailing party all reasonable costs and expenses related thereto, including reasonable attorneys' fees.

**28. Notice:** Notices under this Protective Order shall be provided to the Parties' respective counsel of record at their addresses of record, unless this provision is modified by the Parties in writing.

///

///

///

///

///

///

STIPULATED PROTECTIVE ORDER

15.

29.    **Applicability Pending Court Approval:**    Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by all of the Parties, it will be treated as though it has been "So Ordered."

Dated:  January 18, 2012

CUNEO GILBERT & LADUCA, LLP
CHARLES J. LADUCA (DC Bar 476134)
WILLIAM H. ANDERSON (DC Bar 502380)

_____
WILLIAM H. ANDERSON
507 C Street NE
Washington, DC 20002
Telephone: 202-789-3960
Facsimile: 202-789-1813


ROBBINS GELLER RUDMAN & DOWD LLP
JOHN J. STOIA, JR.
RACHEL L. JENSEN
THOMAS R. MERRICK
PHONG L. TRAN

_____
PHONG L. TRAN
655 W. Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Facsimile: 619-231-7423


WITES & KAPETAN PA
MARC A. WITES
JONATHAN STEPHEN BURNS
4400 N. Federal Highway
Lighthouse Point, FL 33064
Telephone: 954-570-8183
Facsimile: 954-354-0205

STIPULATED PROTECTIVE ORDER

16.

CARNEY GILLESPIE ISITT PLLP
CHRISTOPHER ROBERT CARNEY
100 W. Harrison Street, Suite N440
Seattle, WA 98119
Telephone: 206-445-0220

MYLES A. SCHNEIDER & ASSOCIATES, LTD.
MYLES A. SCHNEIDER
710 Dodge Avenue NW, Suite A
Elk River, MN 55330
Telephone: 763-315-1100
Facsimile: 877-294-4254

BONNETT FAIRBOURN FRIEDMAN
 & BALINT
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2901 North Central Ave., Suite 1000
Phoenix, AZ 85012
Telephone: 602-274-1100
Facsimile: 602-798-5825

AUDET & PARTNERS, LLP
MICHAEL A. MCSHANE
221 Main Street, Suite 1460
San Francisco, CA 94105
(415) 568-2555
(415) 576-1776 (fax)

HALUNEN & ASSOCIATES
CLAYTON D. HALUNEN
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 605-4098
(612) 605-4099 (fax)

STIPULATED PROTECTIVE ORDER

17.

BOLEN ROBINSON & ELLIS, LLP
CHRISTOPHER M. ELLIS
202 S. Franklin, 2nd Floor
Decatur, IL 62523
(217) 429-4296
(217) 329-0034 (fax)


LEVIN, FISHBEIN, SEDRAN & BERMAN
CHARLES E. SCHAFFER
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
(215) 592-1500
(215) 592-4663 (fax)

*Attorneys for Plaintiffs*


Dated:  January 19, 2012

COOLEY LLP
MICHAEL G. RHODES (*pro hac vice*)
MICHELLE C. DOOLIN (*pro hac vice*)
CHRISTOPHER B. DURBIN (DC Bar 982135)


  */s/ Michael G. Rhodes*
MICHAEL G. RHODES
101 California Street, 5th Floor
San Francisco, CA  94111
Email:  rhodesmg@cooley.com
Telephone:  (415) 693-2181
Facsimile:  (415) 693-2222

*Attorneys for Defendants*
LIVINGSOCIAL, INC. and JACK'S CANOES &
KAYAKS, LLC


STIPULATED PROTECTIVE ORDER

18.

IT IS SO ORDERED.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: __1__/__20__/__12__

# EXHIBIT A

## CONFIDENTIALITY UNDERTAKING

1.    I, _____, reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation entitled *In re LivingSocial Marketing and Sales Practice Litigation,* Misc. Action No. 11-0472 (ESH) (the "Action").

5.    I read the foregoing Protective Order entered in the Action on _____.

6.    I am fully familiar with the Protective Order and agree to be bound by its terms. I understand that I must retain all copies of any documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information are to be returned to counsel who provided me with such material.

7.    I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this Action, any information obtained pursuant to the Protective Order. I also agree to notify any stenographic, clerical, or support personnel who are required to assist me of the terms of the Protective Order.

8.    In accordance with Paragraph 13 of the Protective Order (if applicable), I have attached my curriculum vitae to this executed Confidentiality Undertaking, which identifies my current employer and employment history for the past four (4) years, all publications that I have authored in the previous ten (10) years, and the cases in which I have testified as an expert at trial or by deposition within the previous four (4) years.

STIPULATED PROTECTIVE ORDER

9.      I hereby consent to the jurisdiction of the United States District Court for the District of Columbia with respect to any proceedings to enforce the terms of the Protective Order and the punishment of violations thereof.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  _____

Signature:      _____

Company:      _____

Address:        _____

                        _____

2602750/ST