# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement," "Settlement" or "Agreement") is entered into by and among plaintiffs Melissa Forshey, Sarah Gosling, Mandy Miller, Kimberly Pullman, Dawn Abbott, Barrie Arliss, Cara Lauer and Amy Schultz (collectively, "Plaintiffs") and defendants LivingSocial, Inc., f/k/a Hungry Machine, Inc. ("LivingSocial") and Jack's Canoes and Kayaks, LLC, d/b/a Jack's Boathouse ("Jack's Boathouse") (collectively, LivingSocial and Jack's Boathouse are referred to as "Defendants") (together, all Plaintiffs and Defendants are referred to as the "Parties" or singularly as "Party"). Except as otherwise specified, defined terms shall have the meanings set forth in the Recitals and Section 1 of this Agreement.

## RECITALS

**A.**     Plaintiffs allege that, beginning in 2010, each of the Plaintiffs, through their respective attorneys, began an investigation into LivingSocial's sales practices and alleged premature expiration periods associated with LivingSocial Deal Vouchers, which Plaintiffs contend are gift certificates in violation of certain federal and state gift certificate laws and other statutes. Subsequently, a series of cases were filed:

      **(a)**     *Abbott, et al. v. Hungry Machine, Inc., d/b/a LivingSocial*, Case No. 11-cv-0253-RSL, United States District Court for the Western District of Washington ("*Abbott* Case") (filed February 14, 2011);

      **(b)**     *Miller v. LivingSocial, Inc., et al.*, Case No. 11-cv-60519-WPD, United States District Court for the Southern District of Florida ("*Miller* Case") (filed March 11, 2011);

      **(c)**     *Forshey v. LivingSocial, Inc., et al.*, Case No. 11-cv-00745-HHK, United States District Court for the District of Columbia ("*Forshey* Case") (filed April 19, 2011);

      **(d)**     *Pullman v. Hungry Machine, Inc, d/b/a LivingSocial.com.*, Case No. 11-cv-00846-LAB-JMA, United States District Court for the Southern District of California ("*Pullman* Case") (filed April 21, 2011);

      **(e)**     *Gosling v. Hungry Machine, Inc., d/b/a/ LivingSocial.com*, Case No. 11-cv-02094-LB, United Stated District Court for the Northern District of California ("*Gosling* Case") (filed April 28, 2011); and

      **(f)** ·    *Schultz v. Hungry Machine, Inc., d/b/a Livingsocial.com*, Case No. 11-cv-01136-JNE-SER, United States District Court for the District of Minnesota ("*Schultz* Case") (filed April 29, 2011).

**B.**     On May 2, 2011, LivingSocial petitioned the Judicial Panel on Multidistrict Litigation ("JPML") to transfer the actions pursuant to 28 U.S.C. §1407 for coordinated or consolidated proceedings in the District of Columbia. Each of the Plaintiffs filed responses supporting LivingSocial's petition for transfer and consolidation or coordination of their individual cases.

**C.**     On August 22, 2011 the JPML transferred the actions to the United States District Court for the District of Columbia before the Honorable Ellen S. Huvelle as Case No. 11-mc-00472-ESH-AK, under the title *In re LivingSocial Marketing and Sales Practices Litigation.*

**D.**     On or about August 30, 2011, in an effort to reach a prompt resolution of the case, representatives of the Parties attended an in-person mediation before the Honorable Edward A. Infante (Ret.) of JAMS Alternative Dispute Resolution, in San Francisco, California.  While the mediation provided a constructive forum for settlement discussions, it did not result in a settlement.  Thereafter, additional settlement efforts were attempted between the Parties through a series of ongoing direct discussions and negotiations under the guidance of Judge Infante.

**E.**     On October 20, 2011, the Parties appeared before Judge Huvelle for an initial status conference.  At that time, Judge Huvelle set a schedule for the filing of a consolidated complaint, discovery and briefing on class certification.

**F.**     On November 4, 2011, Plaintiffs filed a consolidated amended complaint ("Complaint").  Plaintiffs alleged causes of action for:

      **(a)**     Violations of the Credit Card Accountability Responsibility and Disclosure Act and Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* ("CARD Act");

      **(b)**     Violations of State Gift Card Statutes ("State Statutes");

      **(c)**     Violations of the District of Columbia Consumer Protection Statute, D.C. Code Ann. §28-3901, *et seq.*;

      **(d)**     Breach of Contract;

      **(e)**     Quasi Contract/Restitution/Unjust Enrichment; and

      **(f)**     Declaratory and Injunctive Relief.

**G.**     On November 18, 2011, Defendants moved to dismiss and strike portions of the Complaint.  On December 9, 2011, Plaintiffs opposed the motion to dismiss and strike portions of the Complaint.  On December 19, 2011, Defendants filed their reply.

**H.**     On or about June 14, 2012, representatives of the Parties attended a second in-person mediation before the Honorable Edward A. Infante (Ret.) in San Francisco, California.  The mediation again did not result in a settlement.  Thereafter, additional settlement efforts were attempted between the Parties with assistance from Judge Infante, which resulted in the Parties agreeing to settlement terms.

**I.**     On June 25, 2012, the Court denied Defendants' motion to dismiss without prejudice following the Parties' notice to the Court that a settlement had been reached.

**J.**     At all times, Defendants have denied and continue to deny any wrongdoing and deny that they committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Complaint, and instead contend that Defendants

have acted properly.  Defendants also deny: (a) that their vouchers are gift certificates or gift cards within the meaning of the CARD Act and State Statutes; (b) all charges of wrongdoing or liability against Defendants arising out of any conduct, statements, acts or omissions alleged in the Complaint; and (c) that Plaintiffs or the Settlement Class are entitled to any form of damages, penalties, or any relief whatsoever (at law or at equity) based on the conduct alleged in the Complaint.  In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Complaint and were prepared to vigorously defend the Complaint.  Nonetheless, taking into account the uncertainty and risks inherent in litigation, Defendants have concluded that defense of the claims asserted in the Complaint would be burdensome and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Actions in the manner and upon the terms and conditions set forth in this Settlement Agreement.

     **K.**     Plaintiffs believe that the claims asserted in the Complaint have substantial merit. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Complaint against Defendants through trial and any subsequent appeals.  Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Complaint pursuant to the terms and provisions of this Settlement Agreement.

     WHEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties to compromise, settle and dispose of, fully and completely and forever, any and all claims and causes of action asserted or that could have been asserted in the Actions as set forth in this Settlement, as a good faith, fair, reasonable, and adequate settlement.

## AGREEMENT

## 1. DEFINITIONS

     The following section defines terms that are not defined above.  Some definitions use terms that are defined later in this section:

     **1.1**     "Action" or "Actions" mean *In re LivingSocial Marketing and Sales Practices Litigation* and the *Abbott, Miller, Forshey, Pullman, Gosling,* and *Schultz* Cases.

     **1.2**     "Attorneys' Fees and Costs Fund" means three million dollars ($3,000,000).

     **1.3**     "Authorized Claimant" or "Authorized Claimants" mean any Settlement Class Member who submits a valid and timely Claim Form according to the terms of this Settlement Agreement.

     **1.4**     "Claim Form" or "Claim Forms" mean the form, as approved by Class Counsel, Defendants' Counsel, and the Court, that Settlement Class Members must timely submit to receive payment under this Settlement Agreement.  The Claim Form must be substantially similar to the form attached as Exhibit D.

**1.5**    "Claim Form, Objection, and Opt-Out Deadline" shall be seventy-five (75) calendar days after the Notice Deadline.

**1.6**    "Claims Processing Costs" means the amount paid to the Settlement Administrator solely for: (i) coding for pre-population of claim forms; (ii) the cost of maintaining a toll-free telephone number and associated telephone services (*e.g.*, interactive voice response or IVR); (iii) opt-out correspondence receipt and processing; (iv) hard copy claim forms, receipt, data capture, setup and imaging; (v) downloading  online claim forms from the Settlement Website and updating the database; (vi) claim validation; and (vii) processing of deficient claim forms, including sorting, reviewing, generating cure letters and receipt and processing of responses.

**1.7**    "Claimant" or "Claimants" mean any Settlement Class Member who submits a Claim Form under this Settlement Agreement.

**1.8**    "Class Counsel" means Robbins Geller Rudman & Dowd LLP and Cuneo Gilbert & LaDuca, LLP.

**1.9**    "Court" means the United States District Court for the District of Columbia, unless otherwise specified.

**1.10**    "Deal" or "Deals" means items marketed, sold, or promoted exclusively on the LivingSocial websites, including but not limited to products, services, gift cards or credit.

**1.11**    "Deal Voucher" or "Deal Vouchers" are the vouchers presented to Merchants by Persons who purchased or received a Deal in order to obtain the subject matter of the Deal.

**1.12**    "Deal Bucks" is credit that can be used on LivingSocial's website to purchase Deals.

**1.13**    "Defendants' Counsel" means Cooley LLP.

**1.14**    "Escrow Agent" means the entity that shall perform the escrow duties set forth in this Settlement.  The Escrow Agent will be Torrey Pines Bank, Symphony Towers, 750 B Street, Suite 100, San Diego, CA 92101.

**1.15**    "Fairness Hearing" means the hearing at which the Court decides whether to approve this Agreement as being fair, reasonable, and adequate.

**1.16**    "Fairness Hearing Order and Judgment" means the proposed order and final judgment approving the settlement of this Action.  The order and final judgment shall be substantially similar to the forms attached as Exhibits F and G.

**1.17**    "Final Settlement Date" means two Court dates after the later of: (a) if no appeal from the Fairness Hearing Order and Judgment is filed, the expiration of the time for the filing or noticing of any appeal from the Fairness Hearing Order and Judgment; or (b) if an appeal from the Fairness Hearing Order and Judgment is filed, the date on which all appeals therefrom, including but not limited to petitions for rehearing or re-argument, petitions for

rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Fairness Hearing Order and Judgment. Notwithstanding the foregoing, any appeal limited solely to the issues of attorney's fees or costs shall not operate to delay the Final Settlement Date.

**1.18** "Long-Form Notice" means the legal notice of the proposed settlement terms, as approved by Class Counsel, Defendants' Counsel, and the Court, to be provided to Settlement Class Members under Section 3.3. The Long-Form Notice must be substantially similar to the form attached as Exhibit B.

**1.19** "Merchant" or "Merchants" mean all Persons with whom LivingSocial has agreed to make promotional offers for Deals through the website www.livingsocial.com. For illustrative purposes, the Parties acknowledge that Jack's Boathouse is a Merchant.

**1.20** "Named Plaintiffs" or "Plaintiffs" means Dawn Abbott, Barrie Arliss, Cara Lauer, Mandy Miller, Melissa Forshey, Kimberly Pullman, Sarah Gosling, and Amy Schultz.

**1.21** "Net Settlement Fund" means the Settlement Fund less the costs of Claims Processing Costs, Taxes, Tax Expenses, and costs incurred by the Escrow Agent, plus any interest earned on the Settlement Fund.

**1.22** "Notice Deadline" shall be thirty (30) calendar days after entry of the Preliminary Approval Order.

**1.23** "Opt-Out/Exclusion Request" means an election putative Settlement Class Members may make under Section 3.8 of this Agreement to exclude themselves from the Settlement Class.

**1.24** "Opt-Out/Exclusion Request Form" or "Opt-Out/Exclusion Request Forms" means, as approved by Class Counsel, Defendants' Counsel, and the Court, the written communication that Settlement Class Members may choose to complete and file with the Settlement Administrator in order to demonstrate that he or she wishes to be excluded from the Settlement Class. The Opt-Out/Exclusion Request Form shall be substantially similar to the form attached as Exhibit E.

**1.25** "Person" means any individual, corporation, trust, partnership, Limited Liability Company or other legal entity and their respective predecessors, successors or assigns.

**1.26** "Plaintiffs' Counsel" means all firms representing plaintiffs in class actions consolidated and transferred to the United States District Court for the District of Columbia before the Honorable Ellen S. Huvelle as Case No. 1:11-mc-00472-ESH-AK, under the title *In re LivingSocial Marketing and Sales Practices Litigation.*

**1.27** "Preliminary Approval Order" means a proposed order preliminarily approving the settlement of this Action and conditionally certifying the Settlement Class (subject to the Fairness Hearing Order and Judgment). A proposed Preliminary Approval Order is attached as Exhibit A.

**1.28**   "Released Claims" is defined in Section 5.1 below.

**1.29**   "Released Parties" is defined in Section 5.1 below.

**1.30**   "Releasing Parties" is defined in Section 5.1 below.

**1.31**   "Settlement Administrator" means the Garden City Group, Inc.

**1.32**   "Settlement Class" and "Settlement Class Members" mean all persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012.

**1.33**   "Settlement Fund" means four million, five-hundred thousand dollars ($4,500,000).

**1.34**   "Settlement Website" means a website set up by the Settlement Administrator for the purpose of providing the Settlement Class with notice of the proposed settlement, accepting submission of Claim Forms, processing Opt-Out/Exclusion Requests and posting Settlement related documents.

**1.35**   "Short-Form Notice" means the summary of the Long-Form Notice of the terms of the proposed Settlement set forth in this Agreement, as approved by Class Counsel, Defendants' Counsel, and the Court, to be provided to Settlement Class Members pursuant to Section 3.3 of this Agreement by email.  The Short-Form Notice shall be substantially in the form attached as Exhibit C.

**1.36**   "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

**1.37**   "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents (including, without limitation, expenses of tax attorneys and/or accountants and costs and expenses relating to filing (or  failing to file) the returns).

**2.**      **SETTLEMENT RELIEF**

**2.1**   **Settlement Fund.**   The Settlement Fund shall be used for the payment of (1) certain expenses of the Settlement Administrator, as set forth below; and (2) the claims of Authorized Claimants. Any Taxes, Tax Expenses, and other costs incurred by the Escrow Agent as a result of the Settlement Fund shall be paid out of the Settlement Fund.  Any remaining amounts in the Net Settlement Fund after payment has been made to the Authorized Claimants shall be distributed to the designated *cy pres* recipient(s) pursuant to Section 2.3.  If any interest or other investment income is earned on the Settlement Fund while in the control of the Escrow Agent, such interest shall be included in the Net Settlement Fund and disbursed as part of the Settlement or, if the Final Settlement Date does not occur, returned to LivingSocial as provided below.

(a)      LivingSocial shall pay the Settlement Fund or cause the Settlement Fund to be paid into an interest-bearing escrow account designated and controlled by the Escrow

Agent within twenty-five (25) calendar days after entry of the Preliminary Approval Order. LivingSocial's obligations under this Settlement Agreement shall be expressly conditioned upon performance of the agreements between it and each of its insurers relating to such contribution. If the total amount of $4,500,000 is not contributed to the Settlement Fund in accordance with the agreement between LivingSocial and its insurers, then this Settlement Agreement shall be null and void *ab initio*, the Preliminary Approval Order and any subsequent orders shall be vacated by their own terms, LivingSocial shall not be liable for the total amount of the Settlement Fund or Plaintiffs' attorneys' fees and costs, and the Parties shall revert to their respective positions in the Action.

**(b)** All funds held in the Settlement Fund by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

**(c)** The Escrow Agent may pay from the Settlement Fund, upon five (5) business days notice to Class Counsel and Defendants' Counsel, the Claims Processing Costs reasonably and actually incurred by the Settlement Administrator for Claims Processing Costs.

**(d)** Other than (a) the money paid into the Attorneys' Fees and Costs Fund, (b) any incentive awards awarded by the Court to Plaintiffs pursuant to Section 2.6, and (c) fees incurred by the Settlement Administrator minus the Claims Processing Costs, the Settlement Fund is the total amount that Defendants will pay under this Settlement for any purpose, including without limitation, to satisfy claims by Settlement Class Members and payment of any and all administrative expenses associated with the Action or this Settlement. Settlement Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Defendants of all claims that are released hereunder. Except as expressly provided by order of the Court, no Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.

**2.2    Relief Provided to Settlement Class.** Each Authorized Claimant, subject to the limitations stated below regarding proration of claims, is entitled to a one-time cash payment equal to the purchase price (also known as the "paid value") of unredeemed, expired LivingSocial Deal Vouchers, up to a maximum of 100%, properly and validly identified on the Claim Form pursuant to Section 4.1. To be entitled to receive the benefits provided under the Settlement, a Settlement Class Member must, at a minimum, possess a Deal Voucher (a) that was purchased by a Settlement Class Member for consideration or was purchased by a third-party for consideration and was received as a gift by the Settlement Class Member, (b) for which the entire Deal Voucher's value or the Deal Voucher's promotional value has expired, (c) for which the Settlement Class Member has not received a refund from LivingSocial or the Merchant for the Deal Voucher's paid value, (d) for which the Deal's paid value did not convert into Deal Bucks automatically pursuant to the Deal's terms, and (e) the Settlement Class Member has been unable to redeem and the paid value of the Deal Voucher remains unredeemed.

**(a)    Proration of Claims.** If the Settlement Administrator determines that payment of all valid and timely claims would exceed the Net Settlement Fund, all payments to Authorized Claimants will be reduced pro rata.

(b) **Manner of Payment.** Payments shall be made by check or ACH (Automated Clearing House) transfer to the Authorized Claimants. The Claim Form will contain spaces for Settlement Class Members to elect the manner of payment and to provide the Settlement Administrator with their payment information.

(c) **Timing of Payment.** The Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator between thirty (30) and forty-five (45) calendar days after (i) the Final Settlement Date, and (ii) the Claims Processing Costs have been paid.

(d) **Time to Cash Settlement Checks and Treatment of Undeliverable Checks.** Settlement Class members who receive a physical check shall have one hundred and eighty (180) calendar days within which to cash the issued check. Any funds from checks not cashed within that one-hundred-and-eighty (180) calendar day period or funds from checks returned as undeliverable shall be returned to the Net Settlement Fund and distributed to the *cy pres* recipient(s) set forth and in the manner identified in Section 2.3. Additionally, failure of a Claimant who elects payment by ACH to provide sufficient or correct information to permit payment to an account, or the return or failure to pay electronically, shall result in a reversion of those untransferred funds to the Net Settlement Fund.

(e) **Settlement Administrator Costs.** All costs due the Settlement Administrator, with the sole exception of Claims Processing Costs which shall be deducted or reimbursed from the Settlement Fund, shall be borne by LivingSocial.

**2.3** *Cy Pres* **Distribution.** Subject to Court approval, between thirty (30) and forty-five (45) calendar days after the deadline for Settlement Class members to cash the settlement checks pursuant to Section 2.2(d), any residual funds remaining in the Net Settlement Fund will be paid to the following entities: (1) the National Consumers League; and (2) the Consumers Union. Subject to Court approval, the *cy pres* distribution shall be allocated 50%-50% between the two organizations.

**2.4** **Injunctive Relief.**

(a) LivingSocial shall make the changes in practice listed below in Sections 2.4(a)(i)–(v) no later than thirty (30) calendar days after the Final Settlement Date. These changes shall remain in place until and including three (3) years after the Final Settlement Date. With respect to LivingSocial's agreements to make certain statements, statements that are substantially similar to those provided below shall be sufficient to comply with this Section and Settlement Agreement. The changes outlined below are to apply to Deal Vouchers promoted or sold on the LivingSocial website www.livingsocial.com and all other Deals listed in Section 1.10.

(i) For Deals which contain any expiration date applicable to any portion of the Deal value, and that can be broken into those two components, such Deals shall have their value split into "paid value" and "promotional value" portions by: (A) specifically identifying the paid and promotional values on the Deal Vouchers; (B) specifically identifying the paid and promotional values on the LivingSocial website; (C) including the term

"promotional" and "paid" and capitalizing the associated expiration dates in at least 10-point font in capital letters on the Deal Voucher; and (D) including the term "promotional" and "paid" and capitalizing the associated expiration dates in at least 10-point font in capital letters on the LivingSocial website.

(ii)     For each LivingSocial Deal that can be broken into two components, and which contain any expiration date, the paid value shall not expire prior to (A) the period of expiry provided for gift cards and gift certificates in the CARD Act, and (B) the period of expiry provided for gift cards and gift certificates in the state in which the Merchant is located, whichever period is longer.

(iii)     LivingSocial will state in its terms and conditions that a Person may request a refund of the amount paid for any unredeemed Deal Voucher within seven (7) days of the purchase to the Person's relevant credit/debit card or other payment mechanism in a manner consistent with those terms and conditions by contacting LivingSocial through the displayed webpage or webform.

(iv)     LivingSocial will include a hyperlink to its terms and conditions on the Deal check-out page, near where customers click on a button to process a purchase transaction;

(v)     LivingSocial will include in its terms and conditions a webpage or webform that Persons can use to request a refund of the paid value of their Deal if the Deal is unredeemed and the Merchant has gone out of business before the promotional period expires.

(b)     LivingSocial shall *not* be required to comply with Sections 2.4(a)(i)–(ii) above (*i.e.*, split a Deal Voucher into "paid value" and "promotional value" portions) for any Deal (i) of the type that cannot be broken into those two components; (ii) with governing terms that provide that the Deal's purchase price will be refunded to the customer (in Deal Bucks or to the customer's credit/debit card) if the customer does not use the Deal prior to its expiration date; (iii) that has a period of expiry for the full value of the voucher (*i.e.*, paid and promotional) that is equal to or longer than both the period of expiry provided for gift cards and gift certificates in the CARD Act and the law of the state in which the Merchant is located, or (iv) for a ticketed or dated event or package or an event or service that by its nature is limited in time (*e.g.*, entry to Halloween haunted house).

(c)     This Settlement Agreement and LivingSocial's change in policies, practices, and procedures shall in no way expand or restrict the scope of the CARD Act, the CARD Act's implementing regulations, and State Statutes, if such rule(s), regulation(s), and/or law(s) apply(ies) to the practices alleged in the Complaint, and is subject to any changes in federal or state law (either by statutory or regulatory amendment or court opinion). This Agreement shall in no way require LivingSocial to notify Plaintiffs or Class Counsel of any changes to its policies, practices, and procedures in the future so long as such changes comply with at least one of the following limitations: (a) such changes are unrelated or not contrary to the agreements stated in Section 2.4 of this Settlement Agreement; (b) such changes are made more than three (3) years after the Final Settlement Date; (c) such changes are more consumer friendly than the terms stated in Section 2.4 of this Settlement Agreement; or (d) such changes

are made in light of changes in federal or state law (either by statutory or regulatory amendment or court opinion).

**(d)**     Nothing in Section 2.4 or this Settlement Agreement shall require LivingSocial to continue to promote Deals.

**(e)**     Other than as specified in this Section 2.4, LivingSocial shall not be required to agree to any other change in practice or undertaking in connection with the Settlement.

**2.5     Attorneys' Fees and Costs.**

**(a)**     Plaintiffs will petition the Court for no more than three million dollars ($3,000,000), total, for attorneys' fees and costs.  Defendants agree that they will not oppose any application for attorneys' fees and costs for three million dollars ($3,000,000) or less.

**(b)**     LivingSocial shall pay the Attorneys' Fees and Costs Fund or cause the Attorneys' Fees and Costs Fund to be paid into an interest-bearing escrow account designated and controlled by the Escrow Agent within twenty-five (25) calendar days after entry of the Preliminary Approval Order.  LivingSocial's obligations under this Settlement Agreement shall be expressly conditioned upon performance of the agreements between it and each of its insurers relating to such contribution.  If the total amount of $3,000,000 is not contributed to the Attorneys' Fees and Costs Fund in accordance with the agreement between LivingSocial and its insurers, then this Settlement Agreement shall be null and void *ab initio*, the Preliminary Approval Order and any subsequent orders shall be vacated by their own terms, LivingSocial shall not be liable for the total amount of the Settlement Fund or Plaintiffs' attorneys' fees and costs, and the Parties shall revert to their respective positions in the Action.  Any interest earned on the Attorneys' Fees and Costs Fund shall be paid into the Attorneys' Fees and Costs Fund.  Any taxes, tax expenses and escrow-related costs related to the Attorneys' Fees and Costs Fund shall be paid out of the Attorneys' Fees and Costs Fund.

**(c)**     Class Counsel will file any opening papers supporting their request for attorneys' fees and costs with the Court twenty-one (21) Court days prior to the Claim Form, Objection and Opt-Out Deadline.  Unless otherwise ordered by the Court, any response by Plaintiffs to any objections to Class Counsel's request for attorneys' fees and costs must be filed on or before one-hundred-and-twenty (120) calendar days after the entry of the Preliminary Approval Order, or fourteen calendar days (14) before the Fairness Hearing, whichever is later.

**(d)**     If payment of attorneys' fees and costs is approved by the Court, payment of the amount awarded by the Court to Class Counsel shall be made out of the Attorneys' Fees and Costs Fund to Robbins Geller Rudman & Dowd LLP, which shall have joint control over and responsibility with Cuneo Gilbert & LaDuca, LLP to distribute any payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under this Settlement.

**(e)**     If payment of attorneys' fees and costs is approved by the Court, payment of the amount awarded by the Court to Class Counsel shall be provided within five (5) business

days after (i) Robbins Geller Rudman & Dowd LLP provides the Escrow Agent with its Form W-9; and (ii) the entry of the Fairness Hearing Order and Judgment.

**(f)**      Within five (5) business days after payment of Class Counsel is complete, any funds remaining in the Attorneys' Fees and Costs Fund shall be paid into the Settlement Fund.

**(g)**      In the event the Fairness Hearing Order and Judgment is reversed on appeal or the awards of attorneys' fees and reimbursement of costs are reduced on appeal, Class Counsel shall within five (5) business days from receiving notice of the applicable court order, cause the fees, expenses and costs paid to them from the Attorneys' Fees and Costs Fund to be placed into the Settlement Fund in an amount consistent with such reversal or modification, plus any interest earned thereon at a rate equal to the rate earned by the Settlement Fund.  Class Counsel shall be jointly and severally liable to the Settlement Fund and to LivingSocial for the repayment of such amounts by such Class Counsel. Class Counsel, as a condition to the receipt of payment prior to the Final Settlement Date, shall deliver to the Escrow Agent and to Defendants' Counsel a promissory note executed by the law firms Robbins Geller Rudman & Dowd, LLP and Cuneo Gilbert & LaDuca, LLP, on behalf of the firms, acknowledging and agreeing to their obligations under this Section 2.5(g) and agreeing to the jurisdiction of the Court for the purpose of enforcing this Section 2.5(g).

**(h)**      Class Counsel's fee and costs application and the Court's decision to grant or deny it, in whole or in part, are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceedings relating to attorneys' fees and costs, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Fairness Hearing Order Judgment approving the Settlement and this Settlement Agreement.  No order of the Court or modification or reversal on appeal of any order of the Court reducing any award of attorneys' fees and costs shall constitute grounds for cancellation or termination of this Agreement.

**2.6**      **Incentive Award to Named Plaintiffs.**  Plaintiffs agree to petition the Court for an incentive award for Named Plaintiffs not to exceed five hundred dollars ($500) each for Named Plaintiffs who did not provide deposition testimony and twenty-five hundred dollars ($2,500) each to Named Plaintiffs who provided deposition testimony (*i.e.*, Dawn Abbott, Cara Lauer, and Melissa Forshey).  Defendants agree that they will not oppose any application for an incentive award in these amounts.  If the Court approves the Settlement of these Actions and incentive awards to Named Plaintiffs, LivingSocial will pay the incentive awards approved by the Court up to five hundred dollars ($500) each for Named Plaintiffs who did not provide deposition testimony and twenty-five hundred dollars ($2,500) each to Named Plaintiffs who provided deposition testimony.  Payment to Named Plaintiffs shall be provided within five calendar days after *all* of the following have occurred: (i) LivingSocial is provided with a Form W-9 for each Named Plaintiff; and (ii) the Final Settlement Date.

**2.7**      **Releases.**  The Parties agree that the releases stated in Sections 5.1 and 5.2 are material parts of this Settlement and are hereby incorporated into this Section as if fully stated herein.

## 3.   PRELIMINARY APPROVAL, NOTICE TO THE CLASS, AND FAIRNESS HEARING

**3.1   Cooperation to Obtain Court Approval.**   The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement.

**3.2   Preliminary Approval and Class Certification.**   As noted below, the Parties shall take all reasonable steps to obtain approval of the Preliminary Approval Order in substantially similar form to Exhibit A.

**(a)**   As soon as practicable after this Settlement Agreement is signed, the Parties shall jointly move the Court for an order that:

**(i)**   preliminarily approves this Settlement Agreement as falling within the range of reasonableness meriting possible final approval;

**(ii)**   determines that the notices and procedures set forth in Section 3.3 below meet the requirements of Rule 23(c), are the best practicable notice under the circumstances to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, opt-out of the Settlement Class, or participate within the timeframe provided herein, and are reasonable and constitute due, adequate and sufficient notice to all those entitled to receive notice;

**(iii)**   directing the Class Notice to be disseminated in the manner set forth in Section 3.3 below;

**(iv)**   staying all proceedings in the Action retroactively from June 14, 2012, until the Court renders a final decision on approval of the Settlement;

**(v)**   setting a schedule and procedures for Settlement Class Members to object to or request exclusion from the Settlement; and

**(vi)**   scheduling the Fairness Hearing for at least one hundred-and-thirty-four (134) calendar days after entry of the Preliminary Approval Order.

**(b)**   Concurrently with the joint motion for preliminary approval of the Settlement Agreement, Plaintiffs shall move for an order:

**(i)**   provisionally certifying, for settlement purposes only, under Rule 23(a) and (b)(3) the Settlement Class;

**(ii)**   determining preliminarily that the Named Plaintiffs are members of the Settlement Class and that, for purposes of the Settlement, they satisfy the requirement of Rule 23 and that they adequately represent the interests of the Settlement Class Members, and appoint them as the representatives of the Settlement Class; and

(iii)      appointing the law firms of Robbins Geller Rudman & Dowd LLP and Cuneo Gilbert & LaDuca, LLP as Class Counsel for settlement purposes only, pursuant to Rule 23(g).

**3.3    Notice to the Settlement Class.**  Subject to the Court approval, the Parties agree that starting no later than the Notice Deadline, the Settlement Administrator will provide the Settlement Class with notice of the proposed Settlement by the following methods:

(a)    **Settlement Website.**  The Settlement Administrator will set up an Internet website that will be active starting on or before the Notice Deadline and until ninety (90) calendar days after the Final Settlement Date.  The Settlement Website will post the following documents.

(i)      The Long-Form Notice.   The Long-Form Notice shall be substantially similar to the form attached as Exhibit B.  In addition to posting the Long-Form notice in PDF format, the Settlement Administrator shall work with the Parties to convert the Long-Form Notice into a "Frequently Asked Questions" (or FAQs) webpage that contains answers to the FAQs.

(ii)      The Claim Form. The Claim Form shall be substantially similar to the form attached as Exhibit D.  The Claim Form should be formatted in both an electronic version that allows for online submission via the Settlement Website and a PDF version that Settlement Class Members may submit by U.S. postal mail.  The Claim Form may be removed from the Settlement Website the day after the Claim Form, Objection, and Opt-Out Deadline.

(iii)      The Opt-Out/Exclusion Request Form.   The Opt-Out/Exclusion Request Form shall be substantially similar to the form attached as Exhibit E.   The Opt-Out/Exclusion Request Form should be formatted in both an electronic version that allows for online submission via the Settlement Website and a PDF version that Settlement Class Members may submit by U.S. postal mail.  As noted in Section 3.8 below, as an alternative to using the Opt-Out/Exclusion Request Form, Settlement Class Members may elect to communicate their opt-out election by email, postcard or letter.   The Opt-Out/Exclusion Request Form may be removed from the Settlement Website the day after the Claim Form, Objection, and Opt-Out Deadline.

(iv)      The following pleadings: the Complaint, the Settlement Agreement, the Preliminary Approval Order, and the briefing in support of entry of the Preliminary Approval Order.  Additionally, the following pleadings shall be posted within seven (7) calendar days after these pleadings are filed with the Court: Class Counsel's motion in support of any request for attorneys' fees and costs, Plaintiffs' motion in support of any request for an incentive award, and any briefing in support of entry of the Fairness Hearing Order and Judgment.

(b)    **Short-Form Notice.**  The Settlement Administrator shall send the Short-Form Notice to Settlement Class Members (including Settlement Class Members who have requested not to receive further emails from LivingSocial) at the email address for the Settlement Class Members that is contained in LivingSocial's records.  For the purposes of this subsection,

LivingSocial will use reasonable efforts to ascertain which Persons whose email addresses it has in its records are Settlement Class Members.

**(c)   Notice Sufficient.**  The Parties agree that the notice methods described in this Section 3.3 are appropriate and further agree not to engage in any other form of non-Court-sanctioned publicity or notice efforts relating to this Settlement or the Actions.

**3.4   CAFA Notice.**  On or before ten (10) calendar days after the Settlement Agreement is publicly filed with the Court, Defendants shall serve or cause to be served upon the relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. §1715.

**3.5   Inquiries from Settlement Class Members.**  The Settlement Administrator will establish an email account and P.O. Box to which Settlement Class Members may submit questions regarding the Settlement.  The Settlement Administrator will monitor the email account and P.O. Box and respond promptly to inquiries received from Settlement Class Members.  Additionally, the Settlement Administrator will establish and operate a toll-free settlement telephone number having interactive voice response ("IVR") capabilities.  The Settlement Administrator shall work with the Parties to convert the Long-Form Notice into FAQs and pre-recorded answers to the FAQs that will be provided via the IVR system.

**3.6   Proof of Notice.**  On or before ten (10) calendar days after the Claim Form, Objection, and Opt-Out Deadline, the Settlement Administrator shall provide Defendants' Counsel and Class Counsel with a declaration confirming that it provided the Settlement Class with notice of the proposed settlement in accordance with Section 3.3.  One of the Parties shall file this declaration with the Court prior to the Fairness Hearing.

**3.7   Objections.**  Any Settlement Class Member who has not submitted a timely and valid Opt-Out/Exclusion Request and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or the incentive awards, must deliver written objections to the Court, Class Counsel and Defendants' Counsel, pursuant to Section 3.7(a)-(d) on or before the Claim Form, Objection and Opt-Out Deadline.

**(a)**   Written objections must include: (i) the title and case number of the consolidated action: "*In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (ii) the full name, address, telephone number (optional) and email address associated with the LivingSocial account of the person objecting; and (iii) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). The version of the written objection filed with the Court may redact the objecting individual's telephone number and email address. Objectors must, however, provide the email address associated with their LivingSocial account to Class Counsel and Defendants' Counsel so that LivingSocial can verify whether the objector is a Settlement Class Member. Objections discussing only the merits of the Action or the appropriateness of it being brought will not be valid.

**(b)**     Written objections must be delivered to Class Counsel, Defendants' Counsel and the Court by mail.

**(c)**     The delivery and filing date of the objection is deemed to be the date the objection is deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Defendants' Counsel.

**(d)**     Any Settlement Class Member who files and serves a written objection (as described in this Section 3.7), has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or the incentive award.  However, Settlement Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, must also deliver to Class Counsel and Defendants' Counsel, and file with the Court, a "Notice of Intention to Appear" which identifies any evidence he/she plans to present at the Fairness Hearing, on or before the Claim Form, Objection and Opt-Out Deadline.  Only Settlement Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.

**3.8     Opt-Out/Exclusion Requests.**  Settlement Class Members may elect not to be part of the Settlement Class (i.e., to be excluded from or to "opt-out" of the Settlement Class) and not to be bound by this Settlement Agreement.

**(a)     Manner of Making Exclusion Request.**  To make an Opt-Out/Exclusion Request, Settlement Class Members must send by email or mail a letter or postcard to the Settlement Administrator stating: (a) the title of the consolidated action: "*In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (b) the full name, address, telephone number (optional) and email address associated with the LivingSocial account of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement.  Settlement Class Members may, but are not required to, use the form attached hereto as Exhibit E.  No Opt-Out/Exclusion Request will be valid unless all of the information above is included.  So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and deemed invalid.  If submitted by mail, the letter, postcard or form on which the request for exclusion is made must be postmarked on or before the Claim Form, Objection and Opt-Out Deadline, with postage paid by the person requesting exclusion.  If submitted electronically or by email, the Opt-Out/Exclusion Request must be submitted by 11:59 p.m. Eastern on or before the Claim Form, Objection and Opt-Out Deadline.  Any Settlement Class Member who does not serve a valid and timely written Opt-Out/Exclusion Request shall be bound by all subsequent proceedings, orders and judgments.  Only Settlement Class Members who serve valid and timely Opt-Out/Exclusion Requests will be deemed to have opted out of the Settlement Class, unless the Court orders otherwise.

**(b)     Exclusion List.**  On or before ten (10) calendar days after the Claim Form, Objection and Opt-Out Deadline, the Settlement Administrator shall provide Defendants' Counsel and Class Counsel with a list of Settlement Class Members who have timely and validly excluded themselves from the Settlement Class.  The Parties must file with the Court a complete

list of all Settlement Class Members who have validly and timely excluded themselves from the Settlement Class with the declaration described in Section 3.6.

> **(c)     Termination Clause.** If more than five thousand (5,000) Settlement Class Members request exclusion, then Defendants may, in their sole discretion, at any time notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  Such notification of intent to terminate the Settlement Agreement must be provided a minimum of seven (7) calendar days before the filing deadline for the motion seeking approval of the Fairness Hearing Order and Judgment.  If this Settlement Agreement is terminated, it will be deemed null and void *ab initio*.  In that event: (i) the Preliminary Approval Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation (including any declarations and briefs filed in support of the motion for preliminary or final approval) will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.  The Parties expressly acknowledge that in the event this termination clause is invoked, then Section 6 of this Settlement applies, and therefore they expressly incorporate Section 6's terms by this reference as if set forth fully herein.

**3.9     Fairness Hearing Order and Judgment.**  As noted below, the Parties shall take all reasonable steps to obtain approval of the Fairness Hearing Order and Judgment in substantially similar forms to Exhibit F and Exhibit G.

> **(a)**     Plaintiff will move for the Court to finally certify the Settlement Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

> **(b)**     The Parties will jointly move for Court to finally approve the Settlement Agreement.  Unless otherwise set by the Court, the motion shall be filed on or before one-hundred-and-twenty (120) calendar days after entry of the Preliminary Approval Order, or fourteen calendar days (14) before the Fairness Hearing, whichever is later.  Subject to the Court's approval, the Fairness Hearing Order and Judgment shall, among other things:

> > **(i)**     find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

> > **(i)**     find that all Parties complied with their obligations under the Preliminary Approval Order;

> > **(ii)**     find that Defendants complied with their obligations under 28 U.S.C. §1715;

> > **(iii)**     finally approve the Agreement and Settlement, finding it was entered into in good faith, is reasonable, fair and adequate, and it is in the best interest of the Settlement Class;

> > **(iv)**     issue orders related to approval of the payment of incentive awards to Plaintiffs and payment of attorneys' fees and costs to Class Counsel;

        **(v)**     incorporate the Settlement Agreement's releases into the Fairness Hearing Order and Judgment;

        **(vi)**     bar and enjoin any action contrary to the terms of the Settlement Agreement;

        **(vii)**     dismiss the Action with prejudice; and

        **(viii)**     retain jurisdiction over the Action and the Parties relating to the administration, consummation, and/or enforcement of the Agreement and/or the Fairness Hearing Order and Judgment and for any other necessary purpose.

## 4.    CLAIMS ADMINISTRATION

**4.1**    **Claim Form.**  To be entitled to receive class relief, as described in Section 2.2 above, a Settlement Class Member must timely and accurately complete and submit to the Settlement Administrator a Claim Form.  The Claim Form shall be substantially similar to the form attached to this Agreement as Exhibit D.

        **(a)**     To the extent possible, each Settlement Class Member's Claim Form will be pre-populated with the following information upon the Settlement Class Member entering his or her name and email address associated with the Settlement Class Member's LivingSocial account(s) and/or unique identifier assigned by the Settlement Administrator when transmitting the Short-Form Notice: (i) the Deals the Settlement Class Member received that (A) were purchased for consideration, (B) have expired in their entirety or had their paid value expire, and (C) have not had their paid value refunded by LivingSocial or the paid value converted into Deal Bucks; and (ii) identifying information for each Deal, including but not limited to the unique voucher number, Merchant name, and the Deal's paid value and description.

        **(b)**     The Settlement Class Member must state or confirm under the penalty of perjury on the Claim Form all of the following information:

        **(i)**     The name and email address associated with the Settlement Class Member's LivingSocial account(s);

        **(ii)**     that he or she agrees to the release in the Settlement;[1]

        **(iii)**     that the paid value of Deals pre-populated in the Claim Form are correct, and if the list is not correct or complete, identification of the additional LivingSocial

---

[1] The Claim Form need not contain the full release.  Rather, it may state that the Settlement Class Member received notice of the Settlement and that the Settlement Class Member agrees to release all the claims against LivingSocial and the Merchants according to the terms of the Settlement. The Claim Form shall also provide the URL for the Settlement Website identified in Section 3.3.

Deals that that the Settlement Class Member received that were purchased for consideration and the unique voucher number associated with each Deal purchased or acquired;

   **(iv)** of the Deals identified in Section 4.1(b)(iii), the number of LivingSocial Deals whose entire or promotional value (*i.e.*, the undiscounted value of the goods and services minus the amount paid for the Deal) has expired;

   **(v)** of the Deals identified in Section 4.1(b)(iv), the number of Deals that the Class Member still holds, meaning Deals that the Class Member has not sold or given away, Deals for which the Class Member has *not* received a whole or partial refund from LivingSocial or the Merchant, and Deals for which the Class Member has not yet redeemed the entirety of the amount that was paid for the Deal (*i.e.*, the Deal's paid value); and

   **(vi)** of the Deals identified in Section 4.1(b)(v), the identity of the Deals for which the Settlement Class Member wishes to receive the class relief.

  **(c)** The Claim Form must be submitted no later than the Claim Form, Objection, and Opt-Out Deadline.  If sent by mail the Claim Form must be postmarked by the Claim Form, Objection, and Opt-Out Deadline.  If submitted electronically through the Settlement Website, it must be submitted by 11:59 p.m. (Eastern) on the Claim Form, Objection, and Opt-Out Deadline.

  **4.2** **Claims Review Process.** The Settlement Administrator shall review all submitted Claim Forms within a reasonable time to determine each Claimant's eligibility for class relief, and the amount of such relief, if any.  To be considered an "Authorized Claimant" a Claimant must submit a valid and timely Claim Form consistent with Section 4.1.  Starting two weeks after the Notice Deadline, the Settlement Administrator shall provide weekly reports to Defendants' Counsel and Class Counsel concerning the Claim Forms received during the prior week.  Claim Forms that do not meet the submission requirements shall be rejected.  Prior to rejection of a Claim Form, the Settlement Administrator shall communicate with the Claimant in an effort to remedy curable deficiencies in the Claim Form submitted.  Thereafter, the Settlement Administrator shall notify, in a timely fashion, all Claimants whose Claim Forms it proposes to reject in whole or in part, setting forth the reasons therefor.  If the Claim Form at issue was submitted by mail the Settlement Class Member shall be notified by mail to the original address used.  If the Claim Form at issue was submitted by electronically the Settlement Class Member shall be notified by email to the original email address used.  Should a Claimant dispute the Settlement Administrator's determination whether they are an Authorized Claimant, the matter shall be submitted to Class Counsel and Defendants' Counsel for resolution, and if no resolution is reached, the determination of the Settlement Administrator will be final.

  **4.3** **Treatment of Deals Identified in Claim Forms.** All Deals that Authorized Claimants indentified in Section 4.1(b)(vi) for which the Authorized Claimants receive payment shall no longer be redeemable for any amount at the relevant Merchant nor eligible for any refund from LivingSocial.

## 5. RELEASES

**5.1    Settlement Class Member's Release.**  Upon the entry of the Fairness Hearing Order and Judgment, Settlement Class Members and Plaintiffs in their representative capacity, who do not validly and timely request to be excluded from the proposed Settlement, whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, and each of their respective successors, assigns, legatees, heirs, and personal representatives (collectively the "Releasing Parties") shall be deemed to have fully, finally, and forever released, relinquished, and discharged Defendants and Merchants, including, but not limited to, any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, direct or indirect parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, and any other individuals or entities in which Defendants and Merchants has or have a controlling interest, to which Defendants and Merchants is or are related, or with which it is or are affiliated, and all persons acting by, through, under, or in concert with them, or any of them (collectively the "Released Parties"), from any and all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including, but not limited to punitive, exemplary or multiplied damages), charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known and/or unknown claims, in law or equity, fixed or contingent, accrued or unaccrued, direct, derivative, individual, representative, or in any other capacity which the Releasing Parties have or may have against the Released Parties arising out of or relating to any of the acts, omissions, or other conduct that was or could have been alleged in the Actions, including but not limited to any and all acts, omissions, or other conduct asserting claims under the CARD Act or State Statutes or related to any of the allegations regarding the advertising, marketing, promotion, sale, redemption, or use of LivingSocial Deals alleged in the Actions, including but not limited to allegations regarding any use of any purported expiration dates on LivingSocial Deal Vouchers, and regarding any other practice, conduct, or presentation of "daily deals," "fine print," "terms," other terms of use or terms of sale, disclaimers, allegations of improper time pressure placed on customers or requirements to use LivingSocial Deal Vouchers in one visit, restrictions on ability to receive cash-back, failures of disclosure, failure to honor vouchers according to their terms, failure to honor promotional value, failure to honor paid value, or related to or arising out of any of the other allegations or claim raised in any of the Actions, or that could have been alleged based on the allegations raised in any of the Actions ("Released Claims").

In addition, the Releasing Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY**

**AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by the Releasing Parties and their counsel to be true, and they expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, the Releasing Parties agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**5.2    Plaintiffs' General Release.**  Upon the entry of the Fairness Hearing Order and Judgment, Plaintiffs in their individual capacity, and each and any spouse, parent, child, heir, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assign, legatee, personal representative of any kind, shareholder, partner, director, employee, or affiliate of his/hers, shall be deemed to have fully, finally, and forever released, relinquished, and discharged Defendants and Merchants, including, but not limited to, any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, direct or indirect parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, and any other individuals or entities in which Defendants and Merchants has or have a controlling interest, to which Defendants and Merchants is or are related, or with which it is or are affiliated, and all persons acting by, through, under, or in concert with them, or any of them from any and all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including, but not limited to punitive, exemplary or multiplied damages), charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known and/or unknown claims, in law or equity, fixed or contingent, accrued or unaccrued, direct, derivative, individual, representative, or in any other capacity.

In addition, Plaintiffs in their individual capacities only, and each of their successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Plaintiffs and Plaintiffs' Counsel to be true, and they

expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts.  Further, Plaintiffs agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**5.3    Defendants and Released Parties Release.**  Upon the entry of the Fairness Hearing Order and Judgment,  each of the Defendants, Released Parties and any Person claiming through them shall be deemed to have fully, finally and forever released, relinquished and discharged each and all of Plaintiffs, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys (including Plaintiffs' Counsel), accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of the Actions or the Released Claims.

**6.      TERMINATION OF SETTLEMENT**

**6.1    Actions Status if Settlement Not Approved.**  This Settlement Agreement is being entered into for settlement purposes only.  If the Court conditions its approval of either the Preliminary Approval Order or the Fairness Hearing Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Fairness Hearing Order and Judgment, or if the Final Settlement Date cannot occur for any reason, then this Settlement Agreement will be deemed null and void *ab initio*.  In that event: (a) the Preliminary Approval Order, the Fairness Hearing Order and Judgment (if applicable), and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating any and all rulings regarding class certification for settlement purposes, including conditional certification of the Class, conditional appointment of Plaintiffs as class representatives, and conditional appointment of Class Counsel; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c)(i) no term or draft of this Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor (iii) any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Fairness Hearing Order and Judgment), will have any effect or be admissible into evidence, or be used or relied upon by any expert witness, for any purpose in the Action or any other proceeding.  If the Court does not approve the Settlement or enter the Fairness Hearing Order and Judgment for any reason, or if the Final Settlement Date cannot occur for any reason, the Parties shall retain all their respective rights.

**6.2    Treatment of Settlement Fund and Attorneys' Fees and Costs Fund if Settlement Terminated.**  Unless otherwise ordered by the Court, in the event the Settlement is terminated for any reason, then within ten (10) business days after the Parties have provided the Court with notice that they are invoking this Section 6.2, the Escrow Agent shall return the Settlement Fund and Attorneys' Fees and Costs Fund (including accrued interest), less expenses and any costs which have either been disbursed or incurred, including Taxes and Tax Expenses,

to LivingSocial pursuant to written instructions from Defendants' Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and Attorneys' Fees and Costs Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to LivingSocial.

**6.3    Dates Following Termination of the Settlement.** As part of their notice to the Court that the Settlement has been terminated and that they are invoking Section 6.2, the Parties shall request the Court for a status conference at which future dates and deadlines can be set, including resetting the hearings on the motions taken off calendar by the Court on June 25, 2012, if so requested by the Parties. The Parties agree that no deadline stated in the Court's October 20, 2012 Scheduling Order (Dkt. No. 6) that occurred after June 14, 2012 will be deemed to have passed or accrued.

## 7.    MISCELLANEOUS PROVISIONS

**7.1    Judgment and Enforcement.** The Parties agree that the Court shall retain exclusive and continuing jurisdiction of the Action, the Parties, Settlement Class Members and the Settlement Administrator to interpret and enforce the terms, conditions, and obligations of this Agreement. The Parties further agree that should the Court grant final approval of the proposed settlement, the Fairness Hearing Order and Judgment shall include a provision for the retention of the Court's exclusive jurisdiction over the Parties to enforce the terms, conditions, and obligations of this Settlement Agreement.

**7.2    Defendants' Denial of Wrongdoing.** This Settlement Agreement reflects the Parties' compromise and settlement of the disputed claims and the Settlement is to be construed solely as a reflection of the desire of the Parties hereto to facilitate a resolution of the claims in the Action. The Parties hereto agree that no Party was or is a "prevailing party" in this case. This Settlement's provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession by any Defendants of any wrongdoing (including, but not limited to whether or not the LivingSocial Deals are governed by federal and/or state law governing gift cards or gift certificates), or matters respecting class certification, by any person or entity and cannot be offered or received into evidence or requested in discovery in the Actions or any other action or any judicial (whether civil or criminal), administrative, regulatory or other proceeding, as evidence of an admission, concession, or presumption regarding such matters.

**7.3    No Tax Liability.** No opinion concerning the tax consequences of the Settlement to any Settlement Class Member is given or will be given by Defendants, Defendants' Counsel, Class Counsel and Plaintiffs' Counsel; nor is any Party or their counsel providing any representation or guarantee respecting the tax consequences of the Settlement as to any Settlement Class Member. The Class Notice will direct Settlement Class Members to consult their own tax advisors regarding the tax consequences of the Settlement and any tax reporting obligations with respect thereto. Each Settlement Class Member is responsible for his/her tax reporting and other obligations respecting the Settlement, if any.

**7.4     Change of Time Periods.**  All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Settlement Class.

**7.5     Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that they, including Plaintiffs in their representative capacity on behalf of the Settlement Class, are the only persons having any interest in the claims asserted in these Actions.  Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other Persons.

**7.6     Voluntary Agreement.**  The Parties have negotiated the settlement at arms length and in good faith, with assistance from the Honorable Edward A. Infante (Ret.) of JAMS Alternative Dispute Resolution, and have executed this Settlement Agreement knowingly, voluntarily, and without duress or undue influence.

**7.7     Binding on Successors.**  This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

**7.8     Parties Represented by Counsel.**  The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation and preparation of this Settlement Agreement; (b) they have read this Settlement Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

**7.9     Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**7.10    Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth herein.

**7.11    Construction and Interpretation.**  Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in any judicial or other proceeding that may arise between them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

**7.12    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**7.13    Exhibits.**  The exhibits to this Settlement Agreement are integral parts of it and are incorporated into this Settlement Agreement as though fully set forth herein.

**7.14    Modifications and Amendments.**  No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

**7.15    Governing and Choice of Law.**  This Settlement Agreement shall be construed under and governed by the laws of the District of Columbia, applied without regard to laws applicable to choice of law.  Venue for any dispute arising under the agreement is solely and exclusively the United States District Court for the District of Columbia, as set forth in Section 7.1.

**7.16    Notices.**  Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendants to the attention of Defendants' Counsel, and if to Settlement Class Members to the attention of Class Counsel on their behalf.  All notices to the Parties or counsel required by the Settlement Agreement shall be made in writing and communicated by fax and mail to the following addresses:

| Notice to Plaintiffs: | Notice to Defendants: |
|---|---|
| John J. Stoia, Jr. (johnS@rgrdlaw.com)<br>Rachel L. Jensen (rachelJ@rgrdlaw.com)<br>Thomas R. Merrick (tmerrick@rgrdlaw.com)<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 W Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) | Michael G. Rhodes (rhodesmg@cooley.com)<br>COOLEY LLP<br>101 California Street, 5th Floor<br>San Francisco, CA  94111<br>Telephone: 415/693-2181<br>415/693-2222 (fax) |
| Charles J. LaDuca (charlesl@cuneolaw.com)<br>William H. Anderson<br>(wanderson@cuneolaw.com)<br>CUNEO GILBERT & LADUCA, LLP<br>507 C Street, NE<br>Washington, D.C.  20002<br>Telephone: 202/789-3960<br>202/789-1813 (fax) | Michelle C. Doolin (doolinmc@cooley.com)<br>Darcie A. Tilly (dtilly@cooley.com)<br>COOLEY LLP<br>4401 Eastgate Mall<br>San Diego, CA  92121<br>Telephone: 858/550-6000<br>858/550-6420 (fax) |

**7.17    Further Assurances.**  The Parties must execute and deliver any additional papers, documents and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Settlement Agreement and to carry out its expressed intent.

**7.18    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to any action, suit, or other proceedings that may be instituted, prosecuted or attempted against the Released Parties contrary to this Settlement Agreement.

**7.19    Execution Date.**  This Settlement Agreement is deemed executed on the last date it is signed by all of the undersigned.

**7.20    Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument.  Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies, PDFs, or facsimiles of executed copies of this Settlement Agreement may be treated as originals.

**7.21    Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**7.22    Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect.  Provided, however, that if the provision declared to be invalid, void, or unenforceable is material, the Parties shall (a) attempt to renegotiate the Settlement or, (b) if that proves unavailing, either Party may terminate the Settlement Agreement (such that Section 6 applies), and such termination shall be deemed to cause no prejudice to any Party.

**7.23    Inadmissibility.**  This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to it are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction.  Further, neither this Settlement Agreement, the settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding affect of the Fairness Hearing Order and Judgment.

**7.24    No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**7.25    List of Exhibits.**  The following exhibits are attached to this Settlement Agreement:

Exhibit A – [Proposed] Preliminary Approval Order

Exhibit B – Long-Form Notice

Exhibit C – Short-Form Notice

Exhibit D – Claim Form

Exhibit E – Opt-Out/Exclusion Request Form

Exhibit F – [Proposed] Fairness Hearing Order

Exhibit G – [Proposed] Final Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated: _10/18/12_

**PLAINTIFF DAWN ABBOTT**

_____
Dawn Abbott,
Individually and in her Representative Capacity

Dated:_____

**PLAINTIFF BARRIE ARLISS**

_____
Barrie Arliss,
Individually and in her Representative Capacity

Dated:_____

**PLAINTIFF CARA LAUER**

_____
Cara Lauer,
Individually and in her Representative Capacity

Dated:_____

**PLAINTIFF MANDY MILLER**

_____
Mandy Miller,
Individually and in her Representative Capacity

Dated:_____

**PLAINTIFF SARAH GOSLING**

_____
Sarah Gosling,
Individually and in her Representative Capacity

Dated:_____

**PLAINTIFF MELISSA FORSHEY**

_____
Melissa Forshey,
Individually and in her Representative Capacity

10/19/2012 FRI 9:45 FAX                                           @002/002

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:_____          **PLAINTIFF DAWN ABBOTT**

                                      _____
                                      Dawn Abbott,
                                      Individually and in her Representative Capacity

Dated: 10-19-12                       **PLAINTIFF BARRIE ARLISS**

                                      _____
                                      Barrie Arliss,
                                      Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF CARA LAUER**

                                      _____
                                      Cara Lauer,
                                      Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF MANDY MILLER**

                                      _____
                                      Mandy Miller,
                                      Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF SARAH GOSLING**

                                      _____
                                      Sarah Gosling,
                                      Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF MELISSA FORSHEY**

                                      _____
                                      Melissa Forshey,
                                      Individually and in her Representative Capacity

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:_____          **PLAINTIFF DAWN ABBOTT**

_____
Dawn Abbott,
Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF BARRIE ARLISS**

_____
Barrie Arliss,
Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF CARA LAUER**

_____
Cara Lauer,
Individually and in her Representative Capacity

Dated:_10/19/12_____          **PLAINTIFF MANDY MILLER**

_____
Mandy Miller,
Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF SARAH GOSLING**

_____
Sarah Gosling,
Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF MELISSA FORSHEY**

_____
Melissa Forshey,
Individually and in her Representative Capacity

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

Dated:_____        **PLAINTIFF DAWN ABBOTT**

                               _____
                               Dawn Abbott,
                               Individually and in her Representative Capacity

Dated:_____        **PLAINTIFF BARRIE ARLISS**

                               _____
                               Barrie Arliss,
                               Individually and in her Representative Capacity

Dated:_____        **PLAINTIFF CARA LAUER**

                               _____
                               Cara Lauer,
                               Individually and in her Representative Capacity

Dated:_____        **PLAINTIFF MANDY MILLER**

                               _____
                               Mandy Miller,
                               Individually and in her Representative Capacity

Dated: 10/19/12                **PLAINTIFF SARAH GOSLING**

                               _____
                               Sarah Gosling,
                               Individually and in her Representative Capacity

Dated:_____        **PLAINTIFF MELISSA FORSHEY**

                               _____
                               Melissa Forshey,
                               Individually and in her Representative Capacity

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:_____                    **PLAINTIFF DAWN ABBOTT**

                                           _____
                                           Dawn Abbott,
                                           Individually and in her Representative Capacity

Dated:_____                    **PLAINTIFF BARRIE ARLISS**

                                           _____
                                           Barrie Arliss,
                                           Individually and in her Representative Capacity

Dated:_____                    **PLAINTIFF CARA LAUER**

                                           _____
                                           Cara Lauer,
                                           Individually and in her Representative Capacity

Dated:_____                    **PLAINTIFF MANDY MILLER**

                                           _____
                                           Mandy Miller,
                                           Individually and in her Representative Capacity

Dated:_____                    **PLAINTIFF SARAH GOSLING**

                                           _____
                                           Sarah Gosling,
                                           Individually and in her Representative Capacity

Dated: 10/19/12                            **PLAINTIFF MELISSA FORSHEY**

                                           _____
                                           Melissa Forshey,
                                           Individually and in her Representative Capacity

Dated: __10/19/12__           **PLAINTIFF KIMBERLY PULLMAN**

                                    Kimberly Pullman,
                                    Individually and in her Representative Capacity

Dated:_____     **PLAINTIFF AMY SCHULTZ**

                                      Amy Schultz,
                                    Individually and in her Representative Capacity

Dated:_____     **DEFENDANT LIVINGSOCIAL, INC.**

                                      By:_____

                                      Title:_____

                                    On behalf of LivingSocial, Inc.

Dated:_____     **DEFENDANT** Jack's Canoes and Kayaks, LLC

                                      By:_____

                                    Title:_____

                                    On behalf of Jack's Canoes and Kayaks, LLC

Dated:_____       **PLAINTIFF KIMBERLY PULLMAN**

                             _____
                             Kimberly Pullman,
                             Individually and in her Representative Capacity

Dated:_____       **PLAINTIFF AMY SCHULTZ**

                             _____
                             Amy Schultz,
                             Individually and in her Representative Capacity

Dated: Oct. 18, 2012         **DEFENDANT LIVINGSOCIAL, INC.**

                             _____
                             By: James Bramson
                             Title: General Counsel + Secretary

                             On behalf of LivingSocial, Inc.

Dated:_____       **DEFENDANT** Jack's Canoes and Kayaks, LLC

                             _____

                             By:_____

                             Title:_____

                             On behalf of Jack's Canoes and Kayaks, LLC

Dated:_____      **PLAINTIFF KIMBERLY PULLMAN**

_____

Kimberly Pullman,
Individually and in her Representative Capacity

Dated:_____      **PLAINTIFF AMY SCHULTZ**

_____

Amy Schultz,
Individually and in her Representative Capacity

Dated:_____      **DEFENDANT LIVINGSOCIAL, INC.**

_____

By:_____

Title:_____

On behalf of LivingSocial, Inc.

Dated:___Oct 18, 2012___      **DEFENDANT** Jack's Canoes and Kayaks, LLC

_____

By:___Paul Simkin_____

Title:___Owner_____

On behalf of Jack's Canoes and Kayaks, LLC

EXHIBIT A

[PROPOSED] PRELIMINARY APPROVAL ORDER

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LIVINGSOCIAL MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) ) | Misc. Action No. 1:11-mc-0472 (ESH) MDL No. 2254 |
| This Document Relates To: | | |
| ALL CASES | | |

**PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

On [MONTH] [DAY], 2012, this Court considered the joint motion of Plaintiffs Melissa

Forshey, Sarah Gosling, Mandy Miller, Kimberly Pullman, Dawn Abbott, Barrie Arliss, Cara Lauer,

and Amy Schultz (collectively, "Plaintiffs") and Defendants LivingSocial, Inc. and Jack's Canoes

and Kayaks, LLC (collectively "Defendants") (together, all Plaintiffs and Defendants are referred to

as the "Parties") for preliminary approval of a class action settlement of the above-captioned multi-

district litigation, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court also

considered the motion of Plaintiffs for provisional certification of a Settlement Class and

appointment of class representatives and Class Counsel.  The Court has reviewed the motions,

including the Settlement Agreement and Release ("Settlement Agreement" or "Settlement"), the

exhibits thereto, the supporting declarations, and considered the arguments of counsel.  Based on this

review and the findings below, the Court found good cause to grant both motions.

**FINDINGS:**

1.      Unless otherwise specified, defined terms in this Order have the same definition as

the terms in the Settlement Agreement.

2.      The Settlement Agreement appears to be the product of serious, informed, non-

collusive negotiations and falls within the range of possible approval as fair, reasonable and

adequate. *See In re Vitamins Antitrust Litig.*, Nos. MISC. 99-197(TFH), MDL No. 1285, 2001 WL

856292, at *4 (D.D.C. July 25, 2001) (stating preliminary approval is appropriate where "the

proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has

no obvious deficiencies, does not improperly grant preliminary preferential treatment to class

representatives or segments of the class, and falls within the range of possible judicial approval.")

(internal quotation and alteration omitted).

3.      It is appropriate to provisionally certify the Settlement Class, for settlement purposes

only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

**(a)**     In the context of the Settlement Agreement, the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable.  Fed. R. Civ. P. 23(a)(1).

**(b)**     In the context of the Settlement Agreement, there are questions of law and fact common to the Settlement Class.  Fed. R. Civ. P. 23(a)(2).

**(c)**     In the context of the Settlement Agreement, Plaintiffs' claims are typical of the Settlement Class.  Fed. R. Civ. P. 23(a)(3).

**(d)**     In the context of the Settlement Agreement, Plaintiffs and Class Counsel can adequately represent the Settlement Class.  Fed. R. Civ. P. 23(a)(4).

**(e)**     In the context of the Settlement Agreement, there are questions of law and fact which predominate over any questions affecting only individual Settlement Class Members.  Fed. R. Civ. P. 23(b)(3).

**(f)**     In the context of the Settlement Agreement, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).

**4.**     The Court finds that the method of providing notice to the Settlement Class proposed in the Settlement Agreement constitutes the best method for providing such notice that is practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.  The Long-Form Notice and Short-Form Notice (attached to the Settlement Agreement) comply with due process and Rule 23 because they are reasonably calculated to adequately apprise Settlement Class Members of (i) the pending lawsuit, (ii) the proposed Settlement, and (iii) their rights, including the right to either participate in the Settlement, exclude themselves from the Settlement or object to the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     **Provisional Certification.** The Settlement Class is provisionally certified, for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3) as "All persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012."

2.     **Appointment of Class Representative and Class Counsel for Settlement Purposes Only.** Plaintiffs Melissa Forshey, Sarah Gosling, Mandy Miller, Kimberly Pullman, Dawn Abbott, Barrie Arliss, Cara Lauer, and Amy Schultz, are conditionally certified as the "class representatives" to implement the Parties' Settlement in accordance with the Settlement Agreement. Robbins Geller Rudman & Dowd LLP and Cuneo Gilbert & LaDuca, LLP are conditionally appointed as Class Counsel to implement the Parties' Settlement in accordance with the Settlement Agreement. Plaintiffs and Class Counsel must fairly and adequately protect the Settlement Class's interests.

3.     **Settlement Administrator.** The Court hereby appoints the Garden City Group, Inc., as Settlement Administrator.

4.     **Settlement Approval.** The Settlement Agreement, including the Long-Form Notice, Short-Form Notice, Claim Form, and Opt-Out/Exclusion Request Form attached to the Settlement Agreement as Exhibits B–E, are preliminarily approved.

5.     **Provision of Class Notice.** Defendant LivingSocial, Inc., through the Settlement Administrator, will notify Settlement Class Members of the Settlement in the manner specified under Section 3.3 of the Settlement Agreement on or before thirty (30) calendar days after entry of this Order. The Settlement Administrator may respond to questions by Settlement Class Members as described in Section 3.5 of the Settlement Agreement.

6.     **Claim for Settlement Payment.** Settlement Class Members who want to receive payment under the Settlement Agreement must accurately and timely complete and deliver a Claim

Form to the Settlement Administrator no later than one hundred and five (105) calendar days after entry of this Order.

**7.      Objection to Settlement.**  Any Settlement Class Member who has not submitted a timely and valid written exclusion request pursuant to Section 8 below of this Order and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or the incentive awards, must deliver written objections the Court, Class Counsel and Defendants' Counsel pursuant to the instructions in this Section 7 on or before one hundred and five (105) calendar days from the date of this Order.

**(a)**      Written objections must include: (i) the title and case number of the consolidated action: "*In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (ii) the full name, address, telephone number (optional) and email address associated with the LivingSocial account of the person objecting; and (iii) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). The version of the written objection filed with the Court may redact the objecting individual's telephone number and email address. Objectors must, however, provide the email address associated with their LivingSocial account to Class Counsel and Defendants' Counsel so that LivingSocial can verify whether the objector is a Settlement Class Member. Objections discussing only the merits of the Action or the appropriateness of it being brought will not be valid.

**(b)**      Objections must be delivered to Class Counsel, Defendants' Counsel and the Court by mail.

**(c)**      The delivery and file date is deemed to be the date the objection is deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the

postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Defendants' Counsel.

(d)     Any Settlement Class Member who files and serves a written objection (as described in this Section 7), has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or the incentive award.  However, Settlement Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, must also deliver to Class Counsel and Defendants' Counsel, and file with the Court, a "Notice of Intention to Appear" which identifies any evidence he/she plans to present at the Fairness Hearing, on or before one hundred and five (105) calendar days from the date of this Order.  Only Settlement Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.  However, it is not necessary for an objector to appear at the Fairness Hearing.

(e)     Any Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (i) be deemed to have waived their right to object, and will be forever barred from making any objections, to the Settlement Agreement; (ii) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (iii) not be entitled to speak at the Fairness Hearing.

8.    **Requesting Exclusion.**  Settlement Class Members who want to be excluded from the Settlement must timely inform the Settlement Administrator.  To request exclusion, Settlement Class Members must send by email or mail a letter or postcard to the Settlement Administrator stating: (a) the title of the consolidated action: "*In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (b) the full name, address, telephone number (optional)

and email address associated with the LivingSocial account of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement. Settlement Class Members may, but are not required to, use the form attached to the Settlement Agreement as Exhibit E. No exclusion request will be valid unless all of the information above is included. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and deemed invalid. If submitted by mail, the letter, postcard or form on which the request for exclusion is made must be postmarked on or before one hundred and five (105) calendar days from the date of this Order, with postage paid by the person requesting exclusion. If submitted electronically, the exclusion request must be submitted by 11:59 p.m. Eastern before one hundred and five (105) calendar days from the date of this Order. Any Settlement Class Member who does not serve a valid and timely written exclusion request shall be bound by all subsequent proceedings, orders and judgments. Only Settlement Class Members who serve valid and timely exclusion request will be deemed to have opted out of the Settlement Class, unless the Court orders otherwise.

9.   **Termination.** If the Settlement Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement. This Court's provisional certification of the Settlement Class and findings underlying the provisional certification shall be solely for settlement purposes. This Order will not waive or otherwise impact the Parties' rights or arguments.

10.   **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party. Additionally, in the event the Settlement Agreement terminates for any reason, no Party or other person may use the Settlement Agreement, any proceedings or discussions related to the Settlement Agreement, any briefs or

arguments filed in support of the Settlement Agreement, or any orders related to the Settlement Agreement in any manner prohibited by the Settlement Agreement.

11.     **Stay of Dates and Deadlines.**  All discovery and pretrial proceeding deadlines, are hereby vacated and suspended retroactively since June 14, 2012 until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12.     **Modifications to Settlement.**  The Parties may modify the Settlement Agreement prior to the Final Approval Hearing, so long as such modifications do not materially change the terms of the Settlement provided thereunder.  The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

13.     **The Fairness Hearing.**

(a)     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on March 7, 2013 at 9:30 a.m. (which is at least one hundred and thirty-four (134) calendar days after the entry of this Order), for the purposes of:

(i)     Finally determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Action should be certified as a class action for purposes of effectuating the Settlement;

(ii)     Determining whether the Settlement on the terms and conditions set forth in the Settlement Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

(iii)     Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Settlement Agreement;

**(iv)**      Considering the application of the Class Representatives for incentive awards, as provided for in the Settlement Agreement;

**(v)**      Review objections, if any, regarding the Settlement Agreement;

**(vi)**      Determine the validity of requests for exclusion, if any, and exclude from the Settlement Class those Persons who validly and timely opted out;

**(vii)**      Considering whether the Court should enter the Fairness Hearing Order and Judgment, dismissing the Actions with prejudice; and

**(viii)**      Ruling upon such other matters as the Court may deem necessary and appropriate.

**(b)**      All of the opening papers supporting Plaintiffs' request for attorneys' fees and costs must be filed on or before twenty-one (21) Court days before the deadline for Settlement Class members to object or request exclusion from the Settlement.  Unless otherwise ordered by the Court, any response by Plaintiffs to any objections to Class Counsel's request for attorneys' fees and costs must be filed on or before one hundred and twenty (120) calendar days after the entry of this Order, or fourteen (14) calendar days before the Fairness Hearing, whichever is later.  Unless otherwise ordered by the Court, the Parties' papers supporting final approval of the Settlement Agreement (including responses to any objections) must be filed no later than one hundred and twenty (120) calendar days after the entry of this Order, or fourteen (14) calendar days before the Fairness Hearing, whichever is later.

## O R D E R

IT IS SO ORDERED.

DATED: _____      _____
                                   THE HONORABLE ELLEN S. HUVELLE

Copies furnished to the attorneys listed in Appendix A

EXHIBIT B

LONG-FORM NOTICE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE LIVINGSOCIAL MARKETING AND SALES PRACTICE LITIGATION** | **Misc. Action No. 11-0472 (ESH) MDL Docket No. 2254** |
| **This Document Relates To: ALL CASES** | |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:**   All persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012.

A "Deal" means items marketed, sold, or promoted exclusively on the LivingSocial websites, including but not limited to products, services, gift cards or credit.

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

A settlement ("Settlement") has been proposed in a class action lawsuit pending in the United States District Court for the District of Columbia ("Court") titled *In re LivingSocial Marketing and Sales Practices Litigation,* Case No. 11-mc-00472-ESH-AK ("Action").

If the Court gives final approval to the Settlement:

- LivingSocial will create a fund of $4,500,000 from which each Settlement Class Member who submits a timely and valid Claim Form may receive monetary relief for a LivingSocial Deal that has expired, has not been redeemed and has not been refunded.

- Settlement Class Members each have the ability to recover a pro rata share of that fund up to 100% of the amount they paid for any LivingSocial Deal Voucher that they still hold and have been unable to redeem.

- Any funds left over after payment of Settlement Class Members' claims will be distributed to the National Consumers League and Consumers Union, which are both not-for-profit organizations that represent consumers on marketplace and technology issues, among other things.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a payment.  Visit the Settlement website located at www.[xxx].com to obtain a Claim Form. | Deadline: [Month Day, Year] |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not be able to submit a claim for monetary relief.  Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against LivingSocial and Merchants who offered Deals through LivingSocial, | Deadline: [Month Day, Year] |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| | regarding Deals sold before October 1, 2012 ever again. | |
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. Filing an objection does not exclude you from the Settlement. | Deadline: [Month Day, Year] |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the representative plaintiffs' request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any Objection you filed to the Settlement. If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" to the Court and the parties' attorneys, indicating your intent to do so. | Hearing Date: [Month Day, Year] at [Time] |
| **DO NOTHING** | You will get no payment, you will give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. *Please be patient.*

## WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION** ..................................................................................... 3

    1.    Why did I get this notice?

    2.    What is this lawsuit about?

    3.    Why is this a class action?

    4.    Why is there a Settlement?

    5.    How do I know if I am part of the Settlement?

    6.    I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** ..................................................................................... 5

7.      What monetary relief does the Settlement provide to the Settlement Class Members?

8.      Has LivingSocial agreed to make changes to its practices?

**HOW TO REQUEST PAYMENT – SUBMITTING A CLAIM FORM** ............................................ 6

9.      How can I get a payment?

10.     When will I get a payment?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS** ......................... 6

11.     Do I have a lawyer in this case?

12.     How will the lawyers be paid?

13.     Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** ........................................................ 6

14.     What am I giving up to obtain relief under the Settlement

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** .................................................... 7

15.     How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** ..................................................................................... 8

16.     How do I tell the Court that I do not like the Settlement?

17.     What is the difference between excluding myself and objecting to the Settlement?

**FAIRNESS HEARING** ......................................................................................................................... 9

18.     What is the Fairness Hearing?

19.      When and where is the Fairness Hearing?

20.     May I speak at the hearing?

**GETTING MORE INFORMATION** .................................................................................................... 10

21.     How do I get more information?

22.     What if my address or other information changes after I submit a claim form?

## BACKGROUND INFORMATION

### 1.  Why did I get this notice?

You received this Notice because a settlement has been reached in this Action.  According to LivingSocial's available records you may be a member of the Settlement Class and may be entitled to the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement,

and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 21 below.

## 2.  What is this lawsuit about?

The Action claims that the Vouchers used to redeem Deals are "gift certificates" and that expiration dates and other conditions applied to the Vouchers violate state and federal gift card and gift certificate regulations.  The Action also asserts related claims for breach of contract, false advertising and unjust enrichment.  Defendants deny any wrongdoing and any liability whatsoever.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of any of the Representative Plaintiffs' claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 21 below.

## 3.  Why is this a class action?

In a class action lawsuit, one or more people called "Representative Plaintiffs" (in this Action, Dawn Abbott, Barrie Arliss, Cara Lauer, Mandy Miller, Melissa Forshey, Kimberly Pullman, Sarah Gosling, and Amy Schultz) sue on behalf of other people who have similar claims.  For purposes of this proposed Settlement, one court will resolve the issues for all Settlement Class Members, except for those people who properly exclude themselves from the Settlement Class, as explained in Section 15 below.  The companies sued in this case, LivingSocial and Jack's Boathouse, are called the Defendants.

## 4.  Why is there a Settlement?

The Representative Plaintiffs have made claims against the Defendants. The Defendants deny that they have done anything wrong or illegal and admit no liability. The Court has **not** decided that the Representative Plaintiffs or Defendants should win this Action. Instead, both sides agreed to a Settlement.  That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief now rather than years from now, if at all.

## 5.  How do I know if I am part of the Settlement?

The Court has decided that everyone who fits this description is a Settlement Class Member for purposes of the proposed Settlement:  "All persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012."

## 6.  I'm still not sure if I am included.

If you are still not sure whether you are included, you can email the Settlement Administrator for free help.  The email address of the Settlement Administrator is: [settlementadministrator@website.com].  Alternatively, you can fill out and return the Claim Form described in Section 9, to see if you qualify.

## THE PROPOSED SETTLEMENT

### 7. What monetary relief does the Settlement provide to the Settlement Class Members?

LivingSocial has agreed to create a settlement fund of $4,500,000.  If the proposed Settlement is approved by the Court, and after any appeals are resolved, the fund will be used for cash payments to Settlement Class Members who submit timely and valid Claim Forms.

Settlement Class Members each have the ability to recover a pro rata share of that fund up to 100% of amount they paid for any LivingSocial Deal Vouchers that they still hold that the Settlement Class Member has been unable to redeem. *This is only an estimate. The amount, if any, paid to each person who makes a claim depends upon the number of claims made. No one knows in advance how much each claimant's share will be.*

Any funds left over after payment of Settlement Class Members' claims will be distributed to the National Consumers League and Consumers Union, which are both not-for-profit organizations that represent consumers on marketplace and technology issues, among other things.

### 8. Has LivingSocial agreed to make changes to its practices?

If the proposed Settlement is approved by the Court, and after any appeals are resolved, LivingSocial has agreed to make the following changes in its business practices, among other changes, which shall remain in place for a period of three years after the Final Settlement Date:

- For Deals that can have their value split into "paid value" and "promotional value" portions, LivingSocial will: (1) specifically identify the "promotional" and "paid" portions on the Deal Voucher and on its website, and (2) include the terms "promotional" and "paid" and capitalize the associated expiration dates in at least 10-point font on the Deal Voucher and on its website.

- For Deals that can be split into "paid value" and "promotional value" components, the paid value will not expire prior to the expiry period provided for gift certificates by the CARD Act or the applicable state law, whichever period is longer.

- LivingSocial will state in its terms and conditions that a person can request a refund for the amount paid for any unredeemed Deal Voucher within seven days of the purchase. Additionally, LivingSocial will include in its terms and conditions a mechanism to allow a person to request a refund for the paid value of their Deal if the Deal is unredeemed and the merchant has gone out of business before the promotional expiration date.

The full description of the non-monetary relief provided by the Settlement can be found in the Settlement Agreement on the Settlement website located at www.[xxx].com

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

### 9.  How can I get a payment?

To qualify for payment, you must send in a Claim Form.  A Claim Form is available by clicking <u>HERE</u> or on the Internet at the website www.[xxx].com.  Read the instructions carefully, fill out the form, and submit it before 11:59 p.m. (Eastern) on [Month Day, Year].

You should consult your tax advisor to determine the tax consequence, if any, regarding any distribution you receive.

### 10. When will I get a payment?

As described in Section 19, the Court will hold a hearing on [Month Day, Year], to decide whether to approve the Settlement.  If the Court approves the Settlement after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at www.[xxx].com.  *Please be patient.*

## YOUR LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS

### 11. Do I have a lawyer in this case?

The Court has ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Cuneo Gilbert & LaDuca, LLP ("Class Counsel") will represent the interests of all Settlement Class Members.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Class Counsel will request up to $3,000,000 for their attorneys' fees and costs.  The Court will make the final decision as to the amounts to be paid to Class Counsel.

### 13. Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?

Dawn Abbott, Cara Lauer, and Melissa Forshey will request a service award (also known as "incentive" awards) of up to $2,500 (each) for their services as class representatives and their efforts in bringing the Action.  Barrie Arliss, Mandy Miller, Kimberly Pullman, Sarah Gosling, and Amy Schultz will request a service award of up to $500 (each) for their services as class representatives and their efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the class representatives.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 14. What am I giving up to obtain relief under the Settlement?

If the Court approves the proposed Settlement, unless you exclude yourself from the

Settlement, you will be releasing your claims against LivingSocial and Merchants who offered LivingSocial deals. This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against regarding Deals or Deal Vouchers that you purchased prior to October 1, 2012, ever again. The Settlement Agreement, available on the Internet at the website www.[xxx].com contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 15. How do I exclude myself from the Settlement?

Class Members who do not want to be a part of the Settlement must submit an Opt-Out/Exclusion Request.

To make an Opt-Out/Exclusion Request, Settlement Class Members must send by email or mail a letter or postcard to the Settlement Administrator stating: (a) the title of the consolidated action: "*In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (b) the full name, address, telephone number (optional) and email address associated with the LivingSocial account of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement. "Mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and deemed invalid.

If the opt-out/exclusion request is submitted by email or mail it must be submitted to the below address.

*In re LivingSocial Marketing and Sales Practices Litigation Settlement*
c/o GCG
[Address]
[City, State ZIP]
[settlementadministrator@website.com]

Alternatively, Settlement Class Members may, but are not required to, use the electronic form available HERE. If submitted by mail, the letter, postcard or form on which the request for exclusion is made must be postmarked on or before the [Month] [Day], [Year], with postage paid by the person requesting exclusion. If submitted electronically or by email, the Opt-Out/Exclusion Request must be submitted by 11:59 p.m. Eastern on [Month] [Day], [Year].

If you submit a valid and timely electronic or written request to be excluded from the Settlement Class, you will not be a part of the Settlement, and will not be bound by the Fairness Hearing Order and Judgment entered in the Action, and will not be precluded from prosecuting any timely, individual claim against Defendants, or other persons or entities, based on the conduct complained of in the Action.

If you submit a timely and valid Opt-Out/Exclusion Request, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action. You may be able to sue LivingSocial and Merchants who offered Deals regarding Deals or Deal Vouchers that you purchased prior to October 1,

2012 in the future.

## HOW TO OBJECT TO THE SETTLEMENT

### 16. How do I tell the Court that I do not like the Settlement?

At the date, time, and location stated in Section 19 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and a service award to the Representative Plaintiffs

If you have not submitted a timely and valid Opt-Out/Exclusion Request and wish to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or the service awards, you must file a written objection ("Objection") with the Court and serve the Objection on the parties' attorneys on or before [Month Day, Year]

Objections must: (i) the title and case number of the consolidated action: *"In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (ii) the full name, address, telephone number (optional) and email address associated with the LivingSocial account of the person objecting; and (iii) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).   The version of the written objection filed with the Court may redact the objecting individual's telephone number and email address.  Objections discussing only the merits of the Action or the appropriateness of it being brought will not be valid.

You may, but need not, file and serve your Objection through counsel of your choice.  If you do make your Objection through an attorney, you will be responsible for your personal attorney's fees and costs.

Whether served through counsel or not, objections must be sent to Class Counsel, Defendants' Counsel, <u>AND</u> the Court at the following addresses:

| Class Counsel | Defendants' Counsel | District Court for the District of Columbia |
|---|---|---|
| Cuneo Gilbert & LaDuca, LLP<br>Charles J. LaDuca<br>William H. Anderson<br>507 C Street, NE<br>Washington, DC 20002 | Cooley LLP<br>Michael G. Rhodes<br>Michelle C. Doolin<br>101 California St., 5th Floor<br>San Francisco, CA 94111 | Chambers of the Honorable Ellen Segal Huvelle<br>E Barrett Prettyman<br>United States Courthouse<br>333 Constitution Avenue NW<br>Washington, DC 20001 |

The delivery and file date is deemed to be the date the objection is deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the

postmark.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you file and serve a written objection (as described in this Section 16), you have the option to appear at the Fairness Hearing, either in person or through personal counsel hired at your expense.

**While you are not required to appear at the Fairness Hearing, if you or your attorney intend to make an appearance at the Fairness Hearing, you must also deliver, according to the above procedures, no later than [Month Day, Year], a Notice of Intention to Appear.**

Any Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (i) be deemed to have waived their right to object, and will be forever barred from making any objections, to the Settlement Agreement; (ii) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (iii) not be entitled to speak at the Fairness Hearing.

### 17. What is the difference between excluding myself and objecting to the Settlement?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### FAIRNESS HEARING

### 18. What is the Fairness Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiffs.

### 19. When and where is the Fairness Hearing?

The Court, before the Hon. Ellen S. Huvelle, will hold the Fairness Hearing at [time] on [Month Day, Year] in the E. Barrett Prettyman Federal Courthouse, located at 333 Constitution Avenue N.W., Washington D.C. 20001. The hearing may be postponed to a different date or time or location without notice. Please check www.[xxx].com for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only

way you will be informed of the change.

## 20. May I speak at the hearing?

At that hearing, the Court will be available to hear any Objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to.  As described above in Section 16, you may speak at the Fairness Hearing only if (a) you have timely served and filed an Objection, and (b) you have timely served  and filed a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## GETTING MORE INFORMATION

## 21. How do I get more information?

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: www.[xxx].com.  Alternatively, you may contact the Settlement Administrator at the email address [settlementadministrator@website.com] or postal mailing address: *In re LivingSocial Marketing and Sales Practices Litigation Settlement,* Settlement, c/o GCG, [Address, City, State ZIP].

The above description of the Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file for the Action, you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/.  You may also visit or call the Clerk's office at the United States District Court for the District of Columbia, E. Barrett Prettyman Federal Courthouse, 333 Constitution Avenue N.W., Washington D.C. 20001.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

## 22. What if my address or other information changes after I submit a claim form?

If, after you submit a claim form, you change your postal or email address, it is your responsibility to inform the Settlement Administrator of your updated information.  You may do so either my mail or email at the addresses below:

*In re LivingSocial Marketing and Sales Practices Litigation Settlement*
c/o GCG
[Address]
[City, State ZIP]
[settlementadministrator@website.com]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: [Month Day, Year]               By:  Order of the HONORABLE ELLEN S.
                                        HUVELLE, JUDGE OF THE U.S. DISTRICT COURT,
                                        DISTRICT OF COLUMBIA

EXHIBIT C

SHORT-FORM NOTICE

To:  <<class member email address>>

From:  Settlement Administrator

Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION – LIVINGSOCIAL

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
*IN RE LIVINGSOCIAL MARKETING AND SALES PRACTICES LITIGATION*

## You are receiving this e-mail because you may have purchased or received a LivingSocial Deal Voucher prior to October 1, 2012.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the United States District Court for the District of Columbia ("Court") titled *In re LivingSocial Marketing and Sales Practices Litigation,* Case No. 11-mc-00472-ESH-AK ("Action").  According to available records, you may be a "Settlement Class Member."  The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against LivingSocial and one merchant who offered a LivingSocial deal named Jack's Boathouse (collectively, "Defendants").  The Action claims the Vouchers used to redeem LivingSocial deals are "gift certificates" and that expiration dates and other conditions applied to the vouchers violate state and federal gift card and gift certificate regulations.  The Action also asserts related claims for breach of contract, false advertising and unjust enrichment.  Defendants deny any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.

**What relief does the Settlement provide?**  If the Court gives final approval to the Settlement, LivingSocial will create a fund of $4,500,000 from which each Settlement Class Member who submits a timely and valid claim form may receive monetary relief for a LivingSocial deal that has expired, has not been redeemed and has not been refunded.  Settlement Class Members each have the ability to recover a pro rata share of that fund up to 100% of the amount they paid for any LivingSocial Deal Voucher that they still hold and have been unable to redeem.  Any funds left over after payment of Settlement Class Members' claims will be distributed to the National Consumers League and Consumers Union, two not-for-profit organizations that represent consumers on marketplace and technology issues, among other things.  An award of attorney fees to Class Counsel will not be paid out of the $4,500,000 settlement fund, but will be paid in addition to the fund as approved by the Court. The Settlement website at www.[xxx].com contains a complete description of the proposed Settlement and what you must do to receive a share of the Settlement fund.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a payment.  Visit the Settlement website located at www.[xxx].com to obtain a claim form. | Deadline: [Month Day, Year] |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not be able to submit a claim for monetary relief.  Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against LivingSocial and Merchants who offered Deals through LivingSocial, regarding Deals sold before October 1, 2012 ever again. | Deadline: [Month Day, Year] |
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  Lodging an objection does not exclude you from the Settlement. | Deadline: [Month Day, Year] |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, Class Counsel's request for attorneys' fees and expenses of the lawyers who brought the Action in an amount up to three million dollars, and the representative plaintiffs' request for service awards for bringing the Action in an amount up to two thousand five hundred dollars per representative plaintiff.  You may, but are not required to, speak at the Fairness Hearing about any Objection you filed to the Settlement. If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" to the Court and the parties' attorneys, indicating your intent to do so. | Hearing Date: March 7, 2013 at 9:30 a.m. |
| **DO NOTHING** | You will get no payment, you will give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. | N/A |

**Your Class Member Number:**  XXXXXXXXXXXXXXX.

**More information?**  For complete information about the Settlement, to view the Settlement Agreement, related Court documents and settlement claim form, and to learn more about how to exercise your various options under the Settlement, please visit www.[xxx].com or write to the Settlement Administrator at the email address of [settlementadministrator@website.com] or the postal mailing address: *In re LivingSocial Marketing & Sales Practices Litigation*, Settlement c/o GCG, [address], [city, state ZIP].  You may also call 1-800-XXX-XXXX for answers to frequently asked questions about the Settlement or the attorneys for the Settlement Class: John J. Stoia, Jr. of Robbins Geller Rudman & Dowd LLP at 619-231-1058, or Charles J. LaDuca of Cuneo Gilbert & LaDuca, LLP at 202-789-3960.

EXHIBIT D

CLAIM FORM

# CLAIM FORM

## *IN RE LIVINGSOCIAL MARKETING & SALES PRACTICES LITIGATION*

District Court for the District of Columbia, Case No. 11-MC-00472-ESH-AK

Settlement Website: www.[xxx].com

Questions about completing the claim form?  Contact [settlementadministrator@website.com]

**THIS DOCUMENT MUST BE ELECTRONICALLY SUBMITTED OR POSTMARKED NO LATER THAN [MONTH DAY, YEAR] AT 11:59 P.M. (EASTERN).**

*By submitting this claim form, you acknowledge and agree that you will be included as a member of the class identified in the long-form notice and bound by the terms of the settlement.  If you submit this claim form and **also** submit a request for exclusion from the class and settlement, your request for exclusion will be deemed invalid and you will remain a class member and will be bound by the terms of the settlement.*

**CONTACT INFORMATION.**

Please legibly print or type the following information:

Name (first, middle, and last):_____

Email Address: _____

Mailing Address: _____

Telephone Number (optional): _____

(Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your claim.  Provision of your telephone number is optional.  By providing contact information, you agree that the Settlement Administrator may contact you about your claim.  Your contact information will <u>not</u> be used for any purpose unrelated to this settlement.)

**INFORMATION TO MAKE A CLAIM.**

Please type or legibly print the following information:

Email address associated with LivingSocial account, if different from above: _____

_____

Class Member Number Listed on Email Notice: _____

(If you did not receive an email notification about the lawsuit, you may leave the space requesting your Class Member Number blank.)

**I declare the following under penalty of perjury:**

[This explanation is for the Court's convenience and to assist the Settlement Administrator in coding the Claim Form.  The language in the brackets will be removed in the Claim Form on the Settlement Website.  To the extent possible, each Settlement Class Member's Claim Form will be pre-populated with the following information upon the Settlement Class Member entering his or her name and email address associated with the Settlement Class Member's LivingSocial account(s) and/or unique identifier assigned by the Settlement Administrator when transmitting the Short-Form Notice: (i) the Deals the Settlement Class Member received that (A) were purchased for consideration, (B) have expired in their entirety or had their paid value expire, and (C) have not had their paid value refunded by LivingSocial or the paid value converted into Deal Bucks; and (ii) identifying information for each Deal, including but not limited to the unique voucher number, Merchant name, and the Deal's paid value and description.  For each Deal that is pre-populated, Section 1 will repeat.  Section 2 will repeat for each Deal that the

-1-

Settlement Class Member checks as having incorrect data in Section 1, question vii. Questions viii - x in Section 1 will not appear for Deals where the Settlement Class Member indicates that there was incorrect data. In Sections 1, 2, and 4, if the Settlement Class Member answers "yes" they have used the paid value of their Deal Vouchers or "no" they no longer hold their Deal Voucher, the following question about wanting to exchange the Deal Voucher *will not appear*. Section 4 will only appear if a Settlement Class Member answers "yes" to Section 3. Section 4 will appear as many times as the number indicated in response to a "yes" answer in Section 3. The questions (and the associated pre-populated Deal Voucher information) in Section 5 will repeat for each Deal Voucher that the Settlement Class Member indicates that he or she wants to exchange for payment under the Settlement.]

1. I have reviewed the pre-populated Deal information in the chart immediately below this paragraph regarding an expired Deal that I purchased and did not obtain a refund for. I have accurately indicated whether I redeemed the Deal. For the unredeemed deals only, I have indicated that I would like to exchange the Deal voucher for a payment under the Settlement Agreement.

| i. | **Merchant Name** | *[pre-populated info, if available]* |
|---|---|---|
| ii. | **Merchant City** | *[pre-populated info, if available]* |
| iii. | **Deal Description** | *[pre-populated info, if available]* |
| iv. | **Voucher Number** | *[pre-populated info, if available]* |
| v. | **Deal Purchase Date** | *[pre-populated info, if available]* |
| vi. | **Deal Purchase Price** | *[pre-populated info, if available]* |
| vii. | **Is the Deal Purchase Price Provided Correct?** | (Check one) ▢ YES ▢ NO |
| viii. | **State Whether You Have Used Any Part of the Deal's Paid Value at the Merchant.** To illustrate: if you paid $10 for a Deal that allowed you to get item/service X from a Merchant, and you have <u>not</u> used your Deal Voucher at the Merchant, please check "no." Alternatively, if you have taken your Deal Voucher to the Merchant and obtained the item/service X, please check "yes." | (Check one)<br>▢ YES (I have used the paid value of my Deal Voucher)<br>▢ NO (I have NOT used the paid value of my Deal Voucher) |
| ix. | **State Whether You Still Hold the Deal Voucher (i.e., You Have Not Given It Away to Someone Else).** To illustrate: if you gave/sold the Deal Voucher to someone else, please check "no." Alternatively, if you still have your Deal Voucher, please check "yes." | ▢ YES (I still have my Deal Voucher)<br>▢ NO (I gave/sold my Deal Voucher to someone else) |
| x. | **Do You Want To Exchange It Under the Settlement?** | (Check one) ▢ YES ▢ NO |

2. For each of the LivingSocial Deals that I identified above as containing incorrect information, I have written in the spaces in the chart immediately below this paragraph the correct information. I have also indicated whether I have redeemed the Deal Voucher and whether I would like to exchange the Deal Voucher for a payment under the Settlement Agreement.

| i. | **Merchant Name** | [*Space for Settlement Class Member to input data*] |
|---|---|---|
| ii. | **Merchant City** | [*Space for Settlement Class Member to input data*] |
| iii. | **Deal Description** | [*Space for Settlement Class Member to input data*] |
| iv. | **Voucher Number** | [*Space for Settlement Class Member to input data*] |
| v. | **Deal Purchase Date** | [*Space for Settlement Class Member to input data*] |
| vi. | **Deal Purchase Price** | [*Space for Settlement Class Member to input data*] |
| vii. | **State Whether You Have Used Any Part of the Deal's Paid Value at the Merchant.** To illustrate: if you paid $10 for a Deal that allowed you to get item/service X from a Merchant, and you have <u>not</u> used your Deal Voucher at the Merchant, please check "no." Alternatively, if you have taken your Deal Voucher to the Merchant and obtained the item/service X, please check "yes." | (Check one)<br><br>□ YES (I have used the paid value of my Deal Voucher)<br><br>□ NO (I have NOT used the paid value of my Deal Voucher) |
| xi. | **State Whether You Still Hold the Deal Voucher (i.e., You Have Not Given It Away to Someone Else).** To illustrate: if you gave/sold the Deal Voucher to someone else, please check "no." Alternatively, if you still have your Deal Voucher, please check "yes." | (Check one)<br><br>□ YES (I still have my Deal Voucher)<br><br>□ NO (I gave/sold my Deal Voucher to someone else) |
| viii. | **Do You Want To Exchange It Under the Settlement?** | (Check one) □ YES □ NO |

*To view Deals you have purchased from LivingSocial, please login to www.livingsocial.com and visit the "my vouchers" webpage. If you cannot complete the spaces with information regarding your LivingSocial Deal, please fill out as much information as possible on this Claim Form and then contact the Settlement Administrator about alternative methods to verify your claim.*

3.  Are there any expired Deals you have purchased or received as a gift from LivingSocial not identified above? *To view Deals you have purchased from LivingSocial, please login to www.livingsocial.com and visit the "my vouchers" webpage.*

    (Check one) □ YES □ NO

    If yes, how many: _____

4.  I have written in the spaces immediately below this paragraph the LivingSocial Deals that I purchased or was given, that have expired, and that I have not yet redeemed or obtained a refund for, that are not listed above. For the unredeemed deals only, I have indicated that I would like to exchange the Deal Voucher for a payment under the Settlement Agreement.

| i. | **Merchant Name** | [*Space for Settlement Class Member to input data*] |
|---|---|---|
| ii. | **Merchant City** | [*Space for Settlement Class Member to input data*] |
| iii. | **Deal Description** | [*Space for Settlement Class Member to input data*] |

| iv. | **Deal Purchase Date** | [*Space for Settlement Class Member to input data*] |
|---|---|---|
| v. | **Deal Purchase Price** | [*Space for Settlement Class Member to input data*] |
| vi. | **State Whether You Have Used Any Part of the Deal's Paid Value at the Merchant.** To illustrate: if you paid $10 for a Deal that allowed you to get item/service X from a Merchant, and you have <u>not</u> used your Deal Voucher at the Merchant, please check "no." Alternatively, if you have taken your Deal Voucher to the Merchant and obtained the item/service X, please check "yes." | (Check one)<br><br>□ YES (I have used the paid value of my Deal Voucher)<br><br>□ NO (I have NOT used the paid value of my Deal Voucher) |
| xii. | **State Whether You Still Hold the Deal Voucher (i.e., You Have Not Given It Away to Someone Else).** To illustrate: if you gave/sold the Deal Voucher to someone else, please check "no." Alternatively, if you still have your Deal Voucher, please check "yes." | □ YES (I still have my Deal Voucher)<br><br>□ NO (I gave/sold my Deal Voucher to someone else) |
| vii. | **Do You Want To Exchange It Under the Settlement?** | (Check one) □ YES □ NO |

*To view Deals you have purchased from LivingSocial, please login to www.livingsocial.com and visit the "my vouchers" webpage. If you cannot complete the spaces with information regarding your LivingSocial Deal, please fill out as much information as possible on this Claim Form and then contact the Settlement Administrator about alternative methods to verify your claim.*

5.   For the Deals that I have indicated that I want to exchange the Deal Voucher for a payment under the Settlement, I have been unable to redeem the Deal Voucher to date for the following reason(s):

For Voucher Number [*pre-populated voucher number*] for use at [*pre-populated merchant name*]

Check all that apply.

   □ Merchant was closed at the time

   □ Merchant went out of business

   □ Merchant could not schedule service

   □ Merchant was no longer offering the goods or services

   □ Merchant refused to honor voucher

   □ Any other reason not identified in the list above.

6.   For the Deals that I have indicated that I want to exchange the Deal Voucher for a payment under the Settlement, I understand that if the Court approves the payment, my Deal Voucher will be cancelled and become unusable.

7.   I have received notice of the class action settlement in this case and I am a member of the class of persons described in the long-form notice. I agree to release all the claims, known and unknown, stated in the Settlement Agreement. I submit to the jurisdiction of the United States District Court for the District of

Columbia with regard to my claim and for purposes of enforcing the release of claims stated in the Settlement Agreement. I am aware that I can obtain a copy of the long-form notice and Settlement Agreement at www.[xxx].com or by writing the Settlement Administrator at [settlementadministrator@website.com] or *In re LivingSocial Marketing & Sales Practices Litigation, Settlement,* c/o [GCG, Address, City, State ZIP]. I agree to furnish additional information to support this claim if required to do so.

*The Settlement Administrator may verify the accuracy of your claim. Please retain in your possession any Deal Vouchers, email receipts, credit card statements, or other documents that support your claim.*

**ELECTION OF PAYMENT FORMAT (CHOOSE ONE).**

Payment will be by Automatic Clearing House (ACH) Transfer (*i.e.*, direct deposit). Please provide your back account information for payment via ACH:

　　　　Bank Routing Number: _____

　　　　Bank Account Number: _____

　　　　Banking Institution: _____

　　　　Name on Account (if different from above): _____

The illustration below is to help you identify your Routing and Account Number. If you still are unsure which number on your check is which, please contact your financial institution.



　　　　Instead of ACH transfer, I wish to receive payment by a check sent to the name listed above at the address listed above.

**THIS FORM MUST BE COMPLETED AND RETURNED TO THE CLAIMS ADMINISTRATOR ON OR BEFORE [MONTH DAY, YEAR] AT 11:59 P.M. (EASTERN).**

IF SUBMITTED ELECTRONICALLY:

☐ **I agree that by submitting this claim form I certify under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that checking this box constitutes my electronic signature on the date of its submission, which has the same legal effect and meaning has a written signature.**

IF SUBMITTED BY U.S. MAIL:

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated:_____           Signature: _____

\* \* \* \*

IF SUBMITTED BY MAIL OR EMAIL, PLEASE SEND THIS CLAIM FORM TO:

*In re LivingSocial Marketing & Sales Practices Litigation Settlement*
c/o GCG
[Address]
[City, State ZIP]
[settlementadministrator@website.com]

\* \* \* \*

**YOUR INFORMATION WILL ONLY BE USED IN CONNECTION WITH THIS SETTLEMENT AGREEMENT.**  The information you provide on this Claim Form will only be used in connection with the Settlement Agreement and in order to process your claim.  Your information will not be used for any other purpose.

\* \* \* \*

EXHIBIT E

OPT-OUT/EXCLUSION REQUEST FORM

*IN RE LIVINGSOCIAL MARKETING & SALES PRACTICES LITIGATION*

District Court for the District of Columbia, Case No. 11-MC-00472-ESH-AK

Settlement Website: www.[xxx].com

Questions about completing the opt-out form?  Contact [settlementadministrator@website.com]

**THIS DOCUMENT MUST BE ELECTRONICALLY SUBMITTED OR POSTMARKED NO LATER THAN [MONTH DAY, YEAR] AT 11:59 P.M. (EASTERN).**

**INFORMATION NECESSARY TO PROCESS REQUEST FOR EXCLUSION.**

Please legibly print or type the following information:

Name (first, middle, and last):_____

Email address associated with LivingSocial account: _____

Mailing Address: _____

Telephone Number (optional): _____

Class Member Number Listed on Notice (if available): _____

(If you did not receive an email notification about the lawsuit, you may leave the space requesting your Class Member Number blank.)

**REQUEST FOR EXCLUSION/OPT-OUT:**

**It is my decision to *not* participate in the class action settlement referred to in the notice and to be excluded from the class of plaintiffs in that class action.  I confirm that I have received notice of the proposed Settlement in this Action, I have decided to be excluded from the class, and I have decided not to participate in the proposed Settlement.  By excluding myself from the Settlement, I understand that I am not entitled to receive any benefit from the Settlement.**

IF SUBMITTED ELECTRONICALLY:

☐        **I agree to the foregoing and request to be excluded.**

IF SUBMITTED BY U.S. MAIL:

**I agree to the foregoing and request to be excluded.**

Dated:_____        Signature: _____

\* \* \* \*

IF SUBMITTED BY MAIL OR EMAIL, PLEASE SEND THIS OPT-OUT FORM TO:

*In re LivingSocial Marketing & Sales Practices Litigation Settlement*
c/o GCG
[Address]
[City, State ZIP]
[settlementadministrator@website.com]

-1-

\* \* \* \*

**YOUR INFORMATION WILL ONLY BE USED IN CONNECTION WITH THIS SETTLEMENT AGREEMENT.**  The information you provide on this Opt-Out Form will only be used in connection with the Settlement Agreement and in order to process your request.   Your information will not be used for any other purpose.

\* \* \* \*

EXHIBIT F

[PROPOSED] FAIRNESS HEARING ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE LIVINGSOCIAL MARKETING AND SALES PRACTICE LITIGATION | Misc. Action No. 11-0472 (ESH) MDL Docket No. 2254 |
| This Document Relates To: ALL CASES | |

[PROPOSED] **FAIRNESS HEARING ORDER**

On March 7, 2013, this Court heard the motion of Melissa Forshey, Sarah Gosling, Mandy Miller, Kimberly Pullman, Dawn Abbott, Barrie Arliss, Cara Lauer, and Amy Schultz (collectively, "Plaintiffs") and LivingSocial, Inc. and Jack's Canoes and Kayaks, LLC (collectively "Defendants") (together, all Plaintiffs and Defendants are referred to as the "Parties") for final approval of a class action settlement under Rule 23 of the Federal Rules of Civil Procedure.

This Court has reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement" or "Settlement"). The Court also considered the motion, memorandum of law and supporting declarations regarding Plaintiffs' motion for award of attorneys' fees and costs and incentive awards, any objections filed with or presented to the Court, and arguments presented at the hearing.

Based on this review and the findings below, the Court found good cause to grant the motions.

**FINDINGS:**

1.      Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this Action, all parties to the Action, and all Settlement Class Members who have not timely and validly requested exclusion.

3.      Notice was provided to Settlement Class Members in compliance with this Court's Preliminary Approval and Provisional Class Certification Order, Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.

     **a.**     Direct notice was sent by email to _____ (number of email addresses to which notice was sent) Settlement Class Members.  Publication notice was also directed to Settlement Class Members through a dedicated Settlement Website.

     **b.**     The notice given was the best method for providing such notice that was practicable under the circumstances.  The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and Settlement; (ii) provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (iii) provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date, and place of the final fairness hearing.

     **2.**     Defendants filed a copy of the notice they gave on [Month] [Date], 2012 pursuant to 28 U.S.C. § 1715(b) and the notice substantively complies with the requirements of 28 U.S.C. § 1715(b) and was sent to the appropriate state and federal officials.

     **3.**     There were _____ timely objections to the Settlement Agreement and _____ timely exclusion requests.

     **4.**     For the reasons stated in the Preliminary Approval and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class

certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

5.       Upon review of the record, the Court hereby finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.  With respect to the determination that the Settlement Agreement is fair, reasonable, and adequate, the Court specifically notes that (a) this Action involved highly complex factual and legal issues, (b) the outcome of a trial on the merits was by no means certain, due in part to the novel nature of the claims, (c) the Settlement Agreement was reached through negotiations with experienced counsel with the participation of a respected mediator and retired judge after the Parties conducted several months of discovery, and (d) the monetary and non-monetary terms of the Settlement reflect substantial benefits to the Settlement Class.

6.       The Court also finds that extensive arm's-length negotiations have taken place, in good faith and free from collusion, between Class Counsel and Defendants' Counsel resulting in the Settlement Agreement. Parts of these negotiations were presided over by the experienced mediator the Hon. Edward A. Infante (ret.).

7.       The Court further finds the plan for allocating the Net Settlement Fund to the Settlement Class, as stated in the Settlement Agreement is a fair and reasonable method to allocate the Net Settlement Fund.

8.      It is appropriate to grant a *cy pres* distribution to the entities identified by the Parties, the National Consumers League and the Consumers Union, of the residual funds remaining in the Net Settlement Fund.

9.      An award of $3,000,000 (three million dollars) in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

10.      An incentive award to plaintiffs Melissa Forshey, Dawn Abbott and Cara Lauer of $2,500 (two thousand five hundred dollars) each and to Sarah Gosling, Mandy Miller, Kimberly Pullman, Barrie Arliss, and Amy Schultz of $500 (five hundred dollars) each is fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and emotional) in commencing this action as the class representatives; (b) the time and effort spent by Plaintiffs in litigating this action as the class representatives; and (c) Plaintiffs' public interest service.

11.      The objections have been considered by the Court, and they are without merit.

**IT IS ORDERED THAT:**

1.      **Class Certification**.  The following class is certified, for settlement purposes only: "All persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012"

2.      **Approval of Settlement.**  The Court approves the Settlement Agreement as fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e).

4.      **Objections.**  All objections to the Settlement are hereby overruled.

**5.**     **Payment of Claims.**

   **(a)**     The Net Settlement Fund shall, according to the timeline stated in

Section 2.2 of the Settlement Agreement, be distributed to the Authorized Claimants

whose claims have been accepted by the Settlement Administrator in proportion to their

respective accepted claims.

   **(b)**     The payments to be distributed to the Authorized Claimants shall

bear the notations "CASH PROMPTLY.  VOID 180 DAYS AFTER ISSUE DATE."

   **(c)**     All persons involved in the review, verification, calculation,

tabulation, or any other aspect of the processing of the Claim Form submitted herein, or

otherwise involved in the administration or taxation of the Settlement Fund or the Net

Settlement Fund are released and discharged from any and all claims arising out of such

involvement, and all Settlement Class Members, whether or not they are to receive

payment from the Settlement Fund, are barred from making any further claim against the

Settlement Fund or the released persons beyond the amount allocated to them pursuant to

this Order.

   **6.**     **Attorney's Fees and Costs.**  Class Counsel is hereby awarded $3,000,000

(three million dollars) in fees and costs.  Payment shall be made to Robbins Geller

Rudman & Dowd LLP out of the Attorneys' Fees and Costs Fund pursuant to the

timeline stated in Section 2.5 of the Settlement Agreement.

   **7.**     **Incentive Award.**  Plaintiffs Melissa Forshey, Dawn Abbott, and Cara

Lauer are hereby awarded $2,500 (two thousand five hundred dollars) each as an

incentive award.  Plaintiffs Sarah Gosling, Mandy Miller, Kimberly Pullman, Barrie

Arliss, and Amy Schultz, are hereby awarded $500 (five hundred dollars) each as an

incentive award.  Payment shall be made pursuant to in Section 2.6 of the Settlement

Agreement.

> **8.**      **Binding Effect of Order.**  This Order applies to all claims or causes of

action settled under the Settlement Agreement, and binds all Settlement Class Members,

including those who did not properly request exclusion under paragraph 8 of the

Preliminary Approval and Provisional Class Certification Order.  This Order does not

bind persons who filed timely and valid requests for exclusions.  Attached as Exhibit A is

a list of persons who properly requested to be excluded from the Settlement.

> **9.**      **Release.**  Plaintiffs and all Settlement Class Members who did not

properly request exclusion are: (1) deemed to have released and discharged all claims

arising out of or asserted in this Action and claims released under the Settlement

Agreement, including all claims that could have been asserted in this Action; and (2)

barred and permanently enjoined from asserting, instituting, or prosecuting, either

directly or indirectly, these claims.  The full terms of the release described in this

paragraph are set forth in Sections 5.1 and 5.2 of the Settlement Agreement.  The Court

expressly adopts and incorporates by reference Sections 5.1 and 5.2 of the Settlement

Agreement.

> **10.**     **CAFA Notice.**  The Court finds that Defendants have complied with 28

U.S.C. § 1715(b).

> **11.**     **No Admission of Wrongdoing.**  Defendants have denied any liability,

fault, or wrongdoing of any kind in connection with the allegations in this action, and as

such, neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor

any of the negotiations or proceedings connected with it, shall be construed as an

admission or concession by Defendants of the truth of any of Plaintiffs' allegations, or of any liability, fault, or wrongdoing of any kind.  No Party or other person may use the Settlement Agreement, any proceedings or discussions related to the Settlement Agreement, or any orders related to the Settlement Agreement in any manner prohibited by the Settlement Agreement.

12.   **Termination.**  If the Settlement Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

13.   **Treatment of Claim Forms.**  The Settlement Administrator is hereby authorized to discard any hard copies of the Claim Forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the Authorized Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the Authorized Claimants.

14.   **Dismissal of Action.**  This Action, including all of the individual and class claims included therein, is hereby dismissed on the merits and with prejudice.

15.   **Judgment.**  The Court will separately enter the accompanying Final Judgment in accordance with Federal Rule of Civil Procedure 58.

16.   **Court's Jurisdiction.**  Without affecting the finality of the dismissal or the Judgment, pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

17.   **Modifications.**  The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications of the

Settlement Agreement, including without limitation, the form to be used in the Claims process, that are consistent with this Order and do not limit the rights of Settlement Class Members under the Agreement.

18.    **Appeal.**  Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of this Order or the accompanying Final Judgment, or delay the Effective Date.

**<u>IT IS SO ORDERED.</u>**

Dated this ___ day of _____, 2013.

_____
United States District Judge
Honorable Ellen S. Huvelle

Copies furnished to the attorneys listed in Appendix A

EXHIBIT G

[PROPOSED] FINAL JUDGMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE LIVINGSOCIAL MARKETING
AND SALES PRACTICE LITIGATION

Misc. Action No. 11-0472 (ESH)
MDL Docket No. 2254

This Document Relates To:
ALL CASES

[PROPOSED] **FINAL JUDGMENT**

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.      This Final Judgment incorporates by reference the defined terms in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.  The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

2.      The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Settlement Class Members.

3.      For the reasons set forth in the accompanying Fairness Hearing Order, the Settlement of this Action on the terms set forth in the Settlement Agreement, along with the Exhibits thereto, proposed by the Parties has been approved by this Court.

4.      In the Fairness Hearing Order, the Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as: "All persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012."

5.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the class definition above are Settlement Class Members.

6.      The list of Persons excluded from the Settlement Class because they timely filed valid requests for exclusion is attached hereto as Exhibit [__].  Persons who filed timely, completed requests for exclusion are not bound by this Final Judgment, the Fairness Hearing Order, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against Defendants.  However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

7.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed requests for exclusion are thus Settlement Class Members who

are bound by this Final Judgment, by the Fairness Hearing Order and by the terms of the Settlement Agreement.

8.       Plaintiffs and all Settlement Class Members who did not properly request exclusion are hereby: (1) deemed to have released and discharged all claims arising out of or asserted in this Action and claims released under the Settlement Agreement, including all claims that could have been asserted in this Action; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 5.1 and 5.2 of the Settlement Agreement.  The Court expressly adopts and incorporates by reference Sections 5.1 and 5.2 of the Settlement Agreement.

9.       The Settlement Agreement, this Judgment and the accompanying Fairness Hearing Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by any Plaintiff, Defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

10.      The Settlement Agreement, this Judgment and the accompanying Fairness Hearing Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to

effectuate the provisions of the Settlement Agreement, this Judgment and the accompanying Order Approving Class Action Settlement.

11.     The Court hereby dismisses with prejudice the Action, all actions consolidated into the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

12.     Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

13.     Any appeal that is limited to the award of attorneys' fees and costs to Class Counsel shall not affect the finality of any other portion of this Final Judgment or delay the Final Settlement Date of the Agreement.

14.     The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

IT IS SO ORDERED.

DATED: _____     _____
                                  THE HONORABLE ELLEN S. HUVELLE
                                  UNITED STATES DISTRICT JUDGE