UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LIVINGSOCIAL MARKETING AND SALES PRACTICES LITIGATION | ) ) ) | Misc. Action No. 1:11-mc-0472 (ESH) MDL No. 2254 |
| _____ | ) ) | |
| This Document Relates To: | ) ) | |
| ALL CASES | ) ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL**

## I.    INTRODUCTION

In conjunction with the parties' Joint Motion for Preliminary Approval of Settlement ("Joint Motion"), filed concurrently herewith, Plaintiffs respectfully request that the Court enter an order conditionally certifying the settlement class, comprised of all persons in the United States who purchased or received any LivingSocial Deal prior to October 1, 2012 ("Settlement Class"). *See* Settlement Agreement and Release ("Settlement Agreement"), submitted as Exhibit A to the Declaration of Charles J. LaDuca in support of Joint Motion ("LaDuca Decl."), §1.32.  As set forth in detail below, the Settlement Class satisfies all the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  In addition, Plaintiffs request that the Court appoint them to serve as the Class Representatives of the Settlement Class and their counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Cuneo Gilbert & LaDuca, LLP ("Cuneo Gilbert"), to serve as Class Counsel, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## II.    THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY CERTIFIED

When presented with a proposed class-action settlement, the Court must determine whether the proposed settlement class satisfies the prerequisites for class certification under Rule 23(a), and at least one of the requirements of Rule 23(b).  In assessing the class certification requirements under Rule 23, the Court need not consider the manageability of the class action, as settlement will eliminate any need for trial.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Here, the conditional certification of the Settlement Class is appropriate for purposes of settlement because all the requirements of Rule 23 have been met.

## A.     The Requirements of Rule 23(a) Are Met for Settlement Purposes

As a threshold matter, Plaintiffs contend the Settlement Class satisfies the prerequisites of numerosity, commonality, typicality, and adequacy under Rule 23(a).

### 1.     Numerosity

Rule 23(a)(1) requires that the class be sufficiently numerous such "that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). LivingSocial has sold millions of Deal vouchers throughout the United States since its launch in 2009. Because the Settlement Class is comprised of millions of LivingSocial purchasers, joinder would be impractical if not impossible. Numerosity is therefore readily satisfied. *See, e.g.*, *Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349, 357 (D.D.C. 2007) ("Courts in this District have generally found that the numerosity requirement is satisfied and that joinder is impracticable where a proposed class has at least forty members.").

### 2.     Commonality

A class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). "'The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.'" *Cohen v. Warner Chilcott Pub. Ltd. Co.*, 522 F. Supp. 2d 105, 114 (D.D.C. 2007) (quoting *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 26 (D.D.C. 2001)).

Commonality is present here because Plaintiffs' claims are based on a common course of conduct by Defendants to market and sell LivingSocial Deal vouchers with expiration dates, allegedly in violation of federal and state gift certificate laws. Specifically, Plaintiffs allege that the federal Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") is applicable to all LivingSocial Deal vouchers sold during the Class Period and that the CARD Act prohibits the sale of gift certificates with expiration periods of less than five years. (*See* Settlement Agreement

at 2.) Plaintiffs also allege that the expiration dates on LivingSocial's Deal vouchers violate a number of state gift certificate laws. (*Id.*) The alleged imposition of illegal expiration terms on LivingSocial Deal vouchers is uniform across the Class and serves as the factual and legal bases for the underlying class claims. Commonality is therefore satisfied. *See Cohen*, 522 F. Supp. 2d at 114 ("Significantly, 'factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members.'") (quoting *Bynum v. D.C.*, 214 F.R.D. 27, 33 (D.D.C. 2003)).

### 3.   Typicality

The typicality requirement is fulfilled if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is readily met here because the claims of all Plaintiffs and the members of the proposed Settlement Class are based on the same core facts and underlying legal theory—Defendants' marketing and sale of LivingSocial Deal vouchers with allegedly illegal expiration terms. *See In re Vitamins Antitrust Litig.* ("*Vitamins I*"), Nos. MISC. 99-197(TFH), MDL 1285, 2001 WL 856292, at *3 (D.D.C. July 25, 2001) ("A plaintiff's claim is typical 'if it arises from the same event or practice or course of conduct that gives rise to a claim of another class member's where his or her claims are based on the same legal theory.'") (quoting *Stewart v. Rubin*, 948 F. Supp. 1077, 1088 (D.D.C. 1996)).

### 4.   Adequacy

Rule 23(a)'s final requirement is that the "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Rule 23(a)(4) is satisfied if (1) the proposed representative does not have any conflicts of interest with other class members; and (2) the representative will vigorously prosecute the interests of the class through qualified counsel. *Radosti v. Envision EMI, LLC*, 717 F. Supp. 2d 37, 52 (D.D.C. 2010).

The requirements of Rule 23(a)(4) are plainly satisfied in this case. First, Robbins Geller and Cuneo Gilbert are eminently qualified and experienced in class action litigation. In this case, those firms have performed extensive work to date in identifying and investigating potential claims in this action, preparing a detailed consolidated class action complaint, coordinating and supervising the efforts of other Plaintiffs' counsel, and successfully mediating and negotiating the proposed Settlement. Robbins Geller and Cuneo Gilbert have prosecuted this Action to achieve a very fair and reasonable settlement and will continue to represent the best interests of the Settlement Class in implementing and overseeing the settlement. *See* LaDuca Decl. at ¶¶3–10.

Second, there is no conflict between Plaintiffs' interests and interests of the Settlement Class Members. Plaintiffs and the members of the Settlement Class assert the same legal claims based on Defendants' imposition of expiration terms on LivingSocial Deal vouchers, and their alleged losses arise out of the same course of conduct by Defendants during the Settlement Class Period. As such, adequacy is satisfied.

## B.     The Requirements of Rule 23(b)(3) Are Met for Settlement Purposes

Once the requirements of Rule 23(a) are met, the Court may certify a class if it also determines that: (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 1.     Common Questions of Law and Fact Predominate for Settlement Purposes

The requirement of predominance tests whether the proposed class is cohesive enough to warrant representative adjudication. *See Hartless v. Clorox Co.*, 273 F.R.D. 630, 638 (S.D. Cal. 2011). "'[I]n general, predominance is met "where there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to

examine each class members' individual position.""" *Cohen*, 522 F. Supp. 2d at 116 (quoting *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 262 (D.D.C. 2002)). Importantly, variations in state law do not preclude certification under Rule 23(b)(3). *See, e.g., Vista Healthplan*, 246 F.R.D. at 359 ("[T]he existence of minor differences in state law does not preclude the certification of nationwide classes.").

As the Supreme Court has observed, the predominance test is "readily met in certain cases alleging consumer . . . fraud." *Amchem*, 521 U.S. at 625. Here, the same set of operative facts and legal issues uniformly apply to the Settlement Class comprised of consumers across the country. That is, each Class Member purchased a LivingSocial Deal voucher with expiration terms, which Plaintiffs contend are illegal. Accordingly, the question of liability is the same for all Class Members, as the Court must determine whether Defendants' marketing and sale of LivingSocial Deal vouchers with expiration terms is prohibited under federal and state gift certificate laws. Common questions of law and fact therefore predominate in this case. *See Radosti*, 717 F. Supp. 2d at 53 (predominance established where all class members were exposed to the same alleged misrepresentations).

### 2.    A Class Action Is Superior to Individual Actions for Settlement Purposes

Superiority is demonstrated when a "class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This superiority analysis focuses on whether the settlement will "'achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem*, 521 U.S. at 615 (internal citation omitted). Given the relatively small size of each Class member's potential claim (based on the face value of each LivingSocial Deal voucher purchased), and the common elements among the

legal claims of Class Members, this class action is the most efficient and cost-effective way to address the legality of LivingSocial's Deal vouchers. *See Cohen*, 522 F. Supp. 2d at 117 (superiority established given "the size of the Settlement Class, the uniformity of issues regarding Defendants' liability, and the fact that Class Members' individual claims are miniscule in comparison to the cost of prosecuting this type of complex litigation"); *see also Radosti*, 717 F. Supp. 2d at 53 ("Because the amount of damages for each class member is relatively small compared to the cost of litigating an individual claim, resolution by class action provides a superior method of adjudication and ensures that class members will receive equal treatment.").

Moreover, the factors cited in Rule 23(b)(3) as relevant to the requirement of superiority weigh in favor of certification. Individual Class Members have little interest in prosecuting a multitude of separate, individual actions against LivingSocial and its merchant partners for violations of gift certificate laws. *See* Fed. R. Civ. P. 23(b)(3)(A). Indeed, individual actions would impose a greater burden on the judicial system and the parties, reduce resources, and would not increase the prospect for recovery. Additionally, Plaintiffs are unaware of any separate individual actions concerning the marketing and sale of LivingSocial Deal vouchers other than the actions that have been consolidated or coordinated as part of these Multidistrict Litigation proceedings. *See* Fed. R. Civ. P. 23(b)(3)(B). To the extent any prior actions were filed, those actions would be fairly and adequately resolved by the Settlement achieved in this case. Accordingly, the proposed Settlement of the action on a class-wide basis is a fair and efficient method to resolve the claims of all putative Class Members without burdening the judiciary system with a multiplicity of duplicative lawsuits.

### III.   PLAINTIFFS SHOULD BE APPOINTED AS CLASS REPRESENTATIVES AND ROBBINS GELLER AND CUNEO GILBERT SHOULD BE APPOINTED TO SERVE AS THEIR CLASS COUNSEL

Plaintiffs also request that the Court designate them as Class Representatives of the Settlement Class. As discussed above, Plaintiffs will fairly and adequately protect the interests of

- 7 -

the Settlement Class. Thus, Plaintiffs respectfully request that the Court appoint them to serve as Class Representatives for the Settlement Class.

Additionally, Rule 23(g)(1) requires the Court to appoint counsel to represent the interests of the Settlement Class. For the reasons stated above in connection with the adequacy requirements of Rule 23(a)(4)—and as has been demonstrated thus far in this litigation—Robbins Geller and Cuneo Gilbert are experienced and well equipped to vigorously, competently, and efficiently represent the proposed Settlement Class. The Court should appoint Robbins Geller and Cuneo Gilbert as Class Counsel for the Settlement Class.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court to conditionally certify the Settlement Class, appoint Plaintiffs to serve as Class Representatives of the Settlement Class, and appoint Robbins Geller and Cuneo Gilbert to serve as Class Counsel for the Settlement Class.

Respectfully submitted,

DATED:  October 19, 2012

CUNEO GILBERT & LADUCA, LLP
CHARLES J. LADUCA (DC Bar 476134)
WILLIAM H. ANDERSON (DC Bar 502380)


*/s/ Charles J. LaDuca*
CHARLES J. LADUCA

507 C Street, NE
Washington, DC  20002
Telephone:  202/789-3960
202/789-1813 (fax)

**[SIGNATURES CONTINUED ON THE NEXT PAGE]**

- 8 -

DATED: October 19, 2012

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (*pro hac vice*)
RACHEL L. JENSEN
THOMAS R. MERRICK
PHONG L. TRAN


*/s/ John J. Stoia, Jr.*
JOHN J. STOIA, JR.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Counsel for Plaintiffs

## ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.


Dated:  October 19, 2012                    By:  */s/ Charles J. LaDuca*
                                                     CHARLES J. LaDUCA

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2012.

/s/ Charles J. LaDuca
CHARLES J. LADUCA

CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)
E-mail: charlesl@cuneolaw.com

779608 v2/SD