UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LIVINGSOCIAL MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) This Document Relates To: ) ) ALL CASES ) ) | Misc. Action No. 1:11-mc-0472 (ESH) MDL No. 2254 **FILED** OCT 2 6 2012 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

**PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

On [~~MONTH~~] October [~~DAY~~] 25, 2012, this Court considered the joint motion of Plaintiffs Melissa Forshey, Sarah Gosling, Mandy Miller, Kimberly Pullman, Dawn Abbott, Barrie Arliss, Cara Lauer, and Amy Schultz (collectively, "Plaintiffs") and Defendants LivingSocial, Inc. and Jack's Canoes and Kayaks, LLC (collectively "Defendants") (together, all Plaintiffs and Defendants are referred to as the "Parties") for preliminary approval of a class action settlement of the above-captioned multi-district litigation, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court also considered the motion of Plaintiffs for provisional certification of a Settlement Class and appointment of class representatives and Class Counsel. The Court has reviewed the motions, including the Settlement Agreement and Release ("Settlement Agreement" or "Settlement"), the exhibits thereto, the supporting declarations, and considered the arguments of counsel. Based on this review and the findings below, the Court found good cause to grant both motions.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Settlement Agreement.

2. The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Vitamins Antitrust Litig.*, Nos. MISC. 99-197(TFH), MDL No. 1285, 2001 WL 856292, at *4 (D.D.C. July 25, 2001) (stating preliminary approval is appropriate where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preliminary preferential treatment to class representatives or segments of the class, and falls within the range of possible judicial approval.") (internal quotation and alteration omitted).

3. It is appropriate to provisionally certify the Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

**(a)** In the context of the Settlement Agreement, the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable. Fed. R. Civ. P. 23(a)(1).

**(b)** In the context of the Settlement Agreement, there are questions of law and fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2).

**(c)** In the context of the Settlement Agreement, Plaintiffs' claims are typical of the Settlement Class. Fed. R. Civ. P. 23(a)(3).

**(d)** In the context of the Settlement Agreement, Plaintiffs and Class Counsel can adequately represent the Settlement Class. Fed. R. Civ. P. 23(a)(4).

**(e)** In the context of the Settlement Agreement, there are questions of law and fact which predominate over any questions affecting only individual Settlement Class Members. Fed. R. Civ. P. 23(b)(3).

**(f)** In the context of the Settlement Agreement, class certification is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

4. The Court finds that the method of providing notice to the Settlement Class proposed in the Settlement Agreement constitutes the best method for providing such notice that is practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law. The Long-Form Notice and Short-Form Notice (attached to the Settlement Agreement) comply with due process and Rule 23 because they are reasonably calculated to adequately apprise Settlement Class Members of (i) the pending lawsuit, (ii) the proposed Settlement, and (iii) their rights, including the right to either participate in the Settlement, exclude themselves from the Settlement or object to the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. **Provisional Certification.** The Settlement Class is provisionally certified, for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3) as "All persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012."

2. **Appointment of Class Representative and Class Counsel for Settlement Purposes Only.** Plaintiffs Melissa Forshey, Sarah Gosling, Mandy Miller, Kimberly Pullman, Dawn Abbott, Barrie Arliss, Cara Lauer, and Amy Schultz, are conditionally certified as the "class representatives" to implement the Parties' Settlement in accordance with the Settlement Agreement. Robbins Geller Rudman & Dowd LLP and Cuneo Gilbert & LaDuca, LLP are conditionally appointed as Class Counsel to implement the Parties' Settlement in accordance with the Settlement Agreement. Plaintiffs and Class Counsel must fairly and adequately protect the Settlement Class's interests.

3. **Settlement Administrator.** The Court hereby appoints the Garden City Group, Inc., as Settlement Administrator.

4. **Settlement Approval.** The Settlement Agreement, including the Long-Form Notice, Short-Form Notice, Claim Form, and Opt-Out/Exclusion Request Form attached to the Settlement Agreement as Exhibits B–E, are preliminarily approved.

5. **Provision of Class Notice.** Defendant LivingSocial, Inc., through the Settlement Administrator, will notify Settlement Class Members of the Settlement in the manner specified under Section 3.3 of the Settlement Agreement on or before thirty (30) calendar days after entry of this Order. The Settlement Administrator may respond to questions by Settlement Class Members as described in Section 3.5 of the Settlement Agreement.

6. **Claim for Settlement Payment.** Settlement Class Members who want to receive payment under the Settlement Agreement must accurately and timely complete and deliver a Claim

Form to the Settlement Administrator no later than one hundred and five (105) calendar days after entry of this Order.

7.     **Objection to Settlement.** Any Settlement Class Member who has not submitted a timely and valid written exclusion request pursuant to Section 8 below of this Order and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or the incentive awards, must deliver written objections the Court, Class Counsel and Defendants' Counsel pursuant to the instructions in this Section 7 on or before one hundred and five (105) calendar days from the date of this Order.

   **(a)**     Written objections must include: (i) the title and case number of the consolidated action: "*In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (ii) the full name, address, telephone number (optional) and email address associated with the LivingSocial account of the person objecting; and (iii) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). The version of the written objection filed with the Court may redact the objecting individual's telephone number and email address. Objectors must, however, provide the email address associated with their LivingSocial account to Class Counsel and Defendants' Counsel so that LivingSocial can verify whether the objector is a Settlement Class Member. Objections discussing only the merits of the Action or the appropriateness of it being brought will not be valid.

   **(b)**     Objections must be delivered to Class Counsel, Defendants' Counsel and the Court by mail.

   **(c)**     The delivery and file date is deemed to be the date the objection is deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the

postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Defendants' Counsel.

**(d)** Any Settlement Class Member who files and serves a written objection (as described in this Section 7), has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or the incentive award. However, Settlement Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, must also deliver to Class Counsel and Defendants' Counsel, and file with the Court, a "Notice of Intention to Appear" which identifies any evidence he/she plans to present at the Fairness Hearing, on or before one hundred and five (105) calendar days from the date of this Order. Only Settlement Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing. However, it is not necessary for an objector to appear at the Fairness Hearing.

**(e)** Any Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (i) be deemed to have waived their right to object, and will be forever barred from making any objections, to the Settlement Agreement; (ii) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (iii) not be entitled to speak at the Fairness Hearing.

**8. Requesting Exclusion.** Settlement Class Members who want to be excluded from the Settlement must timely inform the Settlement Administrator. To request exclusion, Settlement Class Members must send by email or mail a letter or postcard to the Settlement Administrator stating: (a) the title of the consolidated action: "*In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254"; (b) the full name, address, telephone number (optional)

and email address associated with the LivingSocial account of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement. Settlement Class Members may, but are not required to, use the form attached to the Settlement Agreement as Exhibit E. No exclusion request will be valid unless all of the information above is included. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and deemed invalid. If submitted by mail, the letter, postcard or form on which the request for exclusion is made must be postmarked on or before one hundred and five (105) calendar days from the date of this Order, with postage paid by the person requesting exclusion. If submitted electronically, the exclusion request must be submitted by 11:59 p.m. Eastern before one hundred and five (105) calendar days from the date of this Order. Any Settlement Class Member who does not serve a valid and timely written exclusion request shall be bound by all subsequent proceedings, orders and judgments. Only Settlement Class Members who serve valid and timely exclusion request will be deemed to have opted out of the Settlement Class, unless the Court orders otherwise.

9. **Termination.** If the Settlement Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement. This Court's provisional certification of the Settlement Class and findings underlying the provisional certification shall be solely for settlement purposes. This Order will not waive or otherwise impact the Parties' rights or arguments.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party. Additionally, in the event the Settlement Agreement terminates for any reason, no Party or other person may use the Settlement Agreement, any proceedings or discussions related to the Settlement Agreement, any briefs or

arguments filed in support of the Settlement Agreement, or any orders related to the Settlement Agreement in any manner prohibited by the Settlement Agreement.

11.   **Stay of Dates and Deadlines.** All discovery and pretrial proceeding deadlines, are hereby vacated and suspended retroactively since June 14, 2012 until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12.   **Modifications to Settlement.** The Parties may modify the Settlement Agreement prior to the Final Approval Hearing, so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

13.   **The Fairness Hearing.**

   **(a)**   Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on March 7, 2013 at 9:30 a.m. (which is at least one hundred and thirty-four (134) calendar days after the entry of this Order), for the purposes of:

   **(i)**   Finally determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Action should be certified as a class action for purposes of effectuating the Settlement;

   **(ii)**   Determining whether the Settlement on the terms and conditions set forth in the Settlement Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

   **(iii)**   Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Settlement Agreement;

      **(iv)**    Considering the application of the Class Representatives for incentive awards, as provided for in the Settlement Agreement;

      **(v)**    Review objections, if any, regarding the Settlement Agreement;

      **(vi)**    Determine the validity of requests for exclusion, if any, and exclude from the Settlement Class those Persons who validly and timely opted out;

      **(vii)**    Considering whether the Court should enter the Fairness Hearing Order and Judgment, dismissing the Actions with prejudice; and

      **(viii)**    Ruling upon such other matters as the Court may deem necessary and appropriate.

      **(b)**    All of the opening papers supporting Plaintiffs' request for attorneys' fees and costs must be filed on or before twenty-one (21) Court days before the deadline for Settlement Class members to object or request exclusion from the Settlement. Unless otherwise ordered by the Court, any response by Plaintiffs to any objections to Class Counsel's request for attorneys' fees and costs must be filed on or before one hundred and twenty (120) calendar days after the entry of this Order, or fourteen (14) calendar days before the Fairness Hearing, whichever is later. Unless otherwise ordered by the Court, the Parties' papers supporting final approval of the Settlement Agreement (including responses to any objections) must be filed no later than one hundred and twenty (120) calendar days after the entry of this Order, or fourteen (14) calendar days before the Fairness Hearing, whichever is later.

**ORDER**

IT IS SO ORDERED.

DATED: October 25, 2012

*Ellen S. Huvelle*
THE HONORABLE ELLEN S. HUVELLE

Copies furnished to the attorneys listed in Appendix A