UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LIVINGSOCIAL MARKETING AND SALE PRACTICES LITIGATION ) ) ) ) | Misc. Action No. 1:11-mc-0472 (ESH) MDL No. 2254 |

**DECLARATION OF JENNIFER M. KEOUGH IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

JENNIFER M. KEOUGH declares and states as follows:

1. I am Chief Operating Officer of The Garden City Group, Inc. ("GCG"). The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

2. GCG is a recognized leader in legal administration services for class action settlements, bankruptcy cases and legal noticing programs, and has operational offices in the following locations: Lake Success, New York; New York, New York; Seattle, Washington; Chicago, Illinois; Dublin, Ohio; Tallahassee, Florida; Lake Oswego, Oregon; Los Angeles, California; New Orleans, Louisiana; and Hammond, Louisiana. GCG has a staff of more than 1,000, including

lawyers, a team of software engineers, call center professionals, in-house legal advertising specialists and graphic artists with extensive website design experience.

3. GCG handles the administration of a wide variety of class action settlements and notice programs, including but not limited to, consumer, securities, mass tort, antitrust, and product liability, labor and employment, ERISA, civil and human rights, insurance and healthcare. Our team has served as administrator for over 2,500 cases. In the course of its history, GCG has mailed over 287 million notices, disseminated over 700 million emails, handled over 28 million phone calls, processed over 50 million claims, and distributed over $33 billion in settlement benefits.

4. GCG has been retained to implement and administer a number of complex and technical email based notice administrations. Some of our largest email administrations include settlements such as *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ (W.D. Wash); *In re Webloyalty.com, Inc. Marketing and Sales Practices Litigation*, MDL No. 07-01820 – JLT Lead Case: 06-11620-JLT (D. Mass.); *Browning, et. al. v. Yahoo! Inc., et. al.*; Case No. C04-01463 HRL (N.D. Cal.); *In re Expedia Hotel Taxes and Fees Litigation*, Case No. 05-2-02060-1 SEA (Sup. Ct. Wash. King County); *Hillis v. Equifax Consumer Services Inc., et al*, Case No. 1:04-CV-3400-TCB (N.D. Ga.); *Palmer v. Sprint Solutions, Inc.*, Case No. 09-cv-01211 JLR (W.D. Wash.); and *Kambiz Batmanghelich, et al. v. Sirius XM Radio Inc. and Stream International, Inc.*, Case No. CV-09-9190 VBF (JCx) (Sup. Ct. Cal. Los Angeles County). A more extensive list of the cases GCG has handled can be found on our website at http://www.gcginc.com.

5. GCG was selected and engaged by Class Counsel and Defendants' Counsel in the above-captioned litigation (the "Litigation") to serve as Settlement Administrator as described in the Settlement Agreement and Release (the "Settlement Agreement"), preliminary approved by this Court in its Preliminary Approval and Provisional Class Certification Order, filed October 26, 2012 (the "Preliminary Approval Order"). I submit this Declaration in order to provide the Court

and the Parties to this Litigation with information regarding the dissemination of Class Notice in accordance with the Preliminary Approval Order and as set forth in paragraph 3.3(a) and (b) of the Settlement Agreement as it relates to the Settlement Website as well as the dissemination of Short-Form Email Notice.  Further, this Declaration reports on the operation and maintenance of a dedicated Settlement Website, Settlement Administration costs and fees, inquiries from the Settlement Class, distribution of CAFA Notice, distribution of ISP letters, and receipt of Claim Forms, Opt-Out/Exclusion Requests, and Objections.

## CAFA NOTICE

6.     On behalf of the Defendants LivingSocial, Inc. ("LivingSocial") and Jack's Canoes and Kayaks, LLC d/b/a Jack's Boathouse ("Jack's Boathouse") (collectively, "Defendants"), GCG provided notice of the proposed settlement reflected in the Settlement Agreement and the Joint Motion for Preliminary Approval of Settlement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ("CAFA Notice").  At the direction of Counsel for the Defendants, on Friday, October 26, 2012, GCG served CAFA Notice and an accompanying CD to the Attorney General of the United States and to the state Attorneys General identified in Attachment A of the CAFA Notice attached hereto as Exhibit A.  GCG sent the CAFA Notice by Federal Express overnight delivery service.  On Monday, October 29, 2012, GCG confirmed delivery for each addressee to whom it sent the CAFA Notice and provided confirmations to Defendants' Counsel.  The delivery confirmations from Federal Express for the October 26, 2012 mailing are attached hereto as Exhibit B.

## NOTICE TO THE SETTLEMENT CLASS

7.     <u>Data Transfer from Defendants' Counsel</u>.  On November 8, 2012, Counsel for the Defendants provided GCG with two lists, in electronic format, of names, addresses, email addresses and Deal Voucher purchase data (including, but not limited to merchant name, merchant

city, deal description, person identification number, voucher identification number, deal identification number, date of purchase, paid or refund status, paid price, voucher value) of potential Class Members (the "Class Lists").  On November 21, 2012, Defendants' Counsel provided a supplemental file of additional potential Class Members. It is my understanding that the foregoing Settlement Class Member information provided to GCG was derived from LivingSocial's records. GCG entered the Class Lists into a database created for the administration of the Settlement and subsequently analyzed the data for duplicates and invalid email addresses.

8.      <u>ISP Notices.</u>  In order to implement email notice campaigns effectively, GCG maintains a proprietary list of contacts at Internet Service Providers ("ISPs") that GCG communicates with when an ISP will receive large volumes of class action notice emails.  Communication with ISPs in advance of email notice campaigns facilitates the email notice process and assists in the reduction of blockings, which may occur when an ISP detects unusual email activity, such as a large volume email delivery.  On November 14, 2012, prior to the commencement of the Short-Form Notice ("Email Notice"), GCG sent letters via overnight mail informing certain ISPs, which were scheduled to receive the largest volume of emails, of the Court-ordered Email Notice (the "ISP Letter").  Through these ISP Letters, GCG notified the ISPs that they would receive a high volume of Email Notices during the Email Notice distribution period, and, in that regard, GCG requested their assistance and cooperation with the distribution process.  Each ISP Letter identified the case and contained an overview of the Email Notice, including the approximate volume of emails each ISP would receive, the subject line and content of the email, and the domain name and IP address from which the emails would be sent.  A sample of the ISP Letter is attached hereto as Exhibit C.

9.      <u>Email Notice</u>. Pursuant to the Preliminary Approval Order and Paragraph 3.3(b) of the Settlement Agreement, GCG caused the previously approved Email Notice to be formatted for electronic distribution via email delivery to the unique, complete email addresses included in the

Class Lists. A sample of the Email Notice is attached hereto as Exhibit D. Between November 23, 2012 and November 25, 2012, GCG sent ten million nine hundred eighty-eight thousand five hundred fifty-nice (10,988,559) Email Notices to potential Settlement Class Members.

### SETTLEMENT WEBSITE

10. Pursuant to the Preliminary Approval Order and Paragraph 3.3(a) of the Settlement Agreement, GCG established an official website, www.LivingSocialVoucherSettlement.com (the "Settlement Website"). The Settlement Website contains or contained an overview of the Settlement on the homepage along with important dates and options, a Long-Form Notice in a form that was substantially similar to the one previously approved by the Court, FAQs converted from the Long-Form Notice, the ability to complete and submit a Claim Form online (or download a paper Claim Form), the ability to complete and submit an Opt-Out/Request for Exclusion (or download a paper Opt-Out/request for Exclusion form), various pleadings per Paragraph 3.3(a)(iv) of the Settlement Agreement and the ability to directly send an email to the Settlement Administrator. A copy of the Long-Form Notice is attached hereto as Exhibit E.

11. The Settlement Website became available on November 23, 2012 and is accessible 24 hours per day, seven days per week.

### INQUIRIES FROM SETTLEMENT CLASS MEMBERS

12. Pursuant to Paragraph 3.5 of the Settlement Agreement, GCG established a P.O. Box (*In re LivingSocial Marketing and Sales Practices Litigation*, c/o GCG, P.O. Box 35027, Seattle, WA, 98124-3500) and email account (gcg@livingsocialvouchersettlement.com) to which Settlement Class Members could submit questions, Claim Forms, Opt-Out/Requests for Exclusion, and Objections. As of February 19, 2013, GCG received 4,508 emails of which 1,228 were received via the Settlement Website and 3,280 were directly sent to the email account.

13.     Also pursuant to Paragraph 3.5 of the Settlement Agreement, GCG established and continues to operate a toll-free number (855-590-8696) having interactive voice recording ("IVR") capabilities. The IVR contained answers to FAQs converted from the Long-Form Notice. As of February 19, 2013, the IVR received 1,887 calls for a total of 5,121.60 minutes. A copy of the IVR is attached hereto as Exhibit F.

## EXCLUSION REQUESTS

14.     Pursuant to the terms of the Preliminary Approval Order, Settlement Class Members who wished to be excluded from the Settlement were required to provide their Opt-Out/Request for Exclusion to GCG, submitted electronically or postmarked no later than 11:59 PM ET, February 8, 2013. GCG regularly checked the list of people who submitted Opt-Out/Requests for Exclusion against the list of Claimants and if a Claimant also submitted an Opt-Out/Request for Exclusion, the Opt-Out/Request for Exclusion was deemed invalid and disregarded per the terms of the Settlement Agreement. A total of 8 Opt-Out/Requests for Exclusion were deemed invalid and disregarded due to submission of a Claim Form in addition to the Opt-Out/Request for Exclusion. As of February 19, 2012, GCG received 361 properly submitted Opt-Out/Requests for Exclusion. A list of properly submitted Opt-Out/Requests for Exclusion is attached hereto as Exhibit G. Not included in this list are incomplete or improper Opt-Out/Requests For Exclusion that did not comport with the requirements set forth in Paragraph 3.8(a) of the Settlement Agreement.

## OBJECTIONS

15.     Pursuant to the terms of the Preliminary Approval Order and the Settlement Agreement, Settlement Class Members who wished to object to the Settlement were required to file and deliver their objection no later February 8, 2013.  As of February 19, 2013, GCG received four informal objections that did not comport with the requirements set forth in Paragraph 3.7 of the Settlement Agreement. GCG subsequently provided them to Class Counsel and Defendants' Counsel. Copies

of the four informal objections received by GCG are attached hereto as Exhibit H. GCG is informed by Counsel that four formal objections were filed.

### CLAIM FORMS

16.     Settlement Class Members had the ability to log into the Settlement Website to complete and submit their Claim Forms. The Claim Form available from the online log-in contained pre-populated details regarding each Deal Voucher purchased by the Settlement Class Members.

17.     Through February 19, 2013, GCG received 1,476 paper Claim Forms, three of which were postmarked after February 8, 2013. In addition, 51,839 Claim Forms were fully completed and submitted online.  The total number of Claims Forms submitted either by U.S. mail or through the online claims process, is 53,315. An additional 32,566 Claim Forms were started online but were never fully completed, signed, and submitted. An email notice was sent to Settlement Class Members' email addresses associated with the started but not completed and submitted Claim Forms to advise the Settlement Class Members that their Claim Forms were incomplete. A copy of this email notice is attached hereto as Exhibit I. In response to the notice, 2,503 Claim Forms were fully completed, signed, and submitted.

18.     Of the Claim Forms received, processed, and validated, 24,545 contain requests to exchange Deal Vouchers pre-populated on the Claim Forms under the terms of the Settlement. The total amount claimed associated with these Deal Vouchers is $1,735,910.79, with an average claim value of $70.72. Further, 2,285 Claim Forms received and processed contain requests to exchange Deal Vouchers not listed in the pre-populated Claim Form. The total amount claimed associated with these Deal Vouchers is $158,892.91, with an average claim value of $69.54. The total amount claimed for all validated claims is $1,894,803.70.

## SETTLEMENT ADMINISTRATOR COSTS AND FEES

19. GCG's fees and expenses incurred through December 31, 2012 total $133,755.30, of which $53,951.44 is related to claims processing (processing online and paper Claim Forms, IVR, handling Settlement Class Member communications, and project management). The remaining amount of administrative fees and expenses is attributable to providing notice via email, website and online filing setup, and related project management.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of February, 2013, at Seattle, Washington.

_Jennifer M. Keough_ (signature)

Jennifer M. Keough

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 22, 2013.

s/ John J. Stoia, Jr.
JOHN J. STOIA, JR.

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:   jstoia@rgrdlaw.com

813486_1

# Mailing Information for a Case 1:11-mc-00472-ESH-AK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William H. Anderson**
  wanderson@cuneolaw.com,halunen@halunenlaw.com

- **Christopher A. Bandas**
  cbandas@bandaslawfirm.com

- **Jonathan Stephen Burns**
  jburns@wklawyers.com

- **Jay S. Carlson**
  JayCarlson.legal@gmail.com

- **Christopher Robert Carney**
  christopher.carney@cgi-law.com

- **Michelle C. Doolin**
  mdoolin@cooley.com,bambrose@cooley.com

- **Christopher B Durbin**
  cdurbin@cooley.com

- **Christopher M. Ellis**
  cellis@brelaw.com

- **Shaun Van Eyk**
  shaun@vaneyk-moore.com

- **Sean P. Gillespie**
  sean.gillespie@cgi-law.com

- **Craig Alan Guthery**
  cguthery@cooley.com

- **Kenan Lee Isitt**
  kenan.isitt@cgi-law.com

- **Rachel L. Jensen**
  rachelj@rgrdlaw.com

- **Michael Joseph Klisch**
  mklisch@cooley.com,bnelson@cooley.com

- **Charles J. LaDuca**

    charlesl@cuneolaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com

- **Michael G. Rhodes**
  mrhodes@cooley.com,rlopez@cooley.com,pmoyes@cooley.com

- **Myles A. Schneider**
  myles@maschneider.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Patricia N Syverson**
  psyverson@bffb.com

- **Michael Ross Tein**
  tein@lewistein.com

- **Darcie Tilly**
  dtilly@cooley.com

- **Phong L. Tran**
  ptran@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
FREDERIC FLETCHER
30025 Alicia Parkway
Apartment G340
Laguna Niguel, CA 92677

MICHELLE MELTON
1570 Lake Druze
Cardiff, CA 92007

CERY PERLE
13590 Jog Road
Suite C-6
Delray Beach, FL 33446

KATHARINE TRAYLOR SCHAFFZIN
1362 Poplar Ridge Drive
Memphis, TN 38120
```