UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LIVINGSOCIAL MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) | Misc. Action No. 1:11-mc-0472 (ESH) MDL No. 2254 |
| This Document Relates To:<br><br>ALL CASES | ) ) ) ) ) | DATE: March 7, 2013<br>TIME: 9:30 a.m.<br>JUDGE: Honorable Ellen S. Huvelle |

**DECLARATION OF PHONG L. TRAN IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE COURT'S FEBRUARY 12, 2013 ORDER AND OPPOSITION TO OBJECTIONS**

817305_1

I, PHONG L. TRAN, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and am permitted to practice before this MDL proceeding. I am associated with the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), one of the counsel of record for plaintiffs in the above-entitled action. I submit this declaration in support of the Plaintiffs' Response to the Court's February 12, 2013 Order and Opposition to Objections. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. My firm, Robbins Geller, and the firm of Cuneo Gilbert & LaDuca, LLP ("Cuneo Gilbert") ("Class Counsel"), have been principally involved in the prosecution of the above-entitled Action and for the negotiation of the Settlement Agreement and Release ("Settlement").[1] On October 25, 2012, the Court preliminarily approved the Parties' Settlement and appointed Robbins Geller and Cuneo Gilbert as Class Counsel for the Settlement Class.

3. My firm, Robbins Geller, is also as Class Counsel for the Settlement Class in *In re Groupon Marketing and Sales Practices Litigation*, No. 3:11-md-02238-DMS-RBB ("*Groupon*"), a class action before United States District Court Judge Dana M. Sabraw of the Southern District of California.

4. While the above-captioned action and *Groupon* both ostensibly involve claims concerning the marketing and sale of "Daily Deal" vouchers bearing expiration dates and other alleged restrictions, the actions are significantly different in terms of their relative merits and the form and manner of relief provided under the respective settlements of those actions. Perhaps the most significant distinction between the two actions is the presence of mandatory arbitration and

---

[1] All capitalized terms herein have the same meaning as in the Settlement Agreement and Release submitted to this Court on October 19, 2012 (Dkt. No. 24-1). All "§" or "§§" references are to the Settlement.

class action waiver provisions in Groupon's terms and conditions, which defendants contend would be enforceable under the United States Supreme Court's decisions in *CompuCredit Corp. v. Greenwood*, ___ U.S. ___, 132 S. Ct 65, 668-69 (2012), and *AT&T Mobility LLC v Concepcion*, ___ U.S. ___, 131 S. Ct. 1740, 1753 (2011), among other decisions.

5. Therefore, from the outset of the *Groupon* litigation, plaintiffs were confronted by the looming threat that defendants would compel them to individual mandatory arbitration, which, had such motion been granted, would have effectively terminated the litigation and foreclosed any type of class-wide relief in that case. In *Groupon*, the parties were focused on the potential application of the arbitration and class action waiver provisions, and discovery was strictly limited to those issues by the court before any other proceedings occurred.

6. Class Counsel, on behalf of plaintiffs and class members in *Groupon*, considered the significant risk of individual mandatory arbitration, among other factual and legal circumstances specific to that case, in negotiating and crafting the settlement relief that was ultimately achieved for the settlement class. Under the *Groupon* settlement, qualified class members with expired and unredeemed vouchers may submit a claim for a "Settlement Voucher" redeemable for the goods and services at the specific merchant designated on the original voucher at the value of the original purchase price. If the class member is subsequently unable to redeem his or her Settlement Voucher because the merchant is out of business or refuses to honor the Settlement Voucher, the class member may file another claim for a cash refund from the Settlement Fund of: (i) the purchase amount if the Merchant Partner has gone out of business; or (ii) the purchase amount plus an additional 20% of the promotional value of the original Groupon Voucher if the Merchant Partner refuses to honor the Settlement Voucher. Moreover, after each class member's request for a refund is processed and paid, if funds remain after such payments are made, the claims administrator in *Groupon* will send out a second class notice advising class members of a "Second Settlement Fund"

that will be used to pay additional requests from class members for refunds based on purchases of Groupon vouchers after December 1, 2011.

7. The claims procedure set forth under the proposed Settlement in this Action is significantly different from that in *Groupon*. The claims process has already begun in this case, and Class members have had the opportunity to submit claims. Assuming final approval is granted here, qualified Class Members will be able to receive their cash refunds in a relatively short amount of time, as the Settlement requires that they be paid no later than 45 calendar days after the final judgment becomes non-appealable. In *Groupon*, on the other hand, notice of the commencement of the claims process will not even issue until 14 days after the settlement is finally approved and final judgment becomes non-appealable. Given that appeals are pending and that this claims processing notice has not issued, the potential for protracted delay in *Groupon* is significant.

8. Class Counsel agreed to a fee and expense award of $2,125,000 – an amount which represents 25% of the common fund and which was significantly *less* than their actual lodestar amount of $2.9 million. The negotiated fee amount in *Groupon* does not includes the substantial work that Class Counsel took on after settlement was achieved, such as obtaining final approval, overseeing claims administration, responding to class member inquiries, and responding to any objections and related appeals – further work for which Class Counsel will not receive any compensation. Class Counsel were willing to take a significant discount on their attorneys' fees to settle *Groupon* for the benefit of the class.

9. As notice of the claim process in *Groupon* has not yet issued, there has been no distribution of the Settlement Fund in that case. Even though the claims period has not started in *Groupon*, class members were allowed to file claims early if they wished. Based on data provided by the *Groupon* claims administrator as of February 20, 2013, 61,245 claims have been submitted, for a total claimed purchase price value of $2,428,867.

10. Attached hereto as Exhibit 1 is a true and correct copy of the Informal Objection of David Beeching, dated November 24, 2012.

11. Attached hereto as Exhibit 2 is a true and correct copy of the Informal Objection of Penny Gibson, dated November 25, 2012.

12. Attached hereto as Exhibit 3 is a true and correct copy of the Informal Objection of Heather Bateman, dated November 26, 2012.

13. Attached hereto as Exhibit 4 is a true and correct copy of the Informal Objection of Joyce Schones, dated November 26, 2012.

14. Attached hereto as Exhibit 5 is a true and correct copy of Appendix A to the Notice of Motion and Motion to Compel Discovery From Objector Hull (Dkt. No. 1089-1 at 12-22) in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 3:07cv05944SC (N.D. Cal.) ("*In re Cathode*").

15. Attached hereto as Exhibit 6 is a true and correct copy of Dkt. 15859 in *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D. La.) ("*In re Chinese Drywall Products*").

16. Attached hereto as Exhibit 7 is a true and correct copy of Dkt. 16357 in *In re Chinese-Drywall Products*.

17. Attached hereto as Exhibit 8 is a true and correct copy of Dkt. 16570 in *In re Chinese-Drywall Products*.

18. Attached hereto as Exhibit 9 is a true and correct copy of the Order Granting Final Approval of Settlement with Chunghwa Picture Tubes, Ltd. (Dkt. No. 1105) in *In re Cathode*.

19. Attached hereto as Exhibit 10 is a true and correct copy of the October 7, 2009 Order Regarding Terry Healy's Objection and Motion to Intervene in *Mussman v. Wal-Mart Stores, Inc.*, No. LACV-27486 (Iowa Dist. Ct., Clinton Cty.).

817305_1

- 5 -

20. Attached hereto as Exhibit 11 is a true and correct copy of the Objection filed by Mr. Bandas using Jeremy de la Garza as the objector (Dkt. No. 97) in *Bobowski v. Clearwire Corp.*, No. C10-1859 JLR (W.D. Wash. 2010).

21. Attached hereto as Exhibit 12 is a true and correct copy of Dkt. No. 75 in *Batmanghelich v. Sirius XM Radio Inc et al*, No. 2:09cv9190 (C.D. Cal.) ("*Batmanghelich*").

22. Attached hereto as Exhibit 13 is a true and correct copy of Dkt. No. 94 in *Batmanghelich*.

23. Attached hereto as Exhibit 14 is a true and correct copy of Dkt. No. 100 in *Batmanghelich*.

24. Attached hereto as Exhibit 15 is a true and correct copy of Dkt. No. 105 in *Batmanghelich*.

25. Attached hereto as Exhibit 16 is a true and correct copy of the Amended Stipulation of Class Action Settlement in *Groupon*, submitted to the court on October 25, 2012.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of February, 2013, at San Diego, California.

_____
PHONG L. TRAN

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 25, 2013.

                         s/ John J. Stoia, Jr.
                         JOHN J. STOIA, JR.

                         ROBBINS GELLER RUDMAN
                           & DOWD LLP
                         655 West Broadway, Suite 1900
                         San Diego, CA 92101-3301
                         Telephone: 619/231-1058
                         619/231-7423 (fax)

                         E-mail: jstoia@rgrdlaw.com

817305_1

# Mailing Information for a Case  1:11-mc-00472-ESH-AK IN RE: LIVINGSOCIAL MARKETING AND SALES PRACTICES LITIGATION- MDL NO. 2254

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William H. Anderson**
  wanderson@cuneolaw.com,halunen@halunenlaw.com

- **Christopher A. Bandas**
  cbandas@bandaslawfirm.com

- **Jonathan Stephen Burns**
  jburns@wklawyers.com

- **Jay S. Carlson**
  JayCarlson.legal@gmail.com

- **Christopher Robert Carney**
  christopher.carney@cgi-law.com

- **Michelle C. Doolin**
  mdoolin@cooley.com,bambrose@cooley.com

- **Christopher B Durbin**
  cdurbin@cooley.com

- **Christopher M. Ellis**
  cellis@brelaw.com

- **Shaun Van Eyk**
  shaun@vaneyk-moore.com

- **Sean P. Gillespie**
  sean.gillespie@cgi-law.com

- **Craig Alan Guthery**
  cguthery@cooley.com

- **Kenan Lee Isitt**
  kenan.isitt@cgi-law.com

- **Rachel L. Jensen**
  rachelj@rgrdlaw.com

- **Michael Joseph Klisch**

mklisch@cooley.com,bnelson@cooley.com

- **Charles J. LaDuca**
  charlesl@cuneolaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com

- **Michael G. Rhodes**
  mrhodes@cooley.com,rlopez@cooley.com,pmoyes@cooley.com

- **Myles A. Schneider**
  myles@maschneider.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Patricia N Syverson**
  psyverson@bffb.com

- **Michael Ross Tein**
  tein@lewistein.com

- **Darcie Tilly**
  dtilly@cooley.com

- **Phong L. Tran**
  ptran@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
FREDERIC FLETCHER
30025 Alicia Parkway
Apartment G340
Laguna Niguel, CA 92677

MICHELLE MELTON
1570 Lake Druze
Cardiff, CA 92007

CERY PERLE
13590 Jog Road
Suite C-6
Delray Beach, FL 33446

KATHARINE TRAYLOR SCHAFFZIN
1362 Poplar Ridge Drive
Memphis, TN 38120
```