UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re LIVINGSOCIAL MARKETING AND SALES PRACTICE LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES<br>11-cv-0745, Forshey v. Living Social Inc.,<br>11-cv-1208, Miller v. LivingSocial Inc.,<br>11-cv-1533, Pullman v. Hungry Machine, Inc.,<br>11-cv-1532, Gosling v. Hungry Machine, Inc.,<br>11-cv-1535, Abbott v. Hungry Machine, Inc., and<br>11-cv-1697, Schultz v. Hungry Machine, Inc. | Misc. Action No. 11-mc-0472(ESH)<br>MDL Docket No. 2254 |

**FINAL JUDGMENT**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Final Judgment incorporates by reference the defined terms in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Settlement Class Members.

3. For the reasons set forth in the accompanying Memorandum Opinion, the Settlement of this Action on the terms set forth in the Settlement Agreement, along with the Exhibits thereto, proposed by the Parties has been approved by this Court.

4. In that Memorandum Opinion, the Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3),

defined as: "All persons in the United States who purchased or received any Deal Voucher prior to October 1, 2012."

5. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the class definition above are Settlement Class Members.

6. The list of Persons excluded from the Settlement Class because they timely filed valid requests for exclusion is attached hereto as Exhibit A. Persons who filed timely, completed requests for exclusion are not bound by this Final Judgment or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against Defendants. However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

7. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed requests for exclusion are thus Settlement Class Members who are bound by this Final Judgment and by the terms of the Settlement Agreement.

8. The Net Settlement Fund shall, according to the timeline stated in Section 2.2 of the Settlement Agreement, be distributed to the Authorized Claimants whose claims have been accepted by the Settlement Administrator in proportion to their respective accepted claims.

9. Class Counsel is hereby awarded $1,350,000 in fees and $43,297.18 costs. Payment shall be made to Robbins Geller Rudman & Dowd LLP out of the Attorneys' Fees and Costs Fund pursuant to the timeline stated in Section 2.5 of the Settlement Agreement.

10. Plaintiffs Melissa Forshey, Dawn Abbott, and Cara Lauer are hereby awarded $2,500 (two thousand five hundred dollars) each as an incentive award. Plaintiffs Sarah Gosling, Mandy Miller, Kimberly Pullman, Barrie Arliss, and Amy Schultz, are hereby awarded $500

(five hundred dollars) each as an incentive award.  Payment shall be made pursuant to in Section 2.6 of the Settlement Agreement.

11. The residual funds remaining in the Settlement Fund ($4,157,947.68) shall be disbursed as *cy pres* distributions divided equally between National Consumers League and Consumers Union.

12. The Court hereby dismisses with prejudice the Action, all actions consolidated into the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

13. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

14. Any appeal that is limited to the award of attorneys' fees and costs to Class Counsel shall not affect the finality of any other portion of this Final Judgment or delay the Final Settlement Date of the Agreement.

15. The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith, in the following cases:

    11-cv-0745, *Forshey v. Living Social Inc*.
    11-cv-1208, *Miller v. LivingSocial Inc*.
    11-cv-1533, *Pullman v. Hungry Machine, Inc*.
    11-cv-1532, *Gosling v. Hungry Machine, Inc*.
    11-cv-1535, *Abbott v. Hungry Machine, Inc*.
    11-cv-1697, *Schultz v. Hungry Machine, Inc*.

**SO ORDERED.**

DATE: March 22, 2013

                      /s/
          ELLEN SEGAL HUVELLE
          United States District Judge