UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re LIVINGSOCIAL MARKETING AND SALES PRACTICE LITIGATION ) ) ) ) | ) ) ) Misc. Action No. 11-mc 0472(ESH) |
| This Document Relates To: ) ) ALL CASES ) ) | MDL No. 2254 |

### MEMORANDUM OPINION & ORDER

On March 22, 2013, this Court issued a Memorandum Opinion granting the parties' Joint Motion for Final Approval of the Class Action Settlement and Plaintiffs' Motion for Class Certification and granting a substantially reduced request by plaintiffs for attorneys' fees and expenses.[1] Carney Gillespie Isitt PLLP ("CGI") and Carlson Legal ("Carlson"), two of the twelve law firms that worked on the case, now ask the Court "to make additional findings regarding the attorney fee apportionment process among co-counsel," citing their "grave concerns that without Court intervention, lead counsel will deprive our co-counsel firms of even a minimally reasonable attorney fee." (*See* Motion and Statement of Points and Authorities Pursuant to Rule 52(b) for Additional Findings Regarding Non-Lead Counsel Attorney Fees [ECF No. 45] ("CGI Motion") at 1.)

---

[1] As explained in the Court's Memorandum Opinion, plaintiffs' counsel requested $3 million in attorneys' fees, but the Court only granted $1.35 million in fees plus $43,297.18 in costs. *See In re LivingSocial Marketing and Sales Practice Litigation*, 2013 WL 1181489, at *12, 21 (D.D.C. Mar. 22, 2013).

1

In response to several class members' objections, this Court has already noted its disinclination to involve itself in the internecine dispute among counsel over fees, writing in its March 22 Memorandum Opinion:

> As for the lack of specificity as to fee division among plaintiffs' counsel, that is not the Court's concern. *See Bowling v. Pfizer*, 102 F.3d 777, 781 (6th Cir. 1996) ("As long as class and special counsel are paid only what their collective work is worth, their distributions among themselves, even if done in a manner unrelated to the services a particular counsel has performed for the class, will in no way harm the class or negatively impact the fund from which the class's benefit is measured[.]").

CGI and Carlson have provided no compelling reason for the Court to reverse course at this late stage.

First, there is no legal authority for the Court to intervene as requested by counsel. CGI and Carlson have cited two cases in which the topic of attorneys' fees was addressed, but the cases do not stand for the propositions that they suggest. Contrary to their contention, *Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994), does not demonstrate how "[c]ourts will intervene when lead counsel refuses to provide [] reasonable recovery." (CGI Motion at 4.) Rather, in that shareholder class action, the Tenth Circuit reversed a district court's decision to eliminate a special master's allocation of 10% of fees to non-lead counsel. *See Gottlieb*, 43 F.3d at 489. Lead counsel in that case was never responsible for fee distribution, because each law firm submitted its individual fee request directly to the court. *See id.* at 481, 484. By contrast, all plaintiffs' counsel in the instant case, including CGI and Carlson, signed a settlement agreement that delegated the task of fee distribution to lead counsel, as discussed below. (*See* Settlement Agreement and Release [ECF No. 24-1] ("Settlement Agreement") § 2.5(d).) Thus, the procedural posture of *Gottlieb* was entirely different, as was the basis for the attorneys' applications

to the court. Nor are CGI and Carlson helped by the Tenth Circuit's assessment: "we fail to see why the work of counsel later designated as class counsel should be fully compensated while the work of counsel who were not later designated class counsel, but on whose shoulders class counsel admittedly stood, should be wholly uncompensated." *Gottlieb,* 43 F.3d at 489. Simply put, there is no suggestion here that Carlson and CGI will be left "wholly uncompensated." *Id.*

CGI and Carlson also cite *In re: Cendant Corp. Sec. Litig.*, 404 F.3d 173 (3d Cir. 2005), in which the Third Circuit addressed the effect of the Private Securities Litigation Reform Act of 1995 ("PLSRA") on non-lead class counsel. *Id*. at 180. Of course, the instant case is not a securities case and thus does not fall under the PSLRA. Furthermore, the Third Circuit asserted in *Cendant* that "[t]he paramount goal . . . is to give the lead plaintiff, not the court, authority over class counsel." *Id*. at 199. Accordingly, the Court held that "any attorney who wishes to be compensated out of the plaintiff class's recovery in a class action governed by the PSLRA must submit his fee requests to the PSLRA lead plaintiff, and that the district court should accord a presumption of correctness to lead plaintiff's decision that such an attorney is not entitled to fees." *Id*. at 199. Thus, to the extent that this case is relevant at all, despite arising in the PSLRA context, it counsels courts to *refrain* from intervening in fee disputes.

Second, it bears noting that the work in this case is not complete, as several objectors have filed appeals that remain pending. (*See* Notice of Appeal, *In re LivingSocial Marketing and Sales Practices Litigation*, No. 13-7059 (D.C. Cir. Apr. 23, 2013) (consolidated with No. 13-7062 on May 1, 2013).) As long as plaintiffs' counsel

continue to work on the case, there can be no argument regarding the fairness of the apportionment of fees.

Third, the settlement agreement in this case, to which all plaintiffs' counsel agreed, provides explicitly that the lead firms of Robbins Geller Rudman & Dowd LLP and Cuneo Gilbert & LaDuca LLP "shall have joint control over and responsibility . . . to distribute any payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under the Settlement." (*See* Settlement Agreement § 2.5(d).) It is a little late for counsel to decide that they are not satisfied with those terms, and if they do seek to undo that agreement, a Rule 52(b) motion is surely not the way to do it.

For the reasons stated above, it is hereby ORDERED that CGI and Carlson's motion is DENIED.

                                                  /s/
                                 ELLEN SEGAL HUVELLE
                                 United States District Judge

DATE: July 18, 2013